JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
CG ROXANE LLC, a California limited liability company

## DEFENDANTS
FIJI WATER COMPANY LLC., a Delaware limited liability company; FIJI WATER COMPANY HOLDINGS LLC, a Delaware limited liability company; PARAMOUNT INTERNATIONAL EXPORT, LTD., a Cayman Islands Company Limited by Shares, and DOES 1 through 20, inclusive.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)
San Francisco County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Rubinstein Law Group, PC; 116 New Montgomery Street, Suite 742; San Francisco, California 94105

ATTORNEYS (IF KNOWN)
unknown

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [x] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ]110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ]610 Agriculture | [ ]422 Appeal 28 USC 158 | [ ]400 State Reapportionment |
| [ ]120 Marine | [ ]310 Airplane / [ ]362 Personal Injury Med Malpractice | [ ]620 Other Food & Drug | [ ]423 Withdrawal 28 USC 157 | [ ]410 Antitrust |
| [ ]130 Miller Act | [ ]315 Airplane Product Liability | [ ]625 Drug Related Seizure of Property 21 USC 881 | | [ ]430 Banks and Banking |
| [ ]140 Negotiable Instrument | [ ]365 Personal Injury Product Liability | [ ]630 Liquor Laws | **PROPERTY RIGHTS** | [ ]450 Commerce/ICC Rates/etc. |
| [ ]150 Recovery of Overpayment & Enforcement of Judgment | [ ]320 Assault Libel & Slander / [ ]368 Asbestos Personal Injury Product Liability | [ ]640 RR & Truck | | [ ]460 Deportation |
| [ ]151 Medicare Act | [ ]330 Federal Employers Liability | [ ]650 Airline Regs | [ ]820 Copyrights | [ ]470 Racketeer Influenced and Corrupt Organizations |
| [ ]152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ]340 Marine / PERSONAL PROPERTY | [ ]660 Occupational Safety/Health | [ ]830 Patent | [ ]480 Consumer Credit |
| | [ ]345 Marine Product Liability / [ ]370 Other Fraud | [ ]690 Other | [x]840 Trademark | [ ]490 Cable/Satellite TV |
| [ ]153 Recovery of Overpayment of Veteran's Benefits | [ ]350 Motor Vehicle / [ ]371 Truth In Lending | **LABOR** | **SOCIAL SECURITY** | [ ]810 Selective Service |
| [ ]160 Stockholders Suits | [ ]355 Motor Vehicle Product Liabiltiy / [ ]380 Other Personal Property Damage | [ ]710 Fair Labor Standards Act | [ ]861 HIA (1395ff) | [ ]850 Securities/Commodities/Exchange |
| [ ]190 Other Contract | [ ]360 Other Personal Injury / [ ]385 Property Damage Product Liability | [ ]720 Labor/Mgmt Relations | [ ]862 Black Lung (923) | [ ]875 Customer Challenge 12 USC 3410 |
| [ ]195 Contract Product Liability | | [ ]730 Labor/Mgmt Reporting & Disclosure Act | [ ]863 DIWC/DIWW (405(g)) | [ ]891 Agricultural Acts |
| [ ]196 Franchise | | [ ]740 Railway Labor Act | [ ]864 SSID Title XVI | [ ]892 Economic Stabilization Act |
| | | [ ]790 Other Labor Litigation | [ ]865 RSI (405(g)) | [ ]893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ]791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ]894 Energy Allocation Act |
| [ ]210 Land Condemnation | [ ]441 Voting / [ ]510 Motion to Vacate Sentence Habeas Corpus: | | [ ]870 Taxes (US Plaintiff or Defendant) | [ ]895 Freedom of Information Act |
| [ ]220 Foreclosure | [ ]442 Employment / [ ]530 General | | [ ]871 IRS - Third Party 26 USC 7609 | [ ]900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ]230 Rent Lease & Ejectment | [ ]443 Housing / [ ]535 Death Penalty | | | |
| [ ]240 Torts to Land | [ ]444 Welfare / [ ]540 Mandamus & Other | | | [ ]950 Constitutionality of State Statutes |
| [ ]245 Tort Product Liability | [ ]440 Other Civil Rights / [ ]550 Civil Rights | | | |
| [ ]290 All Other Real Property | [ ]445 Amer w/ disab - Empl / [ ]555 Prison Condition | | | [ ]890 Other Statutory Actions |
| | [ ]446 Amer w/ disab - Other | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
15 U.S.C. 1125 - Defendants infringed on Plaintiff's federally registered Trademark in violation of the Lanham Act.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 128,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: 4/25/07

SIGNATURE OF ATTORNEY OF RECORD

**ORIGINAL**

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

1  **Rubinstein Law Group**
   **A Professional Law Corporation**
2  Yano Rubinstein, Cal. Bar No. 214277
3  Trevor A. Caudle, Cal. Bar No. 232294
   116 New Montgomery Street, Suite 742
4  San Francisco, California 94105
   Telephone:  (415) 277-1900
5  Facsimile:   (415) 277-1919
   yrubinstein@rublaw.com
6

7
   Attorneys for Plaintiff,
8  CG Roxane LLC

9                    UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORIA

11 | CG ROXANE LLC, a California limited      | Case No.   2258
12 | liability company,                       |
                                              | **COMPLAINT FOR:**   BZ
13 |            Plaintiff,                    |
                                              | (1) Federal Trademark Infringement;
14 |    v.                                    | (2) Federal Unfair Competition;
15 |                                          | (3) Federal Dilution of Famous Mark;
   | FIJI WATER COMPANY LLC., a Delaware      | (4) California Dilution and Trademark
16 | limited liability company; FIJI WATER    |     Infringement;
   | COMPANY HOLDINGS LLC, a Delaware         | (5) California Unfair Competition;
17 | limited liability company; PARAMOUNT     | (6) Common Law Injury to Business
18 | INTERNATIONAL EXPORT, LTD., a            |     Reputation;
   | Cayman Islands Company Limited by Shares,| (7) Conversion
19 | and DOES 1 through 20, inclusive,        | (8) Intentional Interference with Prospective
                                              |     Economic Advantage
20 |                                          | (9) Negligent Interference with Prospective
   |            Defendants                    |     Economic Advantage
21 |                                          | (10) False Advertising
22 |                                          | (11) Intentional Misrepresentation
                                              | (12) Negligent Misrepresentation
23 |                                          |
24 |                                          | DEMAND FOR JURY TRIAL

-1-

COMPLAINT

# INTRODUCTION

Plaintiff, CG Roxane LLC, a California limited liability company ("CG Roxane" or "Plaintiff") and by its undersigned attorneys, as and for its Complaint herein alleges, upon knowledge as to itself and its own actions, and upon information and belief as to all other matters, as follows:

# NATURE OF THE ACTION

1. By this action, CG Roxane LLC, the famous maker of Crystal Geyser brand bottled water, seeks to halt ongoing violations of its trademark rights and recover from FIJI WATER COMPANY LLC., a Delaware limited liability company, FIJI WATER COMPANY HOLDINGS LLC and PARAMOUNT INTERNATIONAL EXPORT, LTD., a Cayman Islands Company Limited by Shares (collectively "FIJI" and/or "Defendants") all damages allowable by law. As further alleged below, Defendants have manufactured, offered for sale, advertised, and sold in this judicial district a substantial amount of bottles of water which openly imitate a federally registered trademark that Plaintiff has used for many years in conjunction with the marketing and sale of its Crystal Geyser brand bottled water.

2. The harm to Plaintiff and consumers from Defendants' conduct is manifest. For over fifteen (15) years Plaintiff, through its predecessor in interest, has manufactured and sold its famous Crystal Geyser "Bottled at the Source" branded bottled water. Each year, Plaintiff and Plaintiff's predecessor in interest have spent millions of dollars in advertising and marketing to build up the considerable goodwill it enjoys in its trademark and its reputation with customers for fine quality products. The popularity of Plaintiff's products and the value of Plaintiff's trademark have suffered and will continue to suffer if Defendants are permitted to continue to manufacture and sell bottles of water that infringe Plaintiff's trademark.

3. Defendants should be enjoined from continuing their infringement and dilution of CG Roxane's marks, and should disgorge their profits to CG Roxane from sales of infringing products and compensate CG Roxane for its damages.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

4. Jurisdiction is proper pursuant to 20 U.S.C. § 1331, and supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendants transact business in this district and a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of this action, is situated in this District.

6. Intra-District assignment is appropriate in any division of the Northern District pursuant to Civil Local Rule 3-2, as this is an "Intellectual Property Action."

## PARTIES

7. Plaintiff CG Roxane LLC is a California limited liability company, with its principal place of business in San Francisco, California. CG Roxane manufactures and sells bottled water under the well-known brand "Crystal Geyser" throughout the United States and the world.

8. CG Roxane LLC is the owner by assignment of all right, title and interest in United States Trademark Registration No. 2,779,047 for the trademark BOTTLED AT THE SOURCE (the "Mark") issued on November 4, 2003 by the United States Patent and Trademark Office ("USPTO").

9. CG Roxane is informed and believes and on that basis alleges that Defendant FIJI WATER COMPANY LLC is a Delaware limited liability company located at 11444 West Olympic Boulevard, 10th Floor; Los Angeles, California 90064. CG Roxane is informed and believes and on that basis alleges that FIJI WATER COMPANY LLC manufacturers, markets, distributes and sells bottled water under the brand name "FIJI" in this judicial district and throughout the United States and the world. CG Roxane is further informed and believes that FIJI WATER COMPANY LLC has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

-3-

COMPLAINT

1  10. CG Roxane is informed and believes and on that basis alleges that Defendant FIJI
2  WATER COMPANY HOLDINGS LLC is a Delaware limited liability company located at 11444
3  West Olympic Boulevard, 10th Floor; Los Angeles, California 90064. CG Roxane is informed and
4  believes and on that basis alleges that FIJI WATER COMPANY HOLDINGS LLC
5  manufacturers, markets, distributes and sells bottled water under the brand name "FIJI" in this
6  judicial District and throughout the United States and the world. CG Roxane is further informed
7  and believes that FIJI WATER COMPANY HOLDINGS LLC has authorized, directed, and/or
8  actively participated in the wrongful conduct alleged herein.
9  11. CG Roxane is informed and believes and on that basis alleges that Defendant
10 PARAMOUNT INTERNATIONAL EXPORT, LTD., is a Cayman Islands Company Limited by
11 Shares located at 11444 West Olympic Boulevard, 10th Floor; Los Angeles, California 90064. CG
12 Roxane is informed and believes and on that basis alleges that PARAMOUNT
13 INTERNATIONAL EXPORT, LTD. manufacturers, markets, distributes and sells bottled water
14 under the brand name "FIJI" in this judicial District and throughout the United States and the
15 world. CG Roxane is further informed and believes that PARAMOUNT INTERNATIONAL
16 EXPORT, LTD. has authorized, directed, and/or actively participated in the wrongful conduct
17 alleged herein.
18 12. The true names and capacities, whether individual, corporate, associate,
19 representative, or otherwise, of Defendants named herein as DOES 1 through 20 are unknown to
20 Plaintiff at this time, and they are therefore sued by such fictitious names. Plaintiff will amend
21 this Complaint to allege the true names and capacities of DOES 1 through 20 when Plaintiff
22 knows them. Each of DOES 1 through 20 is in some manner legally responsible for the violations
23 of law alleged herein.
24 13. Each defendant designated herein as a DOE is responsible in some manner for the
25 events and happenings herein referred to, and caused injury and damages as herein alleged.
26 Plaintiff will seek leave of court to amend this Complaint to set forth the true names and capacities
27 of such named Defendants when their identities become known.
28

## STATEMENT OF FACTS

14.     An actual controversy of a justiciable nature exists between Plaintiff and Defendants involving Defendants' unauthorized use of Plaintiff's federally registered trademark in conjunction with the marketing and sale of the formers' directly competing products. A true and correct copy of the Certificate of Registration for BOTTLED AT THE SOURCE is attached hereto as **Exhibit A**.

15.     CG Roxane marks its products with a trademark that is famous around the world. For many years CG Roxane has annually spent great amounts of time, money and effort advertising and promoting the products on which its trademark is used and has sold many millions of these products all over the world, including throughout the United States and California. Through this investment and large sales, CG Roxane has created considerable goodwill and a reputation for quality products. CG Roxane, through its predecessor in interest, continuously used the Mark for many years to distinguish its products.

16.     CG Roxane's trademark for BOTTLED AT THE SOURCE is federally registered and in full force and effect and exclusively owned by CG Roxane. CG Roxane has continuously used the Mark, from the registration date or earlier, until the present and during all times relevant to CG Roxane's claims.

17.     CG Roxane is informed and believes and on that basis alleges that Defendants have in the past, and continue to manufacture, source, market and/or sell FIJI bottled water using a mark that is confusingly similar to CG Roxane's registered trademark. On information and belief, Defendants also infringe Plaintiff's trademark in conjunction with Defendants' online advertising and website as well as their telephone answering system which consumers encounter when Defendants' are using the phrase "Bottled at Source", an example of which is attached hereto as **Exhibit B**.

18.     CG Roxane is informed and believes and on that basis alleges that Defendants have manufactured, marketed, distributed, and/or sold substantial quantities of products bearing "Bottled at Source", and have obtained and continue to obtain substantial profits thereby.

19. Despite Plaintiff's demand that Defendants cease using Plaintiff's intellectual property, Defendants have failed and refused, and continue to fail and refuse to cease using Plaintiff's intellectual property to Plaintiff, thereby proximately causing Plaintiff to suffer, and continue to suffer, damages in an amount according to proof at trial.

20. Defendants' actions have caused and will cause CG Roxane irreparable harm for which money damages and other remedies are inadequate. Unless Defendants are restrained by this Court, Defendants will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to CG Roxane by, among other things:

   a. Depriving CG Roxane of its statutory rights to use and control use of its trademark;
   b. Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing products;
   c. Causing the public falsely to associate CG Roxanne with Defendants or vice versa;
   d. Causing incalculable and irreparable damage to CG Roxane's goodwill and diluting the capacity of its trademarks to differentiate CG Roxane products from others; and
   e. Causing CG Roxane to lose sales of its genuine bottled water products.

21. Accordingly, in addition to other relief sought, CG Roxane is entitled to preliminary and permanent injunctive relief against Defendants and all persons acting in concert with them.

### FIRST CLAIM

**Federal Trademark Infringement**

**(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

22. Plaintiff incorporates and re-alleges paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

23. Without CG Roxane's consent, Defendants have used, in connection with the sale, offering for sale, distribution and/or advertising of Defendants' goods, words that infringe upon CG Roxane's federally registered trademark BOTTLED AT THE SOURCE.

24. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, and/or deception, and are in violation of 14 U.S.C. § 1114.

25. Defendant FIJI knowingly utilized words that are confusingly similar to Plaintiff's trademark BOTTLED AT THE SOURCE, in conjunction with the marketing and sale of its competing products including, but not limited to, FIJI brand bottled water, without Plaintiff's authorization.

26. Plaintiff is informed and believes, and thereon alleges, that in doing the things alleged herein, Defendants acted with malice, oppression and/or fraud, as those terms are defined in Section 3294 of the California Civil Code, and Plaintiff therefore seeks and is entitled to recover an award of punitive and exemplary damages against the Defendants, and each of them, in an amount to be determined by the trier of fact.

27. Defendants' infringement of CG Roxane's trademark as alleged herein is an exceptional case and was intentional, entitling CG Roxane to treble its actual damages and to an award of attorney's fees under 15 U.S.C. § 1117(a) and § 1117(b).

28. As a direct and proximate cause of Defendants' unauthorized use of Plaintiff's Trademark, Plaintiff has been damaged in an amount according to proof at trial.

## SECOND CLAIM

**Federal Unfair Competition – False Designation of Origin and False Description**

**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

29. Plaintiff incorporates and re-alleges paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

30. Defendants' use of words and terms falsely describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1). Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of CG Roxane and in violation of 15 U.S.C. § 1125(a)(1).

31. As a direct and proximate cause of Defendants' unauthorized use of Plaintiff's Trademark, Plaintiff has been damaged in an amount according to proof at trial.

### THIRD CLAIM

**Federal Dilution of Famous Mark – Federal Trademark Dilution Act of 1995**

**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

32. Plaintiff incorporates and re-alleges paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

33. CG Roxane's BOTTLED AT THE SOURCE trademark is distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

34. Defendants' activities have diluted the distinctive quality of CG Roxane's trademark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

35. CG Roxane is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

36. Because Defendants willfully intended to trade on CG Roxane's reputation and/or to cause dilution of CG Roxane's famous trademark, CG Roxane is entitled to damages, extraordinary damages, attorney's fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

37. As a direct and proximate cause of Defendants' unauthorized use and dilution of Plaintiff's Trademark, Plaintiff has been damaged in an amount according to proof at trial.

### FOURTH CLAIM

**California Dilution and Trademark Infringement**

**(Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)**

38. Plaintiff incorporates and re-alleges paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

39. Defendants' infringement of CG Roxane's federally registered trademark is likely to cause consumer confusion and dilution of CG Roxane's trademark in violation of California Business and Professions Code §§ 14320, 14330, and 14335.

40. Defendants infringed and diluted CG Roxane's trademark with knowledge and intent to cause confusion, mistake or deception.

41. Plaintiff is informed and believes, and thereon alleges, that in doing the things alleged herein, Defendants acted with malice, oppression and/or fraud, as those terms are defined in Section 3294 of the California Civil Code, and Plaintiff therefore seeks and is entitled to recover an award of punitive and exemplary damages against the Defendants, and each of them, in an amount to be determined by the trier of fact.

42. Pursuant to California Business & Professions Code § 14340, CG Roxane is entitled to injunctive relief and damages in the amount of three times Defendants' profits and three times all damages suffered by CG Roxane by reason of Defendants' manufacture, use, display and/or sale of infringing goods.

## FIFTH CLAIM

### California Unfair Competition

### (Cal. Bus. & Prof. Code § 17200)

43. Plaintiff incorporates and re-alleges paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

44. Defendants' infringement of CG Roxane's trademark constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business and Professions Code § 17200.

45. As a consequence of Defendants' actions, CG Roxane is entitled to injunctive relief and an order that Defendants disgorge all profits on the manufacture, use, display and/or sale of infringing goods.

## SIXTH CLAIM

### Common Law Injury to Business Reputation

46. Plaintiff incorporates and re-alleges paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

47.    Defendants' use of the CG Roxane trademark inures and creates a likelihood of injury to CG Roxane's business reputation because persons encountering Defendants and their products and services will believe that Defendants are affiliated with or related to or have the approval of CG Roxane, and any adverse reaction by the public to Defendants and the quality of their products and the nature of their business will injure the business reputation of CG Roxane and the goodwill that it enjoys in connection with its BOTTLED AT THE SOURCE trademark.

### SEVENTH CLAIM
### Conversion

48.    Plaintiff incorporates and re-alleges paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

49.    At all relevant times, Plaintiff was the owner by assignment of the US Trademark Registration for the Mark BOTTLED AT THE SOURCE.

50.    Plaintiff is entitled to immediate possession of Plaintiff's property, including intellectual property. Despite Plaintiff's demand that Defendants cease using Plaintiff's intellectual property, Defendants have failed and refused, and continue to fail and refuse to cease using and/or return Plaintiff's property to Plaintiff, thereby proximately causing Plaintiff to suffer, and continue to suffer, damages in an amount according to proof at trial.

51.    As alleged hereinabove, Defendants have exercised, and continue to exercise, wrongful dominion and control over and has unlawfully converted, and continues to unlawfully convert, Plaintiff's Property.

52.    Plaintiff is informed and believes, and thereon alleges, that in doing the things alleged herein, Defendants acted with malice, oppression and/or fraud, as those terms are defined in Section 3294 of the California Civil Code, and Plaintiff therefore seeks and is entitled to recover an award of punitive and exemplary damages against the Defendants, and each of them, in an amount to be determined by the trier of fact.

53.    Plaintiff is informed and believes, and thereon alleges, that Defendants will continue their wrongful conversion of Plaintiff's intellectual property, thereby causing Plaintiff to

1  suffer, and continue to suffer, irreparable harm for which damages would be an inadequate remedy
2  unless the Court grants preliminary and permanent injunctive relief to Plaintiff ordering
3  Defendants to immediately cease using Plaintiff's intellectual property. Plaintiff therefore seeks
4  and is entitled to such preliminary and permanent injunctive relief ordering Defendants to
5  immediately cease using Plaintiff's intellectual property.

## EIGHTH CLAIM

**Intentional Interference With Prospective Economic Advantage**

54. Plaintiff incorporates and re-alleges paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

55. At all relevant times, Plaintiff had economic relationships with customers with the probability of future economic benefit to Plaintiff.

56. Plaintiff is informed and believes, and thereon alleges, that in doing the things alleged herein, including, without limitation, knowingly and willfully utilizing words and terms that are confusingly similar to and infringe Plaintiff's Mark BOTTLED AT THE SOURCE in conjunction with the marketing and sale of competing products including, but not limited to, FIJI brand bottled water, without Plaintiff's authorization, Defendants' caused economic harm to Plaintiff by wrongfully diverting customers to the products manufactured and sold by Defendants.

57. Plaintiff is informed and believes, and thereon alleges, that as a result of the wrongful conduct by Defendants as alleged herein, there has been actual disruption of Plaintiff's above-alleged economic relationships, and that as a direct, proximate result Plaintiff has suffered, and continues to suffer, damages in an amount to be determined by the trier of fact according to proof.

58. Plaintiff is informed and believes, and thereon alleges, that in doing the things alleged herein, Defendants acted with malice, oppression and/or fraud, as those terms are defined in Section 3294 of the California Civil Code, and Plaintiff therefore seeks and is entitled to recover an award of punitive and exemplary damages against the Defendants, and each of them, in an amount to be determined by the trier of fact.

59. Plaintiff is informed and believes, and thereon alleges, that unless restrained by the Court, Defendants threaten to and will continue to wrongfully intentionally interfere with Plaintiff prospective economic advantages and relationships with customers, and Plaintiff will thereby suffer and continue to suffer irreparable harm for which there is no adequate legal remedy. Plaintiff therefore seeks and is entitled to preliminary and permanent injunctive relief restraining Defendants from intentionally interfering with Plaintiff's prospective economic advantages and relationships with customers.

## NINTH CLAIM

### Negligent Interference With Prospective Economic Advantage

60. Plaintiff incorporates and re-alleges paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

61. At all relevant times, Plaintiff had economic relationships with customers with the probability of future economic benefit to Plaintiff.

62. Plaintiff is informed and believes, and thereon alleges, that in negligently utilizing words and terms that are confusingly similar to and infringe Plaintiff's Mark BOTTLED AT THE SOURCE in conjunction with the marketing and sale of competing products including, but not limited to, FIJI brand bottled water, without Plaintiff's authorization, Defendants' caused economic harm to Plaintiff by negligently diverting customers to the products manufactured and sold by Defendants.

63. Plaintiff is informed and believes, and thereon alleges, that as a result of the wrongful conduct by Defendants as alleged herein, there has been actual disruption of Plaintiff's above-alleged economic relationships, and that as a direct, proximate result Plaintiff has suffered, and continues to suffer, damages in an amount to be determined by the trier of fact according to proof.

64. Plaintiff is informed and believes, and thereon alleges, that unless restrained by the Court, Defendants may continue to interfere with Plaintiff prospective economic advantages and relationships with customers, and Plaintiff will thereby suffer and continue to suffer irreparable

1 harm for which there is no adequate legal remedy. Plaintiff therefore seeks and is entitled to
2 preliminary and permanent injunctive relief restraining Defendants from interfering with
3 Plaintiff's prospective economic advantages and relationships with customers.

## TENTH CLAIM

### False Advertising

**(Cal. Bus. & Prof. Code § 17500; Lanham Act 15 U.S.C. § 1125)**

65. Plaintiff incorporates and re-alleges paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

66. This action is brought under § 17500, the False Advertising Act, of the California Business and Professions Code as well as § 43(a) of the Lanham Act, 15 U.S.C.A. § 1125.

67. Defendants offer for sale products including, but not limited to FIJI brand bottled water while knowingly utilizing words and terms that are confusingly similar to and infringe Plaintiff's Trademark BOTTLED AT THE SOURCE without authorization of any kind or scope. In doing so, Defendants misrepresented, and continue to misrepresent, the nature, characteristics and qualities of Defendants' products.

68. Defendants' statements described in the immediately preceding paragraph are false because Defendants' products are not associated with Plaintiff's products and are not authorized to be sold under the auspices of Plaintiff's Trademark.

69. Defendants' misrepresentations in the referenced statements were disseminated to the public at large as they were accessible on Defendants' website and on the infringing product itself. On information and belief, potential purchasers of Defendants' products as well as Plaintiff's products, were actually deceived or tended to be deceived by these statements.

70. Defendants' misrepresentations are likely to influence the purchasing decisions of the persons to whom they was disseminated

71. Defendants' misrepresentations were made in commerce.

72. Defendants' misrepresentations are likely to cause Plaintiff harm by damaging Plaintiff's reputation and the reputation of Plaintiff's products.

73. Defendants' misrepresentations injured Plaintiff by causing Plaintiff to lose customers and sales, resulting in business losses in an amount not yet precisely ascertainable but including, the loss of sales of its products, and the loss to its reputation and goodwill – the amount of which will be proven at trial.

## ELEVENTH CLAIM

### Intentional Misrepresentation

74. Plaintiff incorporates and re-alleges paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

75. Defendants' intentionally misrepresented to the public that they were associated with Plaintiff by knowingly utilizing words and terms that are confusingly similar to and infringe Plaintiff's Mark BOTTLED AT THE SOURCE in conjunction with the marketing and sale of the formers' competing products including, but not limited to, FIJI brand bottled water, without Plaintiff's authorization.

76. Plaintiff is informed and believes, and thereon alleges, that as a result of the wrongful conduct by Defendants as alleged herein and as a direct, proximate result Plaintiff has suffered, and continues to suffer, damages in an amount to be determined by the trier of fact according to proof at trial.

77. Plaintiff is informed and believes, and thereon alleges, that in doing the things alleged herein, Defendants acted with malice, oppression and/or fraud, as those terms are defined in Section 3294 of the California Civil Code, and Plaintiff therefore seeks and is entitled to recover an award of punitive and exemplary damages against the Defendants, and each of them, in an amount to be determined by the trier of fact.

78. Plaintiff is informed and believes, and thereon alleges, that unless restrained by the Court, Defendants threaten to and will continue to intentionally misrepresent that Defendants' products are associated with those of Plaintiff, and Plaintiff will thereby suffer and continue to suffer irreparable harm for which there is no adequate legal remedy. Plaintiff therefore seeks and

1  is entitled to preliminary and permanent injunctive relief restraining Defendants from intentionally
2  misrepresenting their non-existent affiliation with Plaintiff and Plaintiff's products.

## TWELFTH CLAIM
### Negligent Misrepresentation

6  79.  Plaintiff incorporates and re-alleges paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

8  80.  Defendants' negligently misrepresented to the public that they were associated with Plaintiff by knowingly utilizing words and terms that are confusingly similar to and infringe Plaintiff's Mark BOTTLED AT THE SOURCE in conjunction with the marketing and sale of the formers' competing products including, but not limited to, FIJI brand bottled water, without Plaintiff's authorization.

13  81.  Plaintiff is informed and believes, and thereon alleges, that as a result of the wrongful conduct by Defendants as alleged herein and as a direct, proximate result, Plaintiff has suffered, and continues to suffer, damages in an amount to be determined by the trier of fact according to proof.

## PRAYER

Wherefore, Plaintiff prays for relief against each of the Defendants as follows:

1.  Adjudge that CG Roxane's trademark has been infringed by Defendants in violation of CG Roxane's rights under common law, 15 U.S.C. § 1114, and/or California law;

2.  Adjudge that Defendants have competed unfairly with CG Roxane in violation of CG Roxane's rights under common law, 15 U.S.C. § 1125(a), and/or California law;

3.  Adjudge that Defendants' activities are likely to dilute, or have diluted, CG Roxane's famous trademark in violation of CG Roxane's rights under common law, 15 U.S.C. § 1125(c), and/or California law;

4.  Adjudge that Defendants and each of their agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with any

of them, and/or any person(s) acting for, with, by, through or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

    a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods that display any words or symbols that so resemble CG Roxane's trademark as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for CG Roxane, including without limitation any product that bears Defendants' words and terms or any other similar approximation of CG Roxane's trademark.

    b. Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or their goods with CG Roxane or as to the origin of Defendants' goods, or any false designation of origin, false or misleading description or representation of fact;

    c. Further infringing the rights of CG Roxane in and to its trademark or otherwise damaging CG Roxane's goodwill or business reputation;

    d. Otherwise competing unfairly with CG Roxane in any manner; and

    e. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

5. Adjudge that Defendants be required immediately to supply CG Roxane's counsel with a complete list of individuals and entities from whom or which they purchased, and to whom or which they sold, offered for sale, distributed, advertised and/or promoted, infringing products as alleged in this Complaint;

6. Adjudge that Defendants be required immediately to deliver to CG Roxane's counsel their entire inventory of infringing products, including without limitation bottles containing the infringing language, packaging, labeling, advertising and promotional material and all plates, patterns, molds, matrices and/or other material for producing or printing such items, that are in Defendants' possession or subject to their control and that infringes CG Roxane's trademark as alleged in this Complaint;

1  7. Adjudge that Defendants, within thirty (30) days after service of the judgment
2  demanded herein, be required to file with this Court and serve upon CG Roxane's counsel a
3  written report under oath setting forth in detail the manner in which they have complied with the
4  judgment;

5  8. Adjudge that CG Roxane recover from Defendants its damages and lost profits in
6  an amount to be proven at trial;

7  9. Adjudge that Defendants be required to account for any profits that are attributable
8  to their illegal acts, and that CG Roxane be awarded the greater of (1) three times Defendants'
9  profits or (2) three times any damages sustained by CG Roxane, under 15 U.S.C. § 1117, plus
10  prejudgment interest;

11  10. Order an accounting of and impose a constructive trust on all of Defendants' funds
12  and assets that arise out of Defendants' infringing activities;

13  11. Adjudge that Defendants be required to pay CG Roxane punitive damages for their
14  oppression, fraud, malice, and gross negligence, whether grounded on proof of actual damages
15  incurred by CG Roxane or on proof of Defendants' infringing activities;

16  12. Adjudge that CG Roxane be awarded its costs and disbursements incurred in
17  connection with this action, including CG Roxane's reasonable attorney's fees and investigative
18  expenses; and

19  13. Adjudge that all such other relief be awarded to CG Roxane as this Court deems is
20  just and proper.

21  **DEMAND FOR JURY TRIAL**

22  Plaintiff hereby demands trial by jury and, to that end, will post jury fees.

23

24  Dated: April 25, 2007        By: _____
25                               Yano L. Rubinstein, Esq.
                                 Trevor A. Caudle, Esq.
26                               Rubinstein Law Group
                                 A Professional Law Corporation
27                               Attorneys for Plaintiff
28                               CG Roxane LLC

-17-