1  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
2  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
3  Los Angeles, California 90067-4120
   Telephone:  310-282-2000
4  Facsimile:   310-282-2200

5  ANDREW E. ASCH (SBN 198857)
   aasch@roll.com
6  SARAH C. ABBOTT (SBN 231863)
   sabbott@roll.com
7  ROLL INTERNATIONAL CORPORATION-LEGAL DEPT.
   11444 West Olympic Boulevard, 10th Floor
8  Los Angeles, California  90064-1557
   Telephone:  310-966-5700
9  Facsimile:   310-966-5758

10 Attorneys for Defendants
   FIJI WATER COMPANY LLC, FIJI
11 WATER COMPANY HOLDINGS
   LLC, and PARAMOUNT
12 INTERNATIONAL EXPORT LTD.

13

14                 UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                      SAN JOSE DIVISION

17

18 CG ROXANE LLC, a California limited )   Case No.  C-07-2258-RMW
   liability company,                  )
19                                      )   ANSWER AND COUNTERCLAIMS
                                        )   OF DEFENDANTS FIJI WATER
20            Plaintiff,                )   COMPANY LLC, FIJI WATER
                                        )   COMPANY HOLDINGS LLC, AND
21         v.                           )   PARAMOUNT INTERNATIONAL
                                        )   EXPORT, LTD. TO THE
22 FIJI WATER COMPANY LLC, a            )   COMPLAINT OF PLAINTIFF CG
   Delaware limited liability company; FIJI )   ROXANE LLC
23 WATER COMPANY HOLDINGS              )
   LLC, a Delaware limited liability    )   DEMAND FOR JURY TRIAL
24 company; PARAMOUNT                   )
   INTERNATIONAL EXPORT, LTD., a        )
25 Cayman Islands Company Limited by    )
   Shares; and DOES 1 through 20,       )
26 inclusive,                           )
                                        )
27            Defendants.               )
   _____ )
28 FIJI WATER COMPANY LLC, a            )

   LA1651884.4                              DEFENDANTS ANSWER AND COUNTER
   207102-10007                             CLAIMS TO THE COMPLAINT OF
                                            PLAINTIFF CG ROXANE LLC

1  Delaware limited liability company; FIJI )
   WATER COMPANY HOLDINGS )
2  LLC, a Delaware limited liability )
   company; PARAMOUNT )
3  INTERNATIONAL EXPORT, LTD., a )
   Cayman Islands Company Limited by )
4  Shares; and DOES 1 through 20, )
   inclusive, )
5                                                )
                  Counterclaimant, )
6                                                )
          v.                                     )
7                                                )
   CG ROXANE LLC, a California limited )
8  liability company, )
                                                 )
9                 Counterdefendant. )
                                                 )
10                                               )
                                                 )
11                                               )
   _____ )
12

13       **ANSWER AND COUNTERCLAIMS TO THE COMPLAINT**

14                    **OF CG ROXANE LLC**

15
         In response to the Complaint ("Complaint") of Plaintiff CG Roxane LLC
16
   ("Plaintiff"), answering Defendants Fiji Water Company LLC, Fiji Water Company
17
   Holdings LLC, and Paramount International Export, Ltd. ("Defendants") hereby
18
   deny, admit, and aver as follows:
19
                         **NATURE OF THE ACTION**
20
         1.      Answering Paragraph 1 of Plaintiff's Complaint, Defendants deny each
21
   and every allegation contained therein.
22
         2.      Answering Paragraph 2 of Plaintiff's Complaint, Defendants deny each
23
   and every allegation contained therein.
24
         3.      Answering Paragraph 3 of Plaintiff's Complaint, Defendants deny each
25
   and every allegation contained therein.
26

27

28

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

4.    Answering Paragraph 4 of Plaintiff's Complaint, Defendants admit that jurisdiction is proper pursuant to 20 U.S.C. § 1331, and supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5.    Answering Paragraph 5 of Plaintiff's Complaint, Defendants admit that venue is proper under 28 U.S.C. § 1391(b)(2) because Defendants transact business in this district.

6.    Answering Paragraph 6 of Plaintiff's Complaint, Defendants admit that Intra-District assignment is appropriate in any division of the Northern District pursuant to Civil Local rule 3-2, because this is an "Intellectual Property Action."

**PARTIES**

7.    Answering Paragraph 7 of Plaintiff's Complaint, Defendants are informed and believe, and on that basis admit, that Plaintiff is a California limited liability company, with its principal place of business in San Francisco, California. Defendants are further informed and believe, and on that basis admit, that CG Roxane manufactures and sells bottled water under the brand "Crystal Geyser". Defendants deny each of the remaining allegations contained therein.

8.    Answering Paragraph 8 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8 and, on that basis, deny such allegations.

9.    Answering Paragraph 9 of Plaintiff's Complaint, Defendants admit that Fiji Water Company LLC is a Delaware limited liability company located at 11444 West Olympic Boulevard in Los Angeles, California.  Defendants further admit that Fiji Water Company LLC markets, distributes and/or sells natural artesian water under the brand name "FIJI" in this judicial district and throughout the United States.  Defendants deny each of the remaining allegations contained therein.

10.    Answering Paragraph 10 of Plaintiff's Complaint, Defendants admit that Fiji Water Company Holdings LLC is a Delaware limited liability company

3

located at 11444 West Olympic Boulevard in Los Angeles, California.  Defendants deny each of the remaining allegations contained therein.

11.    Answering Paragraph 11 of Plaintiff's Complaint, Defendants admit that Paramount International Export, Ltd. is a Cayman Islands Company Limited by shares.  Defendants deny each of the remaining allegations contained therein.

12.    Answering Paragraph 12 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

13.    Answering Paragraph 13 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

## STATEMENT OF FACTS

14.    Answering Paragraph 14 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

15.    Answering Paragraph 15 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15 and, on that basis, deny such allegations.

16.    Answering Paragraph 16 of Plaintiff's Complaint, Defendants admit that Plaintiff's trademark for BOTTLED AT THE SOURCE is federally registered. Defendants deny each of the remaining allegations contained therein.

17.    Answering Paragraph 17 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

18.    Answering Paragraph 18 of Plaintiff's Complaint, Defendants admit that they have manufactured, marketed, distributed, and/or sold Fiji Water bearing the descriptive phrase "Bottled at Source."  Defendants deny each of the remaining allegations contained therein.

19.    Answering Paragraph 19 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

20.    Answering Paragraph 20 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

1   21.   Answering Paragraph 21 of Plaintiff's Complaint, Defendants deny
2  each and every allegation contained therein.

3  ## FIRST CLAIM

4  ### Federal Trademark Infringement

5  ### (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

6   22.   Answering Paragraph 22 of Plaintiff's Complaint, Defendants
7  incorporate by reference each and every denial, admission and averment of
8  paragraphs 1 through the immediately preceding paragraph as though fully set forth
9  herein.

10   23.   Answering Paragraph 23 of Plaintiff's Complaint, Defendants deny
11  each and every allegation contained therein.

12   24.   Answering Paragraph 24 of Plaintiff's Complaint, Defendants deny
13  each and every allegation contained therein.

14   25.   Answering Paragraph 25 of Plaintiff's Complaint, Defendants deny
15  each and every allegation contained therein.

16   26.   Answering Paragraph 26 of Plaintiff's Complaint, Defendants deny
17  each and every allegation contained therein.

18   27.   Answering Paragraph 27 of Plaintiff's Complaint, Defendants deny
19  each and every allegation contained therein.

20   28.   Answering Paragraph 28 of Plaintiff's Complaint, Defendants deny
21  each and every allegation contained therein.

22  ## SECOND CLAIM

23  ### Federal Unfair Competition – False Designation of Origin and False
24  ### Description

25  ### (15 U.S.C. § 1125(a); Lanham Act § 43 (a))

26   29.   Answering Paragraph 29 of Plaintiff's Complaint, Defendants
27  incorporate by reference each and every denial, admission and averment of

28

1  paragraphs 1 through the immediately preceding paragraph as though fully set forth
2  herein.

3      30.    Answering Paragraph 30 of Plaintiff's Complaint, Defendants deny
4  each and every allegation contained therein.

5      31.    Answering Paragraph 31 of Plaintiff's Complaint, Defendants deny
6  each and every allegation contained therein.

7  ### THIRD CLAIM

8  **Federal Dilution of Famous Mark – Federal Trademark Dilution Act of 1995**
9  **(15 U.S.C. §§ 1125(c); Lanham Act §42(c))**

10     32.    Answering Paragraph 32 of Plaintiff's Complaint, Defendants
11  incorporate by reference each and every denial, admission and averment of
12  paragraphs 1 through the immediately preceding paragraph as though fully set forth
13  herein.

14     33.    Answering Paragraph 33 of Plaintiff's Complaint, Defendants deny
15  each and every allegation contained therein.

16     34.    Answering Paragraph 34 of Plaintiff's Complaint, Defendants deny
17  each and every allegation contained therein.

18     35.    Answering Paragraph 35 of Plaintiff's Complaint, Defendants deny
19  each and every allegation contained therein.

20     36.    Answering Paragraph 36 of Plaintiff's Complaint, Defendants deny
21  each and every allegation contained therein.

22     37.    Answering Paragraph 37 of Plaintiff's Complaint, Defendants deny
23  each and every allegation contained therein.

24  ### FOURTH CLAIM

25  **California Dilution and Trademark Infringement**
26  **(Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)**

27     38.    Answering Paragraph 38 of Plaintiff's Complaint, Defendants
28  incorporate by reference each and every denial, admission and averment of

1  paragraphs 1 through the immediately preceding paragraph as though fully set forth

2  herein.

3        39.    Answering Paragraph 39 of Plaintiff's Complaint, Defendants deny

4  each and every allegation contained therein.

5        40.    Answering Paragraph 40 of Plaintiff's Complaint, Defendants deny

6  each and every allegation contained therein.

7        41.    Answering Paragraph 41 of Plaintiff's Complaint, Defendants deny

8  each and every allegation contained therein.

9        42.    Answering Paragraph 42 of Plaintiff's Complaint, Defendants deny

10  each and every allegation contained therein.

11                        **FOURTH CLAIM**

12                   **California Unfair Competition**

13                **(Cal. Bus. & Prof. Code § 17200)**

14        43.    Answering Paragraph 43 of Plaintiff's Complaint, Defendants

15  incorporate by reference each and every denial, admission and averment of

16  paragraphs 1 through the immediately preceding paragraph as though fully set forth

17  herein.

18        44.    Answering Paragraph 44 of Plaintiff's Complaint, Defendants deny

19  each and every allegation contained therein.

20        45.    Answering Paragraph 45 of Plaintiff's Complaint, Defendants deny

21  each and every allegation contained therein.

22                        **SIXTH CLAIM**

23             **Common Law Injury to Business Reputation**

24        46.    Answering Paragraph 46 of Plaintiff's Complaint, Defendants

25  incorporate by reference each and every denial, admission and averment of

26  paragraphs 1 through the immediately preceding paragraph as though fully set forth

27  herein.

28

47.    Answering Paragraph 47 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

## SEVENTH CLAIM

### Conversion

48.    Answering Paragraph 48 of Plaintiff's Complaint, Defendants incorporate by reference each and every denial, admission and averment of paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

49.    Answering Paragraph 49 of Plaintiff's Complaint, Defendants admit that Plaintiff currently owns by assignment the US Trademark Registration for the Mark BOTTLED AT THE SOURCE.  Defendants deny each of the remaining allegations contained therein.

50.    Answering Paragraph 50 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

51.    Answering Paragraph 51 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

52.    Answering Paragraph 52 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

53.    Answering Paragraph 53 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

## EIGHTH CLAIM

### Intentional Interference With Prospective Economic Advantage

54.    Answering Paragraph 54 of Plaintiff's Complaint, Defendants incorporate by reference each and every denial, admission and averment of paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

55.     Answering Paragraph 55 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 55 and, on that basis, deny such allegations.

56.     Answering Paragraph 56 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

57.     Answering Paragraph 57 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

58.     Answering Paragraph 58 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

59.     Answering Paragraph 59 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

## NINTH CLAIM

### Negligence Interference With Prospective Economic Advantage

60.     Answering Paragraph 60 of Plaintiff's Complaint, Defendants incorporate by reference each and every denial, admission and averment of paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

61.     Answering Paragraph 61 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 61 and, on that basis, deny such allegations.

62.     Answering Paragraph 62 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

63.     Answering Paragraph 63 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

64.     Answering Paragraph 64 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

## TENTH CLAIM

### False Advertising

### (Cal. Bus. & Prof. Code § 17500; Lanham Act 15 U.S.C. § 1125)

65.     Answering Paragraph 65 of Plaintiff's Complaint, Defendants incorporate by reference each and every denial, admission and averment of paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

66.     Answering Paragraph 66 of Plaintiff's Complaint, Defendants have no response to this paragraph as no response appears to be necessary.  To the extent that paragraph 66 sets forth allegations to which a response is appropriate, Defendants admit that Plaintiff is asserting claims under § 17500 of the California Business and Professions Code as well as § 43(a) of the Lanham Act 15 U.S.C.A. § 1125.

67.     Answering Paragraph 67 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

68.     Answering Paragraph 68 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

69.     Answering Paragraph 69 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

70.     Answering Paragraph 70 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

71.     Answering Paragraph 71 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

72.     Answering Paragraph 72 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

73.     Answering Paragraph 73 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

## ELEVENTH CLAIM

### Intentional Misrepresentation

74.    Answering Paragraph 74 of Plaintiff's Complaint, Defendants incorporate by reference each and every denial, admission and averment of paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

75.    Answering Paragraph 75 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

76.    Answering Paragraph 76 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

77.    Answering Paragraph 77 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

78.    Answering Paragraph 78 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

79.    Answering Paragraph 79 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

80.    Answering Paragraph 80 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

81.    Answering Paragraph 81 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

82.    The Complaint fails to state facts sufficient to constitute any cause of action upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

83.    Plaintiff's claims are barred by the applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

84.    Plaintiff is estopped from asserting the claims raised in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

85.    Plaintiff's claims are barred by the doctrine of fair use.

**FIFTH AFFIRMATIVE DEFENSE**

**(Descriptive Mark Without Secondary Meaning)**

86.    Trademark Registration No. 2,779,047 alleged in the Complaint was improperly issued by the U.S. Patent and Trademark Office in that said alleged trademark is merely descriptive of the goods of Plaintiff and said mark has not become distinctive of Plaintiff's goods in interstate commerce or obtained secondary meaning sufficient to establish a protectable trademark for Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

**(Genericness)**

87.    Plaintiff is not entitled to the exclusive use in commerce of the Trademark BOTTLED AT THE SOURCE because it is generic.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Consumer Confusion)**

88.    Each of the purported claims set forth in the Complaint is barred in whole or in part because the products manufactured and sold by Defendants are not confusingly similar to goods manufactured and sold by Plaintiff, and no consumers have been or will be confused into believing that goods manufactured and sold by Defendants originate from the same source as goods manufactured and sold by Plaintiff.

1

## EIGHT AFFIRMATIVE DEFENSE

2

### (Abandonment)

3     89.    Plaintiff, through its failure to protect or enforce its trademark rights in

4 BOTTLED AT THE SOURCE, has abandoned all such rights.

5

## NINTH AFFIRMATIVE DEFENSE

6

### (Acquiescence)

7     90.    Plaintiff acquiesced to Defendants' use of the disputed trademark.

8

## TENTH AFFIRMATIVE DEFENSE

9

### (Adequate Remedy at Law)

10    91.    The injunctive relief requested by Plaintiff in the Complaint should be

11 denied because Plaintiff has an adequate remedy at law.

12

## ELEVENTH AFFIRMATIVE DEFENSE

13

### (Reservation of Rights)

14    92.    Defendants cannot fully anticipate all affirmative defenses that may be

15 applicable to this action based upon the conclusory terms used in the Complaint.

16 Accordingly, Defendants expressly reserve the right to assert additional affirmative

17 defenses if and to the extent that such affirmative defenses become applicable.

18     WHEREFORE, Defendants request that:

19         a.  The Complaint be dismiss with prejudice or judgment entered in

20 favor of Defendants;

21         b.  Plaintiff take nothing by reason of its Complaint herein;

22         c.  Defendants be awarded their costs, including reasonable attorneys'

23 fees; and

24         d.  This Court award such other relief as may be just and appropriate

25 under the circumstances.

26

27

28

# COUNTERCLAIM FOR CANCELLATION
# OF TRADEMARK REGISTRATION

## THE PARTIES

1.      Defendant and Counterclaimant Fiji Water Company is a Delaware limited liability company with its principal place of business in Los Angeles, California.

2.      Defendant and Counterclaimant Fiji Water Company Holdings LLC is a Delaware limited liability company with its principal place of business in Los Angeles, California.

3.      Defendant and Counterclaimant Paramount International Export, Ltd. is a Cayman Islands company limited by shares with its principal place of business in the Cayman Islands.

4.      Plaintiff and Counterclaim Defendant CG Roxane LLC ("Roxane") is a California limited liability company with its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

5.      This is an action for cancellation under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq., of U.S. Registration No. 2,779,047 for the mark BOTTLED AT THE SOURCE.

6.      This Court's jurisdiction arises from the fact that this is an action arising under the Trademark Laws of the United States, 15 U.S.C. § 1051-1127, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). Roxane has filed the present lawsuit and there is a justiciable controversy.

7.      A substantial part of the events or omissions giving rise to the claims occurred or will occur in this juridical district, and venue is proper therefore under 28 U.S.C. § 1391 (b) and (c).

DEFENDANTS ANSWER AND COUNTER
CLAIMS TO THE COMPLAINT OF
PLAINTIFF CG ROXANE LLC

## **CANCELLATION OF TRADEMARK REGISTRATION**

8.    Roxane is the owner of United States Trademark Registration No. 2,779,047 for the trademark BOTTLED AT THE SOURCE for bottled water in the United States Patent and Trademark Office.

9.    Roxane has pled Registration No. 2,779,047 in support of its claims in this litigation.

10.    BOTTLED AT THE SOURCE is a generic term describing the origin of Plaintiff's bottled water.  As such, it neither identifies Roxane's goods or services nor distinguishes Roxane's goods or services from those of others.

11.    BOTTLED AT THE SOURCE is descriptive of the goods offered for sale by Roxane and thus cannot serve to identify Roxane as the source of those goods.

12.    The BOTTLED AT THE SOURCE mark has not acquired secondary meaning in the marketplace and thus has not become distinctive.

13.    Roxane's federal trademark registration for BOTTLED AT THE SOURCE was granted less than five years ago.

14.    Defendants have been damaged and are likely to continue to be damaged by registration of the BOTTLED AT THE SOURCE.

15.    Roxane's trademark registration for the term "bottled at the source," Registration No. 2,779,047, must be canceled pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064.

## **PRAYER**

WHEREFORE, Counterclaimants pray that:

1.    This Court order the United States Patent and Trademark Office to cancel Registration No. 2,779,047; and

2.    This Court grant Counterclaimants all other relief this Court deems just and equitable.

1  Dated:  May 29, 2007              LOEB & LOEB LLP
                                     MARK D. CAMPBELL
2

3                                    By:_____/s/_____
                                        Mark D. Campbell
4                                       Attorneys for Defendants
                                        FIJI WATER COMPANY LLC, FIJI
5                                       WATER COMPANY HOLDINGS LLC,
                                        and PARAMOUNT INTERNATIONAL
6                                       EXPORT LTD.

7

8

9                          **DEMAND FOR JURY TRIAL**

10        Defendants and Counterclaimants hereby demand trial by jury in this action

11  pursuant to Federal Rule of Civil Procedure 38(b).

12  Dated:  May 29, 2007         LOEB & LOEB LLP
                                 MARK D. CAMPBELL
13

14                               By:_____/s/_____
                                    Mark D. Campbell
15                                  Attorneys for Defendants
                                    FIJI WATER COMPANY LLC, FIJI
16                                  WATER COMPANY HOLDINGS LLC,
                                    and PARAMOUNT INTERNATIONAL
17                                  EXPORT LTD.

18

19

20

21

22

23

24

25

26

27

28