**Rubinstein Law Group**
**A Professional Law Corporation**
Yano Rubinstein, Cal. Bar No. 214277
Trevor A. Caudle, Cal. Bar No. 232294
116 New Montgomery Street, Suite 742
San Francisco, California 94105
Telephone: (415) 277-1900
Facsimile: (415) 277-1919
yrubinstein@rublaw.com

Attorneys for Plaintiff,
CG Roxane LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORIA

| | |
|---|---|
| CG ROXANE LLC, a California limited liability company,<br><br>                    Plaintiff,<br><br>     v.<br><br>FIJI WATER COMPANY LLC., a Delaware limited liability company; FIJI WATER COMPANY HOLDINGS LLC, a Delaware limited liability company; PARAMOUNT INTERNATIONAL EXPORT, LTD., a Cayman Islands Company Limited by Shares, and DOES 1 through 20, inclusive,<br><br>                    Defendants | Case No. C-07-2258-RMW<br><br>**RESPONSE TO DEFENDANTS' COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATION**<br><br>DEMAND FOR JURY TRIAL |

AND RELATED COUNTERCLAIM

## THE PARTIES

1. Answering Paragraph 1 of Defendants' Counterclaim, Plaintiff is informed and believes, and on that basis admits, that Fiji Water Company is a Delaware limited liability company with its principal place of business in Los Angeles, California.

2. Answering Paragraph 2 of Defendants' Counterclaim, Plaintiff is informed and believes, and on that basis admits, that Fiji Water Company Holdings LLC is a Delaware limited liability company with its principal place of business in Los Angeles, California.

3. Answering Paragraph 3 of Defendants' Counterclaim, Plaintiff is informed and believes, and on that basis admits, that Paramount International Export, Ltd. is a Cayman Islands company limited by shares with its principal place of business in the Cayman Islands.

4. Answering Paragraph 4 of Defendants' Counterclaim, Plaintiff admits that it is a California limited liability company with its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

5. Answering Paragraph 5 of Defendants' Counterclaim, Plaintiff has no response to this paragraph as no response appears to be necessary as there are no factual allegations contained therein. To the extent Paragraph 5 sets forth allegations to which a response is appropriate, Plaintiff admits that Defendants are asserting claims under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq., of U.S. Registration No. 2,779,047 for the mark BOTTLED AT THE SOURCE.

6. Answering Paragraph 6 of Defendants' Counterclaim, Plaintiff admits that the Court has jurisdiction over the Counterclaim and that CG Roxanne LLC has filed the present lawsuit.

7. Answering Paragraph 7 of Defendants' Counterclaim, Plaintiff has no response to this paragraph as no response appears to be necessary as there are no factual allegations contained therein. To the extent Paragraph 7 sets forth allegations to which a response is appropriate, Plaintiff admits that venue is proper.

## CANCELLATION OF TRADEMARK REGISTRATION

8.     Answering Paragraph 8 of Defendants' Counterclaim, Plaintiff admits that it is the owner of United States Trademark Registration No. 2,779,047 for the trademark BOTTLED AT THE SOURCE for bottled water in the United States Patent and Trademark Office.

9.     Answering Paragraph 9 of Defendants' Counterclaim, Plaintiff admits that it has pled Registration No. 2,779,047 in support of its claims in this litigation.

10.    Answering Paragraph 10 of Defendants' Counterclaim, Plaintiff denies each and every allegation contained therein.

11.    Answering Paragraph 11 of Defendants' Counterclaim, Plaintiff denies each and every allegation contained therein.

12.    Answering Paragraph 12 of Defendants' Counterclaim, Plaintiff denies each and every allegation contained therein.

13.    Answering Paragraph 13 of Defendants' Counterclaim, Plaintiff admits each and every allegation contained therein.

14.    Answering Paragraph 14 of Defendants' Counterclaim, Plaintiff denies each and every allegation contained therein.

15.    Answering Paragraph 15 of Defendants' Counterclaim, Plaintiff denies each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Counterclaim fails to state facts sufficient to constitute any claim upon which relief may be granted against Plaintiff.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Counterclaimant had a duty to take reasonable steps to mitigate damages, if any. Counterclaimant failed to take any such steps, delayed in doing so, or took steps that compounded

the alleged damages. Had Counterclaimant timely and diligently taken reasonable steps to mitigate the alleged damages, they would have been reduced. By failing to mitigate, Counterclaimant is barred, in whole or in part, from any relief.

### THIRD AFFIRMATIVE DEFENSE
#### (Waiver)

Counterclaimant is barred from making the claims set forth in the Counterclaim or from recovering damages based thereon because Counterclaimant has waived its right to recover for these claims.

### FOURTH AFFIRMATIVE DEFENSE
#### (Unclean Hands)

The causes of action and claims for relief alleged in the Counterclaim as against Plaintiff are barred, in whole or in part, by the doctrine of unclean hands

### FIFTH AFFIRMATIVE DEFENSE
#### (Lack of Standing)

Counterclaimant lacks standing to sue Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE
#### (Offset)

As a result of the acts, conduct, and omissions of Counterclaimant and its agents, Counterclaimant is indebted to Plaintiff. Plaintiff, therefore, is entitled to an offset in that amount against any monies deemed owing to Counterclaimant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

By reason of Counterclaimants' acts and omissions, Counterclaimant is estopped from recovering damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

Counterclaimants are not entitled to maintain this suit by reason of estoppel by laches as they failed to bring this action within a reasonable time rendering the defense of such an action prejudicial to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

Counterclaimant's counterclaim does not describe the claims made against Plaintiff with sufficient particularity to enable Plaintiff to determine each and every defense it may have. Plaintiff therefore reserves the right to assert all defenses, including affirmative defenses, which may be discovered or become relevant once the precise nature of Counterclaimants' claims have been ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment on this Counterclaim be against Counterclaimants as follows:

1. That Counterclaimants take nothing by reason of its Counterclaim herein;
2. For a Judicial Declaration that Trademark Registration No. 2,779,047 is valid and enforceable;
3. For recovery of costs of suit herein;
4. For recovery of attorney fees incurred herein; and,
5. That the Court grant such other and further relief as it may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury and, to that end, will post jury fees.

Dated: June 18, 2007            By:_____/ylr/_____

                                      Yano L. Rubinstein, Esq.
                                      Trevor A. Caudle, Esq.
                                      Rubinstein Law Group
                                      A Professional Law Corporation
                                      Attorneys for Plaintiff
                                      CG Roxane LLC

RESPONSE TO COUNTERCLAIM