1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Rubinstein Law Group**
**A Professional Law Corporation**
Yano L. Rubinstein, Cal. Bar No.  214277
Trevor A. Caudle, Cal. Bar No. 232294
116 New Montgomery Street, Suite 742
San Francisco, CA  94105
Telephone:     (415) 277-1900
Facsimile:      (415) 277-1919

Attorneys for Plaintiff

**Loeb & Loeb LLP**
Mark D. Campbell, Cal Bar No. 180528
10100 Santa Monica Blvd., Suite 2200
Los Angeles, California 90067-4120
Telephone:     (310) 282-2000
Facsimile:      (310) 282-2200
mcampbell@loeb.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CG ROXANE LLC, a California limited liability company, | Case No. C-07-2258-RMW |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT |
| v. | |
| FIJI WATER COMPANY LLC., a Delaware limited liability company, *et al*, | |
| Defendants | |
| AND RELATED COUNTERCLAIM | |

Plaintiff CG Roxane LLC ("CG Roxane") and Defendants Fiji Water Company LLC, Fiji Water Company Holdings LLC, and Paramount International Export, LTD., ("Defendants") submit the following Joint Case Management Statement and Rule 26(f) Report:

### 1. **JURISDICTION AND SERVICE**

Jurisdiction is proper pursuant to 20 U.S.C. § 1331, and supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.   Venue is proper under 28 U.S.C. §1391(b)(2) because the parties transact business in this district and a substantial part of the events or omissions giving rise to the claim and counterclaim allegedly occurred, or a substantial part of the property that is the subject of this action, is situated in this District. Intra-District assignment is appropriate in any division of the Northern District pursuant to Civil Local Rule 302, as this is an "Intellectual Property Action."

There is no dispute amongst the parties as to the propriety of jurisdiction or venue before this Court.  All parties have been served.

### 2. **FACTS**

This is an action brought by CG Roxane against Defendants for the manufacture and sale of products in commerce that allegedly infringe a trademark owned by CG Roxane.  CG Roxane is the owner by assignment of right, title and interest in United States Registered trademark BOTTLED AT THE SOURCE with registration number 2,779,047 issued by the United States Patent and Trademark Office ("USPTO") on November 4, 2003.  The complaint alleges that Defendants engaged in the sale of bottled water using the mark "BOTTLED AT THE SOURCE" in violation of rights granted to CG Roxane in light of the aforementioned trademark registration. CG Roxane contends that such marketing and sales constitute trademark infringement as well as causes of action for various business torts.  Defendants deny such allegations and raise affirmative defenses and have filed a counterclaim for cancellation of the aforementioned trademark registration as generic and descriptive.

**3.  LEGAL ISSUES**

The principal legal issues in dispute between the parties with respect to CG Roxane's claims against Defendants and the related counterclaim, include, but are not limited to, the following:

1)  Whether Defendants sold products that infringe the trademark held by CG Roxane in violation of 15 U.S.C. §§ 1114-1117;

2)  Whether in selling the products that allegedly infringe the trademark held by CG Roxane, Defendants committed the business torts alleged in the Complaint in violation of California law;

3)  Whether Cancellation of Trademark Registration No. 2,779,047 is appropriate based on the allegations contained in Defendant's counterclaim.

**4.  MOTIONS**

There are no prior or pending motions to date.  Each party may file a Motion for Summary Judgment depending on how the case progresses.

**5.  AMENDMENT OF PLEADINGS**

At this time, there are no anticipated additions of parties, claims, or defenses, nor dismissals of same.

**6.  EVIDENCE PRESERVATION**

Parties have agreed to preserve all relevant data, both hard copies and electronic, that relates to the pending action. [Mr. Campbell, we should discuss this prior to submission.]

**7.  DISCLOSURE**

The parties will serve initial disclosures required by F.R.C.P. 26(a)(1) on or before September 14, 2007.

**8. <u>DISCOVERY</u>**

CG Roxane expects that it will take the deposition of all Defendants pursuant to FRCP 30(b)(6) as well as that of any other percipient witness related to said entities as may be revealed through discovery.  CG Roxane foresees retaining a damages expert as well as a technical and/or trademark expert in order to potentially refute expert opinions offered by damages, technical and/or trademark experts retained by Defendants.  CG Roxane also foresees conducting a survey to show likelihood of consumer confusion.

Defendants anticipate taking the 30(b)(6) deposition of CG Roxane as well as that of any other percipient witness related to CG Roxane as may be revealed through discovery.  Defendants foresee retaining a technical and/or trademark expert and rebuttal experts, as necessary.  The parties also anticipate propounding and responding to standard written discovery requests including Interrogatories, Requests for Admission, and Requests for Production within the applicable limits imposed by the FRCP.

No discovery has taken place by either party to date.

**9. <u>CLASS ACTIONS</u>**

Not applicable to this matter.

**10. <u>RELATED CASES</u>**

There are no known related pending cases or proceedings pending or anticipated at this time.

**11. <u>RELIEF</u>**

CG Roxane requests that Defendants be enjoined and restrained during the pendency of this action, and thereafter permanently from continuing to perform in any manner whatsoever the acts complained of in the Complaint. CG Roxane further seeks to recover from Defendants its damages and lost profits in an amount to be proven at trial, and further to pay CG Roxane punitive damages on proof of Defendants' infringing activities. In addition, CG Roxane seeks fees and

costs related to the counterclaim alleged by Defendants.

Defendants seek the cancellation of trademark registration no. 2,779,047 and to grant all other relief that the Court deems as just and equitable.

**12. <u>SETTLEMENT AND ADR</u>**

The parties have not engaged in any manner of ADR to date. The parties are open to the possibility of settlement, however substantial discovery will likely be required in order for any meaningful ADR to occur.

**13. <u>CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES</u>**

The parties do not consent to a trial before a Magistrate Judge.

**14. <u>OTHER REFERENCES</u>**

The case is not suitable for reference to binding arbitration, a special master, nor the Judicial Panel on Multidistrict Litigation.

**15. <u>NARROWING OF ISSUES</u>**

All parties agree that Defendants have manufactured, marketed, distributed, and/or sold Fiji Water bearing the phrase "bottled at source." Defendants and Plaintiff have also agreed that CG Roxane's trademark "BOTTLED AT THE SOURCE" is federally registered.

All other issues related to the allegation contained in the complaint by CG Roxane and the Counterclaim by Defendant's are in dispute though additional stipulations and resulting narrowing of issues may be possible in the future.

**16. <u>EXPEDITED SCHEDULE</u>**

The parties agree that the issues contained within the complaint and counterclaim would not be appropriately handled on an expedited basis.

**17. <u>SCHEDULING</u>**

Proposed dates:

| | | |
|---|---|---|
| A. | Designation of Experts: | June 2008 |
| B. | Discovery cutoff: | July 2008 |
| C. | Hearing of Dispositive Motions: | August 2008 |
| D. | Pretrial conference: | September 2008 |
| E. | Trial: | October 2008 |

**18. <u>TRIAL</u>**

Counsel for Defendants and Plaintiff request a trial before a jury.  Counsel expects that a jury trial will last seven (7) court days.

**19. <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS</u>**

At present, all known relevant parties are included in the lawsuit or have been disclosed in the previously filed Certification of Interested Entities or Persons filed individually by CG Roxane and Defendants.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    **20. <u>ADDITIONAL MATTERS</u>**

2        No additional matters are known at this time which might facilitate the disposition of this

3    matter.

4

5    Respectfully submitted,

6

7    Dated: August 17, 2007              By:_____/ylr/_____

8

9                                        Yano L. Rubinstein, Esq.
                                         Rubinstein Law Group
10                                       A Professional Law Corporation
                                         Attorneys for Plaintiff
11

12   Dated: August 17, 2007              By:_____/mdc/_____

13

14                                       Mark D. Campbell
                                         Loeb & Loeb LLP
15                                       Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28