1  YANO L. RUBINSTEIN, CAL. BAR NO. 214277
   yrubinstein@rublaw.com
2  TREVOR A. CAUDLE, CAL. BAR NO. 232294
   tcaudle@rublaw.com
3  RUBINSTEIN LAW GROUP
4  A Professional Law Corporation
   116 New Montgomery Street, Suite 742
5  San Francisco, CA  94105
   Telephone:    (415) 277-1900
6  Facsimile:    (415) 277-1919

7

8  DEREK A. ELETICH, CAL. BAR NO. 193393
   derek@eletichlaw.com
9  LAW OFFICE OF DEREK A. ELETICH
   155 Forest Avenue
10 Palo Alto, CA  94301
   Telephone:    (650) 543-5477
11 Facsimile:    (650) 429-2028

12 Attorneys for Plaintiff
   CG ROXANE LLC
13

14                     UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16                              San Jose Division

17 | CG ROXANE LLC, a California limited       ) Case No. C-07-2258-RMW (HRL)
     liability company,                        )
18 |                                           ) **PLAINTIFF'S MEMORANDUM OF**
                                               ) **POINTS AND AUTHORITIES IN**
19 |                Plaintiff,                  ) **SUPPORT OF MOTION TO**
                                               ) **COMPEL FURTHER DISCOVERY**
20 |        v.                                  )
                                               )
21 | FIJI WATER COMPANY LLC, a Delaware        )
     limited liability company; FIJI WATER     )
22 | COMPANY HOLDINGS LLC, a Delaware          ) Date:       April 22, 2008
     limited liability company; PARAMOUNT      ) Time:       10:00 am
23 | INTERNATIONAL EXPORT, LTD., a             ) Courtroom:  2
     Cayman Islands Company Limited by Shares; ) Judge:      Howard R. Lloyd
24 | and DOES 1 through 20, inclusive,         )
                                               )
25 |                Defendants.                 )
                                               )
26 |_____)

27

28

**TABLE OF CONTENTS**

I. INTRODUCTION — Page 1

II. STATEMENT OF RELEVANT FACTS — Page 1

III. ARGUMENT AND DISCOVERY REQUESTS AT ISSUE — Page 3

   A. Defendant's Responses To Interrogatories Are Legally Insufficient And The Court Should Order That Supplemental Responses Be Served — Page 3

   B. Defendant's Responses To Requests For Production Are Legally Insufficient And The Court Should Order That Supplemental Responses Be Served — Page 5

   C. FRCP 30(b)(6) Deposition of Fiji — Page 12

   D. FRCP 26 Initial Disclosures — Page 13

IV. CONCLUSION — Page 14

# TABLE OF AUTHORITIES

Trane Co. v. Klutznick,     Page 3
    87 FRD 473, 476 (WD Wis 1980)

Collins v. JC Penney Life Ins. Co.,     Page 6, 8
    No. 02cv0674-L (LAB) (SD Cal May 5, 2003)

A Farber & Partners, Inc. v. Garber,     Page 10
    234 FRD 186, 188 (CD Cal 2006)

Pulsecard, Inc. v. Discover Card Services, Inc.,     Page 12
    168 FRD 295, 310 (D KS 1996)

## I. INTRODUCTION

By this motion CG Roxane LLC ("Plaintiff" or "CGRX") seeks an order of the Court that Fiji Water Company, LLC's ("FIJI") responses to Requests for Production, Interrogatories and the Notice of Deposition of Fiji Water Company, LLC (the "Deposition Notice") as well as its initial disclosures are insufficient and that consequently, such responses must be supplemented. Defendant's responses to the first round of discovery propounded by Plaintiff in this case do not comply with the Federal Rules of Civil Procedure ("FRCP"). Defendant's responses are ambiguous and equivocal which indicate a complete lack of respect for the discovery process. Defendant is apparently under the impression that it can avoid providing substantive responses and documents by simply delaying its investigation. Despite Plaintiff's good faith efforts to meet and confer on these issues, Fiji's counsel failed to live up to promises made with respect to supplementation during the meet and confer process and therefore Plaintiff was left with no choice but to bring the instant motion.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff CG Roxane LLC filed the instant lawsuit on October 17, 2007. Thereafter, CGRX propounded written discovery to Fiji in the form of its first set of Interrogatories, Requests for Production of Documents and Things, as well as the Deposition Notice. *See* Declaration of Derek Eletich in Support of Plaintiff's Motion to Compel Further Discovery Responses filed concurrently herewith ("Eletich Decl.") at Paragraph 2, Exhibits A, B and C, respectively. On November 30, 2007 Defendant served its responses to Interrogatories and its responses to Requests for Production of Documents and Things. *See* Eletich Decl. at Paragraph 3, Exhibits D and E, respectively. On December 5, 2007, Fiji served its objections to Plaintiff's Notice of Deposition of Defendant FIJI Water Company, LLC. *See* Eletich Decl. at Paragraph 4, Exhibit F.

On January 16, 2008, counsel for CGRX sent a letter to counsel for FIJI outlining various deficiencies with respect to the discovery responses served by FIJI. *See* Eletich Decl. at

Paragraph 5. In response to this letter, counsel for FIJI agreed to a telephonic meet and confer session to take place on January 20, 2008. *Id.* at Paragraph 6. Ultimately this telephonic meet and confer did not take place as FIJI's counsel was not available when counsel for CGRX placed the call. *Id.* Eventually, the telephonic meet and confer session took place and FIJI's counsel agreed to supplement many of Defendant's responses. Specifically, counsel for Defendant agreed that FIJI would (1) supplement a portion of its prior responses; (2) review the other responses with which Plaintiff had taken issue and advise as to which would be supplemented and which would not; and (3) prepare a proposal as to which financial records would be produced by FIJI. *Id.* at Paragraph 7.

On February 29, 2008, Defendant served supplemental responses to both requests for production and interrogatories. *See* Eletich Decl. at Paragraph 8, Exhibits G and H. Counsel for Plaintiff engaged in additional attempts to meet and confer with respect to the deficiencies of these supplemental responses and that Defendant had still failed to supplement many of the original responses. *See* Eletich Decl. at Paragraph 9. Notwithstanding the fact that Defendant's counsel was informed that the instant Motion to Compel would be filed, they failed to further supplement its deficient responses. *Id.*

On or about November 14, 2007, Plaintiff served Defendant with an FRCP 30(b)(6) Notice of Deposition. *See* Eletich Decl. at Paragraph 2, Exhibit C. This deposition notice set forth 42 individual categories of subject areas that would be discussed at the deposition. The deposition took place on December 11 and 12, 2007 and Defendant presented two individuals. *See* Eletich Decl. at Paragraph 10. These two individuals gave testimony on only 19 of the 42 noticed subject areas. *Id.* This is unacceptable as Defendant had received sufficient notice as to the topics that would be discussed. Despite further requests, Defendant has not agreed to identify or produce additional witnesses.

### III. ARGUMENT AND DISCOVERY REQUESTS AT ISSUE

**A.  Defendant's Responses To Interrogatories Are Legally Insufficient And The Court Should Order That Supplemental Responses Be Served**

As stated above, Defendants were properly served with Interrogatories in October of 2007. Despite engaging in substantial meet and confer attempts, Defendant has yet to provide complete responses.

FRCP 33 provides that a party must answer each interrogatory unless an objection is interposed.  That said, even if an objection is stated, a party must respond to the interrogatory to the extent it is able.  Responding parties have an affirmative duty to furnish any and all information available to them which includes the duty to provide all information controlled by them.  *See* <u>Trane Co. v. Klutznick</u>, 87 FRD 473, 476 (WD Wis 1980).  FIJI is the only party with access to the information sought and therefore must provide said information.

Interrogatories Numbers 11 and 14 contained in CGRX's initial set of discovery responses sought information related to the goods and services offered by FIJI as well as the number of customers to which such goods and services were sold.  Interrogatory Number 11 as well as FIJI's response is as follows (the complete requests and responses are attached to the Declaration of Derek Eletich filed concurrently herewith):

**<u>Interrogatory No. 11:</u>**

State all projections and forecasts of sales for any goods or service marketed or sold bearing "Bottled at Source".

**<u>Response to Interrogatory No. 11:</u>**

Defendant incorporates by reference herein its Preliminary Statement and General Objections stated above.  Defendant further objects on grounds that this interrogatory is overbroad in that Defendant does not market or sell any "services" bearing "Bottled at Source" and is overly broad and unduly burdensome in that it is unlimited as to time and scope.  Defendant further objects

on grounds that this interrogatory is vague and ambiguous as to the meaning of the term "projections and forecasts of sales." Defendant further objects on grounds that this interrogatory seeks proprietary, confidential, trade secret, or commercially sensitive information.

Notwithstanding the fact that FIJI agreed to supplement – and did in fact supplement – its responses to a number of other interrogatories, it failed to provide any supplemental response to Interrogatory Number 11 and its original response is devoid of any substantive information. The objections set forth in the response are not well taken. First, FIJI's objection on the basis of confidentiality, trade secret, etc. is inappropriate in light of the Stipulated Protective Order that is in place in this case. *See* Eletich Decl. at Paragraph 11, Exhibit I. There is no basis for FIJI to withhold documents based on trade secret, etc. as the parties have expressly agreed, and the Court has in fact ordered, that disclosure of such documents is required pursuant to the Stipulated Protective Order.

    FIJI's sales are obviously relevant in a case where disgorgement of profits is a potential method for calculating damages. If FIJI does not market "services" (as they state in their objection) using the phrase "Bottled at Source", then they will understandably not have any information to provide. The request is not limited in time due to the fact that *all* of FIJI's sales using the phrase "Bottled at Source" constitute potential damages to Plaintiff. Further, the information required to respond properly is likely contained in basic reports that are maintained by a large company such as FIJI. The sale of FIJI's products which contain the allegedly infringing use of Plaintiff's Mark is a crucial element of Plaintiff's damages in this case. FIJI should be ordered to provide the requested information.

    Interrogatory Number 14 as well as FIJI's response is as follows:

**Interrogatory No. 14:**

    State the number of customers annually to whom Defendant has provided goods bearing "Bottled at Source."

**Response to Interrogatory No. 14:**

Defendant incorporates by reference herein its Preliminary Statement and General Objections stated above. Defendant further objects on grounds that this interrogatory seeks proprietary, confidential, trade secret, or commercially sensitive information. Defendant further objects on grounds that this interrogatory is overly broad and unduly burdensome, in that it is impossible for Defendant to determine with any reasonable precision the number of customers who have received goods bearing the phrase "Bottled at Source."

FIJI likewise failed to supplement its response to Interrogatory Number 14. This interrogatory seeks basic information. Quite simply, Plaintiff wants to know how many customers to which FIJI has sold product. Again, any objection sounding in confidentiality is inappropriate given the Stipulated Protective Order. Presumably FIJI sells its products to distributors whom in turn sell said products to consumers. Thus, FIJI's distributors are its customers. Plaintiff simply wants to know how many distributors FIJI has sold goods to. This cannot be overly or unduly burdensome for FIJI to determine.

FIJI should be ordered to provide supplemental responses to the above-referenced interrogatories as the objections provided thus far are improper and do not excuse FIJI from tendering substantive responses.

B.    **Defendant's Responses To Requests For Production Are Legally Insufficient And The Court Should Order That Supplemental Responses Be Served**

Defendants were served with properly propounded Requests for Production. Defendants' respective responses to those requests fail to comply with FRCP 34 and therefore the Court should require that Defendants immediately supplement their improper Responses to Requests for Production.

FRCP 34 states that a party who is in receipt of Requests for Production must serve "with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, including an objection to the requested form or forms for producing electronically stored information, stating the reasons for the objection." *See* FRCP 34. FRCP 34 permits the inspection, upon request, of any documents in Defendants' "possession, custody or control". FRCP 34. Further, if FIJI objects to a portion of a request for inspection, it must so specify and then permit inspection of the remaining parts. FRCP 24(b). *See also* Collins v. JC Penney Life Ins. Co., No. 02cv0674-L(LAB) (SD Cal May 5, 2003).

If it is the case that Defendants are unable to produce the requested documents, they must state that a diligent search and reasonable inquiry has been made in an effort to locate the item requested and the reason the party is unable to comply with the particular request.

In Plaintiff's January 16, 2008 meet and confer letter, 21 of FIJI's responses to requests for production were addressed. FIJI's supplemental responses resolved some of the deficiencies however a number of the supplemental responses were still inadequate and in most cases FIJI failed to provide any supplementation. What follows is a discussion of each outstanding request for which Plaintiff request the Court order supplementation.

Requests for Production Numbers 3 and 4 are similar and FIJI's objections to both are identical. They are as follows:

**Request for Production No. 3:**

Documents sufficient to establish the nature of the relationship between Defendant and Defendant FIJI WATER COMPANY LLC.

**Response to Request for Production No. 3:**

FWCH[1] ["Fiji Water Company Holdings LLC"] objects to this request on

---

[1] FIJI utilized the acronym FWCH in its discovery responses to indicate "Fiji Water Company Holdings LLC". In the interest of transcribing FIJI's responses verbatim, we have continued to use their acronym.

the grounds that it is overly broad and unduly burdensome. FWCH further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. FWCH further objects to this request to the extent that it seeks proprietary, confidential, trade secret, or commercially sensitive information. Finally, FWCH objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, work product doctrine, and/or other applicable privilege.

**Request for Production No. 4:**

Documents sufficient to establish the nature of the relationship between Defendant and Defendant PARAMOUNT INTERNATIONAL EXPORT, LTD.

**Response to Request for Production No. 4:**

FWCH objects to this request on the grounds that it is overly broad and unduly burdensome. FWCH further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. FWCH further objects to this request to the extent that it seeks proprietary, confidential, trade secret, or commercially sensitive information. Finally, FWCH objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, work product doctrine, and/or other applicable privilege.

First, FIJI objects on the basis of various claims of privilege as well as claims that the responsive documents are protected from disclosure due to the fact that they are "proprietary, confidential, trade secret, or commercially sensitive". As discussed above, any objection based on confidentiality is no longer appropriate in light of the Stipulated Protective Order entered by the

1  Court.[2]  Further, if any documents were withheld based on a claim of any other privilege, such

2  documents must be clearly identified and described on a privilege log.

3       Separate and apart from the above objections, Fiji objects that the request is unduly

4  burdensome and irrelevant.  The inner workings of the Defendant entities in this lawsuit is

5  relevant to the claims and defenses of this case in terms of establishing the liability of each entity

6  relative to the others as well as gaining an understanding as to the corporate structure of these

7  entities – all of which were involved in the manufacture and sale of Fiji brand bottled water.

8  That a request is unduly burdensome and overly broad is an outdated and overly used objection

9  that is, in most cases, without merit.  As entities registered with the State of California, Fiji as

10  well as the other Defendants are obligated to maintain corporate records.  At a minimum, these

11  records should be produced and are, in all likelihood, located in a single file at Fiji and therefore

12  there would be little if any burden.  Further, FIJI cannot simply state that a request is irrelevant.

13  FIJI must justify its objection by stating precisely why it is not relevant.  Collins v. JC Penney

14  Life Ins. Co., No. 02cv0674-L(LAB) (SD Cal May 5, 2003).

**Requests for Production Numbers 9 and 10:**

17       In response to the meet and confer efforts, FIJI did supplement its responses to these two

18  requests.  In said supplemental responses, FIJI states that "Defendant *will* produce all

19  documents…"  In the event a party agrees that responsive documents exist, the written responses

20  provided by the party must be accompanied by production of the documents or electronically

21  stored information responsive to that request.  FRCP 24(b).  Defendant has not produced any

---

[2] For each of the Requests for Production at issue in this motion, FIJI objected on the basis of privilege, trade secret, etc.  Rather than repeat this discussion for each, Plaintiff advises the Court that each such objection is improper under the circumstances and in light of the Stipulated Protective Order.

additional documents. If it is Defendant's contention that they have already produced all responsive documents, they must state that such is the case.

Requests for Production Numbers 50 and 51 are similar and FIJI's objections to both are identical. They are as follows:

**Request for Production No. 50:**

All documents that mention, discuss, evidence, refer to or relate to the established, likely-to-continue trade channels for Defendant's goods bearing "Bottled at Source" including but not limited to, the methods and channels by which Defendant has marketed, sold or offered for sale any good bearing "Bottled at Source."

**Response to Request for Production No. 50:**

FWCH objects to this request on the grounds that it is overly broad and unduly burdensome. FWCH further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. FWCH further objects to this request to the extent that it seeks proprietary, confidential, trade secret, or commercially sensitive information. Finally, FWCH objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, work product doctrine, and/or other applicable privilege.

**Request for Production No. 51:**

All documents that mention, discuss, evidence, refer to or relate to the established, likely-to-continue trade channels for Defendant's goods bearing "Bottled at the Source" including but not limited to, the methods and channels by which Defendant has marketed, sold or offered for sale any good bearing "Bottled at the Source."

**Response to Request for Production No. 51:**

FWCH objects to this request on the grounds that it is overly broad and unduly burdensome. FWCH further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. FWCH further objects to this request to the extent that it seeks proprietary, confidential, trade secret, or commercially sensitive information. Finally, FWCH objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, work product doctrine, and/or other applicable privilege.

Here Plaintiff seeks documents related to FIJI's efforts to market and sell its products with the two phrases at issue in this case. Again, FIJI improperly refuses to comply based on the claim that it is too much work to conduct the necessary investigation. Surely FIJI has numerous documents that relate to the sales of its products containing the phrases at issue. Furthermore, that compliance with a request may be burdensome is not in and of itself sufficient basis to refuse to respond. Also, boilerplate objections at the beginning of a set of responses or to each individual responses are not sufficient to support a refusal to produce documents. The objecting party must submit evidence that a request is unduly burdensome in order to support such an objection. <u>A. Farber & Partners, Inc. v. Garber</u>, 234 FRD 186, 188 (CD Cal 2006). Also, the burden of responding to any give request must be balanced against the documents' value to the case. Here, it is crucial that the Plaintiffs be able to understand the scope of the Defendants' use of "Bottled at Source" and / or "Bottled at the Source" in commerce in order to evaluate both liability for trademark infringement as well as the extent of damages Plaintiff has suffered as a result. There can be no rational argument that the sales of FIJI's products with the marks at issue are not relevant to the claims and defenses of this case and FIJI's objection in that regard is not well taken.

Requests for Production Number 52 through 67 seek financial records that are crucial to Plaintiff's ability to understand and calculate the potential damages in this case. Defendant's objection to each and every one of these requests is identical and is as follows:

**<u>Responses to Requests for Production No. 52 through 67:</u>**

> FWCH objects to this request on the grounds that it is overly broad and unduly burdensome. FWCH further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. FWCH further objects to this request to the extent that it seeks proprietary, confidential, trade secret, or commercially sensitive information. Finally, FWCH objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, work product doctrine, and/or other applicable privilege.

These requests seek electronic and hard copies of documents related to Fiji's financial data for marketing, manufacture, production, and sales of products containing "Bottled at the Source" or "Bottled at Source". These documents are crucial to Plaintiff's ability to assess its damages in this case as a proxy of the sales Fiji has made in the relevant time period. This information is obviously relevant to the claims and defenses at issue in this case and simply requires that Fiji cull its financial archives. These documents are certainly relevant and must be produced. Fiji's only viable claim to withhold this information was based on trade secret and proprietary information, but not that a protective order is in place, there is absolutely no basis to withhold these records.

Requests for Production Number 69 through 71 seek documents containing basic information about Defendant's corporate structure, its members, and its managers. Here again, FIJI provides an identical objection to each request as follows:

**Responses to Requests for Production No. 69 through 71:**

FWCH objects to this request on the grounds that it is overly broad and unduly burdensome. FWCH further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. FWCH further objects to this request to the extent that it seeks proprietary, confidential, trade secret, or commercially sensitive information. Finally, FWCH objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, work product doctrine, and/or other applicable privilege.

These requests seek electronic and hard copies of documents related to Fiji's personnel, including corporate members, managers and line employees which were responsible for the sale, marketing, production, etc. of FIJI products containing the marks at issue in this case. Fiji is an LLC. Therefore it has (and has had) members and managers. FIJI must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests. Pulsecard, Inc. v. Discover Card Services, Inc., 168 FRD 295, 310 (D KS 1996). The objection to these terms being vague and ambiguous is disingenuous as the request is as specific as possible given that "members" and "managers" of an LLC are defined legal terms. Notwithstanding the fact that this meaning was clarified in previous meet and confer efforts, FIJI has refused to supplement its original responses to these requests for production. Plaintiff is entitled to the documents requested in these requests as it must use such documents to discern which personnel potentially have information relevant to the claims and defenses at issue in this case.

**C.  FRCP 30(b)(6) Deposition of Fiji**

Plaintiff's Notice of Deposition of FIJI required FIJI to produce a witness to testify on forty-two matters for examination listed therein. However, at its December 11th and 12th

deposition, FIJI produced two witnesses to testify on just nineteen of the forty-two matters for examination listed in the Notice of Deposition. FIJI was under a duty to designate and produce "one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf" on all of the matters of examination listed in their Notice of Deposition.

When a party "fails to make a designation" in response to a FRCP 30(b)(6) Notice of Deposition, a party may bring a motion to compel. Quite simply, FIJI failed to designate or produce an individual or individuals to speak to 19 specifically enumerated categories. This failure subjects FIJI to a motion to compel pursuant to FRCP 37 et seq. Also, Defendant's failure to produce witnesses capable of speaking to the remaining issues will have substantial detrimental impact on Plaintiff. Once Defendant does identify additional persons to be deposed, Plaintiff will have to incur additional expense by making additional trips to southern California. Had Defendant produced all witnesses when requested, these additional trips would have been unnecessary.

Plaintiff respectfully requests that the Court order FIJI to designate individuals who can speak to the remaining categories of information.

### D. FRCP 26 Initial Disclosures

On November 21, 2007, Plaintiff's counsel sent a letter to Defendant wherein Plaintiff addressed a number of deficiencies with respect to Defendant's initial disclosures.

On September 26, 2007, FIJI served their initial disclosures pursuant to Federal Rule of Civil Procedure 26. Pursuant to the Court's scheduling order, initial disclosures were required to have been exchanged on or before September 14, 2007, however, Plaintiff granted a one week extension at the request of Defendants. Despite the extra time afforded by this extension and despite the fact that Defendants' actually exceeded this extension, the initial disclosures that were received were woefully inadequate and did not comply with FRCP 26.

Specifically, FIJI only listed a single witness and even then failed to provide his contact information or state what information he had that was related to the claims and defenses involved

in this case. Further, the initial disclosures were not accompanied by *any* documents. Appranety, FIJI elected to identify documents rather than produce them. To that end, FIJI simply identified "Defendants promotional, advertising and advertising materials using bottled at source" as a description of the categories of documents with nothing more.

So the *only* categories of documents Defendants could identify that it may use to support its defenses are its own promotional and advertising materials. To say that the provided description of the categories of documents that may be used by Defendants is insufficient in light of the rules would be a gross understatement. What types of advertising and promotional materials are Defendants' referring to? Defendants have not identified any emails (or any other electronically stored information), any memorandums, any contracts, any tangible promotional or advertising materials, or any other documents with sufficient specificity such that Plaintiff can have a meaningful indication of what documents Defendants (or others) may have in their possession, custody or control.

## IV. **CONCLUSION**

For all of the reasons set forth above, Plaintiff respectfully requests that the Court order Defendant FIJI to supplement its Responses to Requests for Production and Responses to Interrogatories on the grounds as set forth herein and as may be presented to the Court at the hearing on the motion. Specifically, Plaintiff requests that the Court order FIJI to supplement its Responses to Interrogatories Numbers 11 and 14 as well as Requests for Production Numbers 3, 4, 9, 10, 50 - 67, 69 – 71. Plaintiff requests that the Court order such supplementation to occur within 7 days of the date of entry of order. Plaintiff also requests that the Court order FIJI to designate additional witnesses for purposes of responding to the remaining 19 categories as

/ / /
/ / /
/ / /
/ / /

contained in the Notice of Deposition. Last, Plaintiff requests that the Court order FIJI to supplement its previously served Initial Disclosures.

Dated: March 17, 2008             By:_____/ylr/_____

                                    Yano L. Rubinstein, Esq.
                                    Rubinstein Law Group, PC
                                    Attorneys for Plaintiff
                                    CG ROXANE LLC