**EXHIBIT A**

1 | YANO L. RUBINSTEIN, CAL. BAR NO. 214277
yano@rublaw.com
2 | TREVOR A. CAUDLE, CAL. BAR NO. 232294
3 | Trevor
@rublaw.com
4 | RUBINSTEIN LAW GROUP
A Professional Law Corporation
5 | 116 New Montgomery Street, Suite 742
San Francisco, CA 94105
6 | Telephone:  (415) 277-1900
7 | Facsimile:  (415) 277-1919

8

9 | DEREK A. ELETICH, CAL. BAR NO. 193393
derek@eletichlaw.com
10 | LAW OFFICE OF DEREK A. ELETICH
155 Forest Avenue
11 | Palo Alto, CA 94301
Telephone:  (650) 543-5477
12 | Facsimile:  (650) 429-2028

13 | Attorneys for Plaintiff
CG ROXANE LLC

14

UNITED STATES DISTRICT COURT

15

NORTHERN DISTRICT OF CALIFORNIA

16

San Jose Division

17

18 | CG ROXANE LLC, a California limited          ) Case No. C-07-2258-RMW
     liability company,                          )
19 |                                              ) **PLAINTIFF'S INTERROGATORIES**
                                                  ) **TO DEFENDANT FIJI WATER**
20 |                Plaintiff,                    ) **COMPANY LLC**
                                                  )
21 |        v.                                    )
                                                  )
22 | FIJI WATER COMPANY LLC, a Delaware          )
     limited liability company; FIJI WATER       )
23 | COMPANY HOLDINGS LLC, a Delaware            )
     limited liability company; PARAMOUNT        )
24 | INTERNATIONAL EXPORT, LTD., a               )
     Cayman Islands Company Limited by Shares;   )
25 | and DOES 1 through 20, inclusive,           )
                                                  )
26 |                Defendants.                   )
                                                  )
27 | _____)

28

---

PLAINTIFF'S INTERROGATORIES TO DEFENDANT FIJI WATER COMPANY LLC
Case No. C-07-2258-RMW

Pursuant to Rule 33 of the FRCivP, Plaintiff CG ROXANE LLC ("Plaintiff") requests Defendant FIJI WATER COMPANY LLC ("Defendant") answer, separately and fully, in writing and under oath the following interrogatories within thirty-three (33) days from service hereof.

## DEFINITIONS

The following definitions and instructions shall apply to each and every one of the following interrogatories, as if fully set forth therein:

1. "Plaintiff" shall mean CG Roxane LLC and any of its officers, directors, employees, agents and representatives and all persons acting or purporting to act on its behalf.

2. "Defendant" shall mean Fiji Water Company LLC and any of its officers, directors, employees, agents and representatives and all persons acting or purporting to act on its behalf.

3. "BOTTLED AT THE SOURCE Mark" shall mean or refer to the mark which is the basis for U.S. Patent and Trademark Office Trademark Registration No. 2,779,047 issued November 22, 2003 for, *inter alia*, bottled water goods.

4. "Relate to" shall mean and include any information concerning, comprising, identifying, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing or pertaining in any way to the subject matter of the discovery request in which such term is used.

## INSTRUCTIONS

1. Each interrogatory is to be answered separately, fully and specifically.

2. Plaintiff hereby requests, pursuant to FRCivP 26(e), that after responding to these interrogatories, Defendant supplement and/or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect.

3. All information requested herein is to be set forth if it is in the possession or control of, or is available or accessible to Defendant or any of its agents, consultants, counsel, investigators, representatives or any other person or persons acting for it or on its behalf.

4. If Defendant cannot respond to any of the following interrogatories in full after exercising due diligence to secure the information to do so, then respond to the extent possible and explain its inability to provide a complete answer. State whatever information or knowledge Defendant has about the unanswered portion of any interrogatory.

5. If any information called for by an interrogatory is withheld on the basis of a claim of privilege set forth the nature of the claimed privilege and the nature of the information with respect to which it is claimed.

6. Whenever an interrogatory requests the identification of a document, the answer shall state the name, address, position, and organization of the author and each recipient of the document, the custodian of the document, the date of the document, and a brief description of the subject matter of the document.

7. Whenever an interrogatory requests the identity of a person, state his or her full name, present or last known address, telephone number, and position of employment at the time in question.

8. Whenever an interrogatory requests the identity of an entity, state its name, address, telephone number, and the type of business in which the entity engages.

9. Whenever an interrogatory seeks a description of an act, transaction, occurrence, dealing or instance, state the date when it occurred, the place where it occurred, the identity of each person participating therein, the person on whose behalf each such person participated or purported to participate, the nature and substance of all communications occurring during, or in connection with the act, transaction, occurrence, dealing or instance, and identity all documents referring thereto or reflecting the act, transaction, occurrence, dealing or instance.

10. Whenever an interrogatory asks for a date, state the exact day, month and year, if ascertainable or, if not, the best approximation thereof.

## INTERROGATORIES

1. Describe in detail the facts and circumstances relating to Defendant's adoption and selection of "Bottled at Source" including, but not limited to, the reasons Defendant adopted and selected "Bottled at Source," when Defendant adopted and selected "Bottled at Source," and all persons involved in the adoption, selection and clearance of "Bottled at Source."

2. Describe in detail the facts and circumstances relating to Defendant's use of "Bottled at Source."

3. Describe in detail the facts and circumstances relating to the marketing, promotion, and advertising of goods and services bearing "Bottled at Source."

4. Identify all instances of actual confusion by consumers between Defendant's "Bottled at Source" and Plaintiff's "BOTTLED AT THE SOURCE Mark.

5. Identify any and all comments, inquiries, questions, correspondence, or statements from any person or entity regarding Plaintiff.

6. State all facts which evidence, refer or relate to Defendant's allegation that "BOTTLED AT THE SOURCE is a generic term describing the origin of Plaintiff's bottled water" as alleged in Paragraph 10 of its Counterclaims.

7. State all facts which evidence, refer or relate to Defendant's allegation that "BOTTLED AT THE SOURCE is descriptive of the goods offered for sale by Roxane and thus cannot serve to identify Roxane as the source of those goods" as alleged in Paragraph 11 of its Counterclaims.

8. State all facts which evidence, refer or relate to Defendant's allegation that "[t]he BOTTLED AT THE SOURCE mark has not acquired secondary meaning in the marketplace and thus has not become distinctive" as alleged in Paragraph 12 of its Counterclaims.

9. State all facts which evidence, refer or relate to Defendant's allegation that "Defendants have been damaged and are likely to continue to be damaged by registration of the BOTTLED AT THE SOURCE" as alleged in Paragraph 14 of its Counterclaims.

10. State all facts which evidence, refer or relate to Defendant's allegation

4

10. State all facts which evidence, refer or relate to Defendant's allegation that "Roxane's trademark registration for the term 'bottled at the source,' Registration No. 2,779,047, must be canceled pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064" as alleged in Paragraph 15 of its Counterclaims.

11. State all projections and forecasts of sales for any good or service marketed or sold bearing "Bottled at Source."

12. Describe in detail Defendant's plans for future expansion of goods bearing "Bottled at Source."

13. Describe in detail the actual channel of distribution in the United States for goods bearing "Bottled at Source."

14. State the number of customers annually to whom Defendant has provided goods bearing "Bottled at Source."

Dated: October 17, 2007

LAW OFFICE OF DEREK A. ELETICH

By: _____
DEREK A. ELETICH

Attorney for Plaintiff
CG ROXANE LLC

## CERTIFICATE OF SERVICE

I, Derek A. Eletich, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

I am a member of the bar of this Court. I am a citizen of the United States of America, over the age of eighteen (18) years and not a party to or interested in the within-entitled action. My business address is the Law Office of Derek A. Eletich, 155 Forrest Avenue, Palo Alto, CA 94301-1615.

I caused to be served by mail the following documents:

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT FIJI WATER COMPANY LLC**

I enclosed true and correct copies of said documents in envelopes addressed as follows:

Mark D. Campbell, Esq.
Loeb & Loeb LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, CA 90067-4120

Andrew E. Asch
Roll International Corporation – Legal Department
11444 West Olympic Boulevard, 10th Floor
Los Angeles, CA 90064-1557

I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I placed the envelope containing the above-mentioned document for collection and mailing on October 17, 2007, following the ordinary business practice.

Executed on October 17, 2007 at Palo Alto, California.

_____
DEREK A. ELETICH