# EXHIBIT B

1  YANO L. RUBINSTEIN, CAL. BAR NO. 214277
   yano@rublaw.com
2  TREVOR A. CAUDLE, CAL. BAR NO. 232294
   trevor@rublaw.com
3  RUBINSTEIN LAW GROUP
4  A Professional Law Corporation
   116 New Montgomery Street, Suite 742
5  San Francisco, CA  94105
   Telephone:   (415) 277-1900
6  Facsimile:   (415) 277-1919
7
8  DEREK A. ELETICH, CAL. BAR NO. 193393
   derek@eletichlaw.com
9  LAW OFFICE OF DEREK A. ELETICH
   155 Forest Avenue
10 Palo Alto, CA  94301
   Telephone:   (650) 543-5477
11 Facsimile:   (650) 429-2028
12 Attorneys for Plaintiff
   CG ROXANE LLC
13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| CG ROXANE LLC, a California limited liability company, | Case No. C-07-2258-RMW |
| Plaintiff, | **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT FIJI WATER COMPANY LLC** |
| v. | |
| FIJI WATER COMPANY LLC, a Delaware limited liability company; FIJI WATER COMPANY HOLDINGS LLC, a Delaware limited liability company; PARAMOUNT INTERNATIONAL EXPORT, LTD., a Cayman Islands Company Limited by Shares; and DOES 1 through 20, inclusive, | |
| Defendants. | |

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT FIJI
WATER COMPANY LLC
Case No.  C-07-2258-RMW

1   Pursuant to Rule 34 of the FRCivP, Plaintiff CG ROXANE LLC ("Plaintiff")
2   requests Defendant FIJI WATER COMPANY LLC ("Defendant") respond within thirty-three
3   (33) days from service hereof to the following requests.

## DEFINITIONS

The following definitions and instructions shall apply to each and every one of the following requests, as if fully set forth therein:

1.  "Plaintiff" shall mean CG Roxane LLC and any of its officers, directors, employees, agents and representatives and all persons acting or purporting to act on its behalf.

2.  "Defendant" shall mean Fiji Water Company LLC and any of its officers, directors, employees, agents and representatives and all persons acting or purporting to act on its behalf.

3.  "BOTTLED AT THE SOURCE Mark" shall mean or refer to the mark which is the basis for U.S. Patent and Trademark Office Trademark Registration No. 2,779,047 issued November 22, 2003 for, *inter alia*, bottled water goods.

4.  "Document" and "documents" are used in the broadest permissible sense under the FRCivP and shall include, without limitation, tangible things and all written, typewritten, recorded (including audio or videotape or both), graphic, photographic (including negatives), facsimile transmissions, or computerized materials in whatever form, including copies, drafts, and reproductions thereof to which Defendant has or has had access and every copy of such document which contains any commentary or notation not appearing in the original.

5.  "Person" shall mean any natural person or any business, legal or governmental entity or association.

6.  "Entity" shall mean any company, corporation, partnership, union, joint venture, sole proprietorship, association, government agency, organization or any other similar type of group through which business is conducted, or any director, officer, employee or agent thereof.

7.  "Relate to" shall mean and include any information concerning,

1 | comprising, identifying, summarizing, evidencing, containing, discussing, mentioning,
2 | describing, reflecting, comparing, analyzing, memorializing or pertaining in any way to the
3 | subject matter of the discovery request in which such term is used.

4 |     8.    "And" and "or" shall be construed either disjunctively or conjunctively as
5 | necessary to bring within the scope of the discovery request all responses that might otherwise be
6 | construed to be outside of its scope.

## INSTRUCTIONS

    1.    These requests are continuing in nature. Defendant shall supplement its responses to these requests, as and when additional responsive documents become known or available to Defendant, or when so requested by Plaintiff prior to trial.

    2.    Defendant shall produce all documents in its possession, custody or control, including documents in the possession, custody or control of Defendant and its organizers and owners, their subsidiaries and affiliates, and their officers, directors, employees, agents, representatives, successors, assigns and attorneys and all persons acting or purporting to act on behalf of Defendant or who are in possession of or who may have obtained information for or on behalf of Defendant in regard to the subject matter of this case.

    3.    Defendant shall produce responsive documents as they are kept in the usual course of business, or organize and label them to correspond with the categories in these requests, pursuant to FRCivP 34(b). Documents shall be produced in a manner that permits the source of the documents to be easily ascertained.

    4.    Where a claim of privilege is asserted in objecting to any document request or subpart thereof, Defendant shall assert the privilege in the following manner:

    (a)    The attorney asserting the privilege shall, in the objection to the document demand, or subpart thereof, identify the nature of the privilege (including work product) which is being claimed or defense governed by state law, indicate the state's privilege rule being invoked; and

    (b)    The following information shall be provided in the objection, unless divulgence of

such information would cause disclosure of the allegedly privileged information:

    (i)    the type of document;

    (ii)    general subject matter of the document;

    (iii)    date of the document;

    (iv)    such other information as is sufficient to identify the document for a subpoena duces tecum. including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

5.    Each document request shall be separately set forth and accorded a separate answer. Each response shall first set forth verbatim the request to which it is responsive, followed by Defendant's response.

6.    No part of a document request shall be left unanswered merely because an objection is interposed to another part of the request.

7.    If Defendant objects to any request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

8.    If Defendant is unable to answer any document request, the reasons for Defendant's inability to answer shall be separately stated in detail for each request.

9.    Failure to provide information in response to these requests will be deemed a waiver of Defendant's right to produce such evidence at trial. Plaintiff reserves the right to move to preclude the introduction of any evidence not produced in response to these requests.

10.    In the event that Defendant is not in possession of any document requested, Defendant shall take all appropriate steps to aid in the recovery of the document from other sources, including but not limited to providing identifying information and providing authorizations, waivers or releases, where required.

## REQUESTS FOR PRODUCTION

1. Any documents identified, discussed or mentioned in Defendant's responses to Plaintiff's Interrogatories to Defendant, which are being served by Plaintiff on Defendant herewith.

2. Documents sufficient to establish Defendant's date and state of organization.

3. Documents sufficient to establish the nature of the relationship between Defendant and Defendant FIJI WATER COMPANY HOLDINGS LLC.

4. Documents sufficient to establish the nature of the relationship between Defendant and Defendant PARAMOUNT INTERNATIONAL EXPORT, LTD.

5. All documents that mention, discuss, evidence, refer to or relate to Defendant's first use anywhere of "Bottled at Source" in any way.

6. All documents that mention, discuss, evidence, refer to or relate to Defendant's first use anywhere of "Bottled at the Source" in any way.

7. All documents that mention, discuss, evidence, refer to or relate to Defendant's use of "Bottled at Source" in any way.

8. All documents that mention, discuss evidence, refer to or relate to Defendant's use of "Bottled at the Source" in any way.

9. All documents that mention, discuss, evidence, refer to or relate to Defendant's intended use of "Bottled at Source" in any way.

10. All documents that mention, discuss evidence, refer to or relate to Defendant's intended use of "Bottled at the Source" in any way.

11. All documents that mention, discuss, describe, refer to or relate to Defendant's decision to use "Bottled at Source."

12. All documents that mention, discuss, describe, refer to or relate to Defendant's decision to use "Bottled at the Source."

5

1  13. All documents that mention, discuss or constitute advertisements in any medium in which Defendant has used "Bottled at Source."

14. All documents that mention, discuss or constitute advertisements in any medium in which Defendant has used "Bottled at the Source."

15. One exemplar of every item including, but not limited to, stationery, envelopes, labels, tags, stickers, containers, packages or products ever used or sold by Defendant bearing "Bottled at Source."

16. One exemplar of every item including, but not limited to, stationery, envelopes, labels, tags, stickers, containers, packages or products ever used or sold by Defendant bearing "Bottled at the Source."

17. All documents that mention, discuss, refer to or relate to Defendant's marketing of goods bearing "Bottled at Source" including, but not limited to, marketing plans, advertising plans, strategic business plans, and market research.

18. All documents that mention, discuss, refer to or relate to Defendant's marketing of goods bearing "Bottled at the Source" including, but not limited to, marketing plans, advertising plans, strategic business plans, and market research.

19. All documents that mention, discuss, constitute, refer to or relate to any trademark searches or investigations concerning "Bottled at Source" conducted by or on behalf of Defendant at any time.

20. All documents that mention, discuss, constitute, refer to or relate to any trademark searches or investigations concerning "Bottled at the Source" conducted by or on behalf of Defendant at any time.

21. All documents that mention, discuss, constitute, refer to or relate to any research, reports, surveys or studies conducted by or on behalf of Defendant relating to consumer or customer perception of any mark or name that includes the term "Bottled at Source."

22. All documents that mention, discuss, constitute, refer to or relate to any research, reports, surveys or studies conducted by or on behalf of Defendant relating to consumer

or customer perception of any mark or name that includes the term "Bottled at the Source."

23. All documents that mention, discuss, refer to or relate to actual consumer confusion or the likelihood of confusion stemming from Defendant's use of "Bottled at Source."

24. All documents that mention, discuss, refer to or relate to actual consumer confusion or the likelihood of confusion stemming from Defendant's use of "Bottled at the Source."

25. All documents that mention, discuss, constitute, refer to or relate to any agreement(s) between Defendant and third parties concerning use of "Bottled at Source" including, but not limited to, license agreements, consent agreements, coexistence agreements, and settlement agreements.

26. All documents that mention, discuss, constitute, refer to or relate to any agreement(s) between Defendant and third parties concerning use of "Bottled at the Source" including, but not limited to, license agreements, consent agreements, coexistence agreements, and settlement agreements.

27. All documents that mention, discuss, refer to or relate to Plaintiff.

28. All documents that mention, discuss, refer to or relate to the BOTTLED AT THE SOURCE Mark.

29. All documents that mention, discuss, describe, refer to or relate to the circumstances under which Defendant first learned of the existence of the BOTTLED AT THE SOURCE Mark.

30. All documents that mention, discuss, refer to or relate to any comments, inquiries, questions, correspondence, or statements from any person or entity regarding Plaintiff.

31. All documents that mention, discuss, refer to or relate to any comments, inquiries, questions, correspondence, or statements from any person or entity regarding Defendant's use of "Bottled at Source."

32. All documents that mention, discuss, refer to or relate to any comments, inquiries, questions, correspondence, or statements from any person or entity regarding

7

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT FIJI WATER COMPANY LLC
Case No. C-07-2258-RMW

1 | Plaintiff's goods or services.

2 |     33. All documents that mention, discuss, evidence, refer to or relate to
3 | Defendant's First Affirmative Defense contained in its Answer.

4 |     34. All documents that mention, discuss, evidence, refer to or relate to
5 | Defendant's Second Affirmative Defense contained in its Answer.

6 |     35. All documents that mention, discuss, evidence, refer to or relate to
7 | Defendant's Third Affirmative Defense contained in its Answer.

8 |     36. All documents that mention, discuss, evidence, refer to or relate to
9 | Defendant's Fourth Affirmative Defense contained in its Answer.

10 |     37. All documents that mention, discuss, evidence, refer to or relate to
11 | Defendant's Fifth Affirmative Defense contained in its Answer.

12 |     38. All documents that mention, discuss, evidence, refer to or relate to
13 | Defendant's Sixth Affirmative Defense contained in its Answer.

14 |     39. All documents that mention, discuss, evidence, refer to or relate to
15 | Defendant's Seventh Affirmative Defense contained in its Answer.

16 |     40. All documents that mention, discuss, evidence, refer to or relate to
17 | Defendant's Eighth Affirmative Defense contained in its Answer.

18 |     41. All documents that mention, discuss, evidence, refer to or relate to
19 | Defendant's Ninth Affirmative Defense contained in its Answer.

20 |     42. All documents that mention, discuss, evidence, refer to or relate to
21 | Defendant's Tenth Affirmative Defense contained in its Answer.

22 |     43. All documents that mention, discuss, evdience, refer to or relate to
23 | Defendant's Eleventh Affirmative Defense contained in its Answer.

24 |     44. All documents that mention, discuss, evidence, refer to or relate to
25 | Defendant's allegation that "BOTTLED AT THE SOURCE is a generic term describing the
26 | origin of Plaintiff's bottled water" as alleged in Paragraph 10 of its Counterclaims.

27 |     45. All documents that mention, discuss, evidence, refer to or relate to
28 |

Defendant's allegation that "BOTTLED AT THE SOURCE is a generic term describing the origin of Plaintiff's bottled water" as alleged in Paragraph 10 of its Counterclaims.

46. All documents that mention, discuss, evidence, refer to or relate to Defendant's allegation that "BOTTLED AT THE SOURCE is descriptive of the goods offered for sale by Roxane and thus cannot serve to identify Roxane as the source of those goods" as alleged in Paragraph 11 of its Counterclaims.

47. All documents that mention, discuss, evidence, refer to or relate to Defendant's allegation that "[t]he BOTTLED AT THE SOURCE mark has not acquired secondary meaning in the marketplace and thus has not become distinctive" as alleged in Paragraph 12 of its Counterclaims.

48. All documents that mention, discuss, evidence, refer to or relate to Defendant's allegation that "Defendants have been damaged and are likely to continue to be damaged by registration of the BOTTLED AT THE SOURCE" as alleged in Paragraph 14 of its Counterclaims.

49. All documents that mention, discuss, evidence, refer to or relate to Defendant's allegation that "Roxane's trademark registration for the term 'bottled at the source,' Registration No. 2,779,047, must be canceled pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064" as alleged in Paragraph 15 of its Counterclaims.

50. All documents that mention, discuss, evidence, refer to or relate to the established, likely-to-continue trade channels for Defendant's goods bearing "Bottled at Source" including but not limited to, the methods and channels by which Defendant has marketed, sold or offered for sale any good bearing "Bottled at Source."

51. All documents that mention, discuss, evidence, refer to or relate to the established, likely-to-continue trade channels for Defendant's goods bearing "Bottled at the Source" including but not limited to, the methods and channels by which Defendant has marketed, sold or offered for sale any good bearing "Bottled at the Source."

52. All documents that mention, discuss evidence, refer to or relate to the

9

amount in dollars of sales done on a monthly basis of goods bearing "Bottled at Source" from the inception of Defendant's use of "Bottled at Source" through the end of September 2007.

53. All documents that mention, discuss evidence, refer to or relate to the amount in dollars of sales done on a monthly basis of goods bearing "Bottled at the Source" from the inception of Defendant's use of "Bottled at the Source" through the end of September 2007.

54. All documents that mention, discuss evidence, refer to or relate to the amount in units of sales done on a monthly basis of goods bearing "Bottled at Source" from the inception of Defendant's use of "Bottled at Source" through the end of September 2007.

55. All documents that mention, discuss evidence, refer to or relate to the amount in units of sales done on a monthly basis of goods bearing "Bottled at the Source" from the inception of Defendant's use of "Bottled at the Source" through the end of September 2007.

56. All documents that mention, discuss evidence, refer to or relate to the amount in dollars spent on a monthly basis on advertising and marketing goods bearing "Bottled at Source" from the inception of Defendant's use of "Bottled at Source" through the end of September 2007.

57. All documents that mention, discuss evidence, refer to or relate to the amount in dollars spent on a monthly basis on advertising and marketing goods bearing "Bottled at the Source" from the inception of Defendant's use of "Bottled at the Source" through the end of September 2007.

58. All documents that mention, discuss evidence, refer to or relate to the costs on a monthly basis associated with the manufacturing, marketing and selling of goods bearing "Bottled at Source" from the inception of Defendant's use of "Bottled at Source" through the end of September 2007.

59. All documents that mention, discuss evidence, refer to or relate to the costs on a monthly basis associated with the manufacturing, marketing and selling of goods bearing "Bottled at the Source" from the inception of Defendant's use of "Bottled at the Source" through the end of September 2007.

60. Income statements that mention, discuss evidence, refer to or relate to the marketing and selling of goods bearing "Bottled at Source" from the inception of Defendant's use of "Bottled at the Source" through the end of September 2007.

61. Income statements that mention, discuss evidence, refer to or relate to the marketing and selling of goods bearing "Bottled at the Source" from the inception of Defendant's use of "Bottled at the Source" through the end of September 2007.

62. Defendant's balance sheets from the inception of Defendant's use of "Bottled at Source" through the end of September 2007.

63. Defendant's balance sheets from the inception of Defendant's use of "Bottled at the Source" through the end of September 2007.

64. All documents that mention, discuss evidence, refer to or relate to the to any transfer pricing calculations or compliance for sales of goods bearing "Bottled at Source" from the inception of Defendant's use of "Bottled at Source" through the end of September 2007.

65. All documents that mention, discuss evidence, refer to or relate to the to any transfer pricing calculations or compliance for sales of goods bearing "Bottled at the Source" from the inception of Defendant's use of "Bottled at the Source" through the end of September 2007.

66. All documents that mention, discuss evidence, refer to or relate to the valuation of the FIJI water brand from the inception of Defendant's use of "Bottled at Source" through the end of September 2007.

67. All documents that mention, discuss evidence, refer to or relate to the valuation of the FIJI water brand from the inception of Defendant's use of "Bottled at the Source" through the end of September 2007.

68. All documents that mention, discuss, evidence, refer to or relate to communications with the United States Patent and Trademark Office that mention, discuss, constitute refer to or relate to the BOTTLED AT THE SOURCE Mark.

69. Documents sufficient to identify each of Defendant's past and current

corporate entities, affiliates, divisions, groups or other functional units.

70. Documents sufficient to identify each of Defendant's past and current managers.

71. Documents sufficient to identify each of Defendant's past and current members.

72. Documents sufficient to identify each of Defendant's past and current employees, representatives or agents that have had or intend to have responsibility for the sale, marketing, advertising, development or provision of any good or service provided or to be provided bearing "Bottled at Source."

73. Documents sufficient to identify each of Defendant's past and current employees, representatives or agents that have had or intend to have responsibility for the sale, marketing, advertising, development or provision of any good or service provided or to be provided bearing "Bottled at the Source."

74. All documents that mention, discuss, refer to or relate to the any evidence Defendant plans to introduce into evidence in this action including, but not limited to, expert witness reports.

Plaintiff further requests that Defendant produce and permit Plaintiff to inspect and copy the documents requested at 10:00 a.m. on November 23, 2007 at the Law Office of Derek A. Eletich, 155 Forest Avenue, Palo Alto, California.

Dated: October 17, 2007         LAW OFFICE OF DEREK A. ELETICH


By:_____
    DEREK A. ELETICH

    Attorney for Plaintiff
    CG ROXANE LLC

12

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT FIJI WATER COMPANY LLC
Case No. C-07-2258-RMW

## CERTIFICATE OF SERVICE

I, Derek A. Eletich, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

I am a member of the bar of this Court. I am a citizen of the United States of America, over the age of eighteen (18) years and not a party to or interested in the within-entitled action. My business address is the Law Office of Derek A. Eletich, 155 Forrest Avenue, Palo Alto, CA 94301-1615.

I caused to be served by mail the following documents:

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT FIJI WATER COMPANY LLC**

I enclosed true and correct copIES of said documents in envelopes addressed as follows:

Mark D. Campbell, Esq.
Loeb & Loeb LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, CA 90067-4120

Andrew E. Asch
Roll International Corporation – Legal Department
11444 West Olympic Boulevard, 10th Floor
Los Angeles, CA 90064-1557

I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I placed the envelope containing the above-mentioned document for collection and mailing on October 17, 2007, following the ordinary business practice.

Executed on October 17, 2007 at Palo Alto, California.

*/s/ Derek A. Eletich*
DEREK A. ELETICH