# EXHIBIT C

1  YANO L. RUBINSTEIN, CAL. BAR NO. 214277
   yano@rublaw.com
2  TREVOR A. CAUDLE, CAL. BAR NO. 232294
   trevor@rublaw.com
3  RUBINSTEIN LAW GROUP
   A Professional Law Corporation
4  116 New Montgomery Street, Suite 742
   San Francisco, CA 94105
5  Telephone:  (415) 277-1900
   Facsimile:  (415) 277-1919
6
7
8  DEREK A. ELETICH, CAL. BAR NO. 193393
   derek@eletichlaw.com
9  LAW OFFICE OF DEREK A. ELETICH
   155 Forest Avenue
10 Palo Alto, CA 94301
   Telephone:  (650) 543-5477
11 Facsimile:  (650) 429-2028

12 Attorneys for Plaintiff
   CG ROXANE LLC
13

14                 UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                        San Jose Division

17 | CG ROXANE LLC, a California limited | Case No. C-07-2258-RMW
   | liability company,                  |
18 |                                     | **NOTICE OF DEPOSITION OF**
   |                                     | **DEFENDANT FIJI WATER**
19 |         Plaintiff,                  | **COMPANY LLC**
   |                                     |
20 |   v.                                |
   |                                     |
21 | FIJI WATER COMPANY LLC, a Delaware  |
   | limited liability company; FIJI WATER|
22 | COMPANY HOLDINGS LLC, a Delaware    |
   | limited liability company; PARAMOUNT|
23 | INTERNATIONAL EXPORT, LTD., a       |
   | Cayman Islands Company Limited by Shares; |
24 | and DOES 1 through 20, inclusive,   |
   |                                     |
25 |         Defendants.                 |
26
27
28

1                 TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS
2 ACTION:
3                 YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF Defendant FIJI
4 WATER COMPANY LLC ("Defendant") will be taken at Hines Reporters, 888 S. Figueroa
5 Street, Suite 840, Los Angeles, California, commencing at 10:00 a.m. on December 3, 2007 and
6 continuing from day to day thereafter. Said deposition will be taken by oral examination, before
7 a Notary Public authorized to administer oaths and may be recorded by videotape and/or
8 audiotape. Said deposition will also be stenographically recorded by a machine using
9 instantaneous (or "real time") transcription.
10                 YOU ARE FURTHER NOTIFIED THAT the deponent is not a natural person.
11 The matters on which the deponent will be examined are as follows:
12         1.       The nature of the relationship between Defendant and Defendant FIJI
13 WATER COMPANY HOLDINGS LLC.
14         2.       The nature of the relationship between Defendant and Defendant
15 PARAMOUNT INTERNATIONAL EXPORT, LTD.
16         3.       Defendant's first use anywhere of "Bottled at Source" in any way.
17         4.       Defendant's use of "Bottled at Source" in any way.
18         5.       Defendant's intended use of "Bottled at Source" in any way.
19         6.       The facts and circumstances relating to Defendant's adoption and
20 selection of "Bottled at Source" including, but not limited to, the reasons Defendant adopted and
21 selected "Bottled at Source," when Defendant adopted and selected "Bottled at Source," and all
22 persons involved in the adoption, selection and clearance of "Bottled at Source."
23         7.       Advertisements in any medium in which Defendant has used "Bottled at
24 Source."
25         8.       Defendant's advertising and marketing of goods bearing "Bottled at
26 Source."
27         9.       Any trademark searches or investigations concerning "Bottled at Source"
28 conducted by or on behalf of Defendant at any time.

1      10.    Any research, reports, surveys or studies conducted by or on behalf of
Defendant relating to consumer or customer perception of any mark or name that includes the term "Bottled at Source."

    11.    Any actual consumer confusion or the likelihood of confusion stemming from Defendant's use of "Bottled at Source."

    12.    Any agreement(s) between Defendant and third parties concerning use of "Bottled at Source" including, but not limited to, license agreements, consent agreements, coexistence agreements, and settlement agreements.

    13.    The circumstances under which Defendant first learned of the existence of the BOTTLED AT THE SOURCE Mark.

    14.    Any comments, inquiries, questions, correspondence, or statements from any person or entity regarding Plaintiff.

    15.    Any comments, inquiries, questions, correspondence, or statements from any person or entity regarding Defendant's use of "Bottled at Source."

    16.    Any comments, inquiries, questions, correspondence, or statements from any person or entity regarding Plaintiff's goods or services.

    17.    Defendant's First Affirmative Defense contained in its Answer.

    18.    Defendant's Second Affirmative Defense contained in its Answer.

    19.    Defendant's Third Affirmative Defense contained in its Answer.

    20.    Defendant's Fourth Affirmative Defense contained in its Answer.

    21.    Defendant's Fifth Affirmative Defense contained in its Answer.

    22    Defendant's Sixth Affirmative Defense contained in its Answer.

    23.    Defendant's Seventh Affirmative Defense contained in its Answer.

    24.    Defendant's Eighth Affirmative Defense contained in its Answer.

    25.    Defendant's Ninth Affirmative Defense contained in its Answer.

    26.    Defendant's Tenth Affirmative Defense contained in its Answer.

    27.    Defendant's Eleventh Affirmative Defense contained in its Answer.

    28.    Defendant's allegation that "BOTTLED AT THE SOURCE is a generic

term describing the origin of Plaintiff's bottled water" as alleged in Paragraph 10 of its Counterclaims.

29. Defendant's allegation that "BOTTLED AT THE SOURCE is a generic term describing the origin of Plaintiff's bottled water" as alleged in Paragraph 10 of its Counterclaims.

30. Defendant's allegation that "BOTTLED AT THE SOURCE is descriptive of the goods offered for sale by Roxane and thus cannot serve to identify Roxane as the source of those goods" as alleged in Paragraph 11 of its Counterclaims.

31. Defendant's allegation that "[t]he BOTTLED AT THE SOURCE mark has not acquired secondary meaning in the marketplace and thus has not become distinctive" as alleged in Paragraph 12 of its Counterclaims.

32. Defendant's allegation that "Defendants have been damaged and are likely to continue to be damaged by registration of the BOTTLED AT THE SOURCE" as alleged in Paragraph 14 of its Counterclaims.

33. Defendant's allegation that "Roxane's trademark registration for the term 'bottled at the source,' Registration No. 2,779,047, must be canceled pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064" as alleged in Paragraph 15 of its Counterclaims.

34. The established, likely-to-continue trade channels for Defendant's goods bearing "Bottled at Source" including but not limited to, the methods and channels by which Defendant has marketed, sold or offered for sale any good bearing "Bottled at Source."

35. The amount in dollars of sales done on a monthly basis of goods bearing "Bottled at Source" from the inception of Defendant's use of "Bottled at Source" through the end of September 2007.

36. The amount in units of sales done on a monthly basis of goods bearing "Bottled at Source" from the inception of Defendant's use of "Bottled at Source" through the end of September 2007.

37. The amount in dollars spent on a monthly basis on advertising and marketing goods bearing "Bottled at Source" from the inception of Defendant's use of "Bottled

4

37. The amount in dollars spent on a monthly basis on advertising and marketing goods bearing "Bottled at Source" from the inception of Defendant's use of "Bottled at Source" through the end of September 2007.

38. The costs on a monthly basis associated with the manufacturing, marketing and selling of goods bearing "Bottled at Source" from the inception of Defendant's use of "Bottled at Source" through the end of September 2007.

39. Valuation of the FIJI water brand from the inception of Defendant's use of "Bottled at Source" through the end of September 2007.

40. Projections and forecasts of sales for any good or service marketed or sold bearing "Bottled at Source."

41. Defendant's plans for future expansion of goods bearing "Bottled at Source."

42. The actual channel of distribution in the United States for goods bearing "Bottled at Source."

A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the attached Certificate of Service.

Dated: October 17, 2007

LAW OFFICE OF DEREK A. ELETICH

By: _____
DEREK A. ELETICH

Attorney for Plaintiff
CG ROXANE LLC

# CERTIFICATE OF SERVICE

I, Derek A. Eletich, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

I am a member of the bar of this Court. I am a citizen of the United States of America, over the age of eighteen (18) years and not a party to or interested in the within-entitled action. My business address is the Law Office of Derek A. Eletich, 155 Forrest Avenue, Palo Alto, CA 94301-1615.

I caused to be served by mail the following documents:

**NOTICE OF DEPOSITION OF DEFENDANT FIJI WATER COMPANY LLC**

I enclosed true and correct copies of said documents in envelopes addressed as follows:

Mark D. Campbell, Esq.
Loeb & Loeb LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, CA 90067-4120

Andrew E. Asch
Roll International Corporation – Legal Department
11444 West Olympic Boulevard, 10th Floor
Los Angeles, CA 90064-1557

I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I placed the envelope containing the above-mentioned document for collection and mailing on October 17, 2007, following the ordinary business practice.

Executed on October 17, 2007 at Palo Alto, California.

_____
DEREK A. ELETICH