**EXHIBIT D**

1  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
2  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
3  Los Angeles, California 90067-4120
   Telephone:  310-282-2000
4  Facsimile:   310-282-2200

5  ANDREW E. ASCH (SBN 198857)
   aasch@roll.com
6  SARAH C. ABBOTT (SBN 231863)
   sabbott@roll.com
7  ROLL INTERNATIONAL CORPORATION-LEGAL DEPT.
   11444 West Olympic Boulevard, 10th Floor
8  Los Angeles, California  90064-1557
   Telephone:  310-966-5700
9  Facsimile:   310-966-5758

10 Attorneys for Defendants
   FIJI WATER COMPANY LLC
11

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                  SAN JOSE DIVISION

15

16
   CG ROXANE LLC, a California limited )   Case No.  C-07-2258-RMW
17 liability company,                   )
                                        )   **DEFENDANT'S RESPONSE TO**
18           Plaintiff,                 )   **PLAINTIFF'S FIRST SET OF**
                                        )   **INTERROGATORIES**
19      v.                              )
                                        )
20 FIJI WATER COMPANY LLC, a            )
   Delaware limited liability company; FIJI )
21 WATER COMPANY HOLDINGS              )
   LLC, a Delaware limited liability    )
22 company; PARAMOUNT                   )
   INTERNATIONAL EXPORT, LTD., a       )
23 Cayman Islands Company Limited by    )
   Shares; and DOES 1 through 20,       )
24 inclusive,                           )
                                        )
25           Defendants.                )
                                        )
26

27

28
   LA1704080.1                              RESPONSE TO INTERROGATORIES, SET
   207102-10007                                                          ONE

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Plaintiff CG ROXANE, LLC |
| 2 | RESPONDING PARTY: | Defendant FIJI WATER COMPANY LLC |
| 3 | SET NUMBER: | ONE |

4   Defendant Fiji Water Company LLC ("Fiji" or "Defendant") hereby submit
5   the following responses and objections to Plaintiff CG Roxane LLC (hereinafter
6   "Roxane" or "Plaintiff") Interrogatories on the grounds set forth below.

7

8   ## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

9   Defendant asserts the following general objections to the Interrogatories (the
10  "General Objections"), each of which is hereby incorporated by reference into the
11  response to each individual Interrogatory below. From time to time, and for purpose
12  of emphasis, Defendant may restate one or more of the General Objections as
13  specific objections to individual Interrogatories. Such restatement, or the failure to
14  restate, should not be taken as a waiver of any General Objection not restated.

15   1.   Defendant objects and responds to the Interrogatories on the basis of
16  facts and circumstances as they are presently known to Defendant. Accordingly, all
17  of the following objections and responses are provided without prejudice to
18  Defendant's right to introduce at trial any evidence that it subsequently discovers.
19  Defendant reserves the right to supplement its objections and responses to the
20  Interrogatories based upon newly-discovered evidence or information of which
21  Defendant is not aware as of the present date.

22   2.   Defendant objects to the Interrogatories insofar as they seek
23  information or documents that are privileged by and/or protected from disclosure by
24  the attorney-client privilege, the work-product doctrine, the privacy privilege, the
25  joint-defense privilege or any other privilege or immunity, and refuses to provide
26  any such information. Defendant does not intend by these responses or objections to
27  waive any claim of privilege or immunity. Defendant's objections and responses

28

1  are conditioned specifically on the understanding that the production of information
2  or documents for which any claim of privilege is applicable shall be deemed
3  inadvertent and not a waiver of the claim of privilege.

4      3.     Defendant objects to the Interrogatories to the extent that they call for
5  information that is protected by its and/or other's rights of confidentiality and/or
6  privacy, as provided by contract or other agreement, the California and United
7  States Constitutions and/or any other statute or legal authority.

8      4.     Defendant objects to the Interrogatories to the extent that they call for
9  the production of trade secrets, confidential information and proprietary information
10 regarding Defendant's business activities and/or business operations.

11     5.     Defendant objects to the Interrogatories to the extent they seek
12 information that is neither relevant to the subject matter of this action nor reasonably
13 calculated to lead to the discovery of admissible evidence.

14     6.     Defendant objects on the ground that certain of the Interrogatories are
15 premature and unduly burdensome at this stage in the proceedings.

16     7.     Defendant objects to the Interrogatories to the extent they are
17 compound, vague, ambiguous, unduly burdensome and/or harassing.

18     8.     Defendant objects to the definitions and instructions contained in the
19 Interrogatories, and to the Interrogatories and Requests For Production themselves,
20 to the extent that they impose obligations on Defendant beyond those permitted by
21 the Code of Civil Procedure, applicable case law and otherwise. Defendant will
22 interpret each Interrogatory and respond pursuant to, and in light of, the
23 requirements of the applicable authorities, agreements and circumstances.

24     9.     By providing these Responses, Defendant does not make any incidental
25 or implied admissions regarding these responses. No response or objection to any
26 individual Interrogatory herein should be taken as an admission of any facts set forth
27 in or assumed by the Interrogatory, or an admission that such response or objection
28 constitutes admissible evidence.

1    10.    No response to an individual Interrogatory is intended, nor shall any
2  response be construed, as a waiver by Defendant of all or any part of any objection
3  to any other Interrogatory.

4    The above Preliminary Statement and General Objections are incorporated
5  into each and every one of the following responses, which are made without waiving
6  these preliminary comments and any additional objections or comments set forth in
7  the individual responses below.

8

9                    **RESPONSES TO INTERROGATORIES**

10  **INTERROGATORY NO. 1:**

11    Describe in detail the facts and circumstances relating to Defendant's adoption
12  and selection of "Bottled at Source" including, but not limited to, the reasons
13  Defendant adopted and selected "Bottled at Source," when Defendant adopted and
14  selected "Bottled at Source," and all persons involved in the adoption, selection and
15  clearance of "Bottled at Source."

16  **RESPONSE TO INTERROGATORY NO. 1:**

17    Defendant incorporates by reference herein its Preliminary Statement and
18  General Objections stated above. Defendant further objects on grounds that this
19  interrogatory is vague and ambiguous as to the meaning of the term "clearance."
20  Defendant further objects on grounds that this interrogatory is compound. Subject
21  to the foregoing, Defendant responds as follows:

22    To the best of Defendant's knowledge, the phrase "Bottled At Source" has
23  been included on FIJI® bottled water product labels and related marketing materials
24  since the introduction of the product in 1996 and its first sale in the United States in
25  approximately 1997. When Defendant purchased the company in November 2004,
26  it continued using the phrase on product packaging and/or marketing materials.
27  Defendant continued to use of this phrase on product labels and marketing materials
28  after purchase of the company because, among other things, it is an accurate

1  description of the place from which Defendant's bottled water products are drawn,
2  in that they are bottled at the source on an artesian aquifer in Yaquara, Viti Levu,
3  Fiji Islands. Specifically, Defendant's bottling facility is located directly on top of
4  the aquifer and the water is drawn from the aquifer into the facility using a sealed
5  delivery system specifically designed to preclude any possibility of human contact
6  or contamination. Defendant also continued to use this phrase because it is standard
7  bottled water industry terminology for water that comes from a single source and/or
8  is bottled at its source, and is used by many other bottled water companies in the
9  United States and worldwide. For example, Defendant is currently aware that at
10 least the following bottled water products currently on the market in the United
11 States use the phrase "bottled at the source" or "bottled at source" on their trade
12 dress and/or advertising materials: "Eden Springs", "S. Pellegrino", "Hawaiian
13 Springs", "Island Chill," "Jana Water," and "Montaqua Water." Defendant also
14 continued to use this phrase because Defendant believed that the phrase, or some
15 derivation thereof, was required to be placed on product packaging in certain
16 countries. Defendant currently believes that the following individuals may have
17 been involved in Defendant's decision to continue use of this phrase after purchase
18 of the company in 2004: Grace Jeon, Tom Mooney, Dan Ryder, Michael
19 Zulawonski, Brian Honkawa, David Layton, Ann Singhakowinta. To the best of
20 Defendant's knowledge, Defendant is unaware of information concerning the
21 original owner of FIJI® water's initial decision to use the phrase, other than that the
22 following individuals or entities may have been involved in or have knowledge of
23 design of the original product packaging: Doug Carlson, Jill Gilmour, HMG
24 Worldwide.

25     This lawsuit is in its initial stages and discovery is continuing. Therefore,
26 Defendant expressly reserves the right to amend, supplement and revise this
27 response as its discovery continues and as further information become available.

28

RESPONSE TO INTERROGATORIES, SET
                                                                                                  ONE

1  **INTERROGATORY NO. 2:**

2  Describe in detail the facts and circumstances relating to Defendant's use of
3  "Bottled at Source."

4  **RESPONSE TO INTERROGATORY NO. 2:**

5  Defendant incorporates by reference herein its Preliminary Statement and
6  General Objections stated above. Defendant further objects on grounds that this
7  interrogatory is vague and ambiguous as to "Defendant's use of 'Bottled at Source'"
8  and is vague and ambiguous as to time. Defendant further objects to the
9  interrogatory as overbroad. Subject to the foregoing, Defendant responds as
10 follows:

11 To the best of Defendant's knowledge, the phrase "Bottled at Source" has
12 been used on its product packaging since at least 1997 to accurately describe the
13 place from which the water is bottled. Defendant believes that, from approximately
14 1997 through November 2004, the phrase was included on the front of the product
15 label in small white font. When Defendant purchased the company in
16 approximately November 2004, it continued to use existing product labels that
17 included the phrase "Bottled At Source" on the front of the product label in small
18 white font.

19 In approximately September 2005, Defendant introduced redesigned product
20 packaging. As part of the redesign, the phrase "Bottled at Source" was moved to the
21 back of the product label to create space on the front label for aesthetic reasons.
22 Since approximately September 2005, the phrase "Bottled At Source" has been used
23 in an inconspicuous manner on the back of Defendant's product labels in small
24 white font on a blue background such that it is always: (1) directly under a reference
25 to Defendants' <www.fijiwater.com> website and house mark FIJI® as well as an
26 image of Defendant's trade dress incorporating the FIJI® name; (2) directly above
27 the relevant disclosure of the source of the product stating: "Source: Yaqara, Viti
28 Levu, Fiji Islands;" and (3) in a font significantly smaller and lighter in contrast than

1  the rest of the text on the label. This phrase is also used on Defendant's packaging

2  materials in a small inconspicuous manner.

3        Additionally, since approximately September 2005, two of Defendant's six

4  product labels have used the phrase "bottled at *the* source" in small text on the back

5  of the product to accurately describe the product's origin. The "*Bottled in Fiji.*

6  *Shipped to you.*" version of the product back label text states:

7        Why travel to the South Pacific islands of Fiji for a drink of water? FIJI
        Water's aquifer is in a virgin ecosystem at the edge of a primitive
8        rainforest, thousands of miles from the nearest industrialized continent.
        This natural artesian aquifer protects the water until it is bottled at the
9        source and shipped to you.

10       The "*Untouched by man. Until you drink it.*" version of the product back label

11  states:

12       FIJI Water comes from an aquifer deep within the earth on the remote
        islands of Fiji. Bottled at the source, natural artesian pressure forces the
13       water through a hermetically sealed delivery system free of human
        contact. It is never exposed to the environment. At least, until you
14       unscrew the cap.

15  Images of these back product labels are also used on various advertising and public

16  relations materials, exemplars of which will be provided in response to Request for

17  Production No. 15.

18       Defendant's website, <www.fijiwater.com>, has used the phrase "bottled at

19  the source" and/or "bottled at source" since approximately June 2002 to accurately

20  describe the place from which the water is drawn. Specifically, a prior version of

21  the website that was used from approximately June 2002 through October 2005

22  contained a section describing the bottling process, including the following

23  description:

24
25       Bottled at the Source. The bottling plant is located directly above the aquifer
        on the Northern tip of Viti Levu. FIJI Water is drawn from the aquifer using
        stainless steel food-grade pipes in a totally sealed delivery system designed to
26       preclude any possibility of human contact. The water is bottled at the source
        in a sterile atmosphere, using clean room specifications comparable to an
27       intensive care surgery unit....

28

1   The website currently uses the phrase "bottled at the source" in written text
2   paragraphs to accurately describe the place from which the water is drawn in two
3   contexts. In the Frequently Asked Questions ("FAQ") section of the website, the
4   phrase is used in the text of answers to a few of the many FAQs which appear next
5   to Defendants' FIJI® trade name, the relevant portions of which are quoted below:

6   *What is FIJI Water?*

7
8   FIJI Water is an artesian water, bottled at the source on the islands of Fiji.
    FIJI Water is the result of rainfall that fell long before the Industrial
9   Revolution, filtering slowly through mineral-rich rock over hundreds of
    years....
10

11  *Are tours of the FIJI Water plant and bottling facilities available to the*
    *public?*
12  FIJI Water is bottled at the source. Our source is located in the Yaqara
13  Valley of Viti Levu, Fiji....

14  *What makes FIJI Water different from other waters?*

15  FIJI Water is different from other waters because of its source. Bottled at the
16  source on the islands of Fiji, far from other industrialized nations, FIJI Water
17  comes from a virgin ecosystem located at the edge of a primitive rainforest
    in the Yaqara Valley on the island of Viti Levu. This ecosystem ensures that
18  the source of our water remains naturally free of acid rain and other
19  environmental contaminants....

20  *Is anything added to FIJI Water?*

21  ...FIJI Water is an all natural water, bottled at the source, preserved and
22  protected by its natural environment. FIJI Water's mineral composition and
    taste are the result of its source: an artesian aquifer on the islands of Fiji....
23

24  *What are the benefits of drinking FIJI Water?*

25  ...FIJI Water's mineral composition and taste are the result of its source: an
26  artesian aquifer on the islands of Fiji.... Bottled at the source and preserved
    and protected by its natural environment, FIJI Water is untouched by human
27  hands until you unscrew the cap.

28

1 | *What is silica?*

2
3
4 | …FIJI Water's mineral composition and taste are the result of its source: an artesian aquifer on the islands of Fiji….FIJI Water is an all natural water, bottled at the source, reserved and protected by its natural environment….

5 | *What is Fluoride?*

6
7
8 | …FIJI Water's mineral composition and taste are the result of its source: an artesian aquifer on the islands of Fiji….FIJI Water is an all natural water, bottled at the source, preserved and protected by its natural environment….

9 | *What are calcium and magnesium?*

10
11
12 | …FIJI Water's mineral composition and taste are the result of its source: an artesian aquifer on the islands of Fiji….FIJI Water is an all natural water, bottled at the source, preserved and protected by its natural environment….

13 | *What is Bicarbonate?*

14
15 | …FIJI Water's mineral composition and taste are the result of its source: an artesian aquifer on the islands of Fiji….FIJI Water is an all natural water, bottled at the source, preserved and protected by its natural environment….

16 | *What are Total Dissolved Solids (TDS)?*

17
18
19 | FIJI Water's mineral composition and taste are the result of its source: an artesian aquifer on the islands of Fiji….FIJI Water is an all natural water, bottled at the source, preserved and protected by its natural environment….

20 | *Why does FIJI Water have a picture of a palm frond on its label?*

21
22
23 | …FIJI Water's taste is the result of its source: an artesian aquifer on the islands of Fiji….Bottled at the source and preserved & protected by its natural environment, FIJI Water is untouched by human hands until you unscrew the cap.

24 | In the "Newsstand" section of the website, the phrase is used in the text of a

25 quoted portion of the October 2006 issue of "Spa" magazine next to or near a large

26 reproduction of Defendants' house mark as follows: "Sought after for its good taste

27 and high silica content, FIJI Natural Artesian Water - bottled at the source in Viti

28 Levu (Fiji Islands) - has become a key ingredient in a wide range of beauty

8

1  treatments around the country ...What a refreshing concept." Images of this "Spa"
2  magazine have also been used on a marketing sell sheet.

3      Defendant's customer service phone number, listed on its bottles and website
4  as 877-426-3454, currently contains an outgoing message that states in part, "Thank
5  you for calling Fiji Water. Our water is bottled at the source in the remote Fiji
6  Islands. To find out more, or to place an order...."

7      Additionally, Defendant has used the phrase "bottled at the source" on
8  various consumer and trade advertising, sell sheets, brochures, and other marketing
9  materials to accurately describe the place from which its products are bottled.
10  Exemplars of these materials will be provided in response to Request for Production
11  No. 15.

12      This lawsuit is in its initial stages and discovery is continuing. Therefore,
13  Defendant expressly reserves the right to amend, supplement and revise this
14  response as its discovery continues and as further information become available.

15  **INTERROGATORY NO. 3:**

16      Describe in detail the facts and circumstances relating to the marketing,
17  promotion, and advertising of goods and services bearing "Bottled at Source."

18  **RESPONSE TO INTERROGATORY NO. 3:**

19      Defendant incorporates by reference herein its Preliminary Statement and
20  General Objections stated above. Defendant further objects on grounds that this
21  interrogatory is overbroad in that Defendant does not provide any "services" bearing
22  "Bottled at Source." Defendant further objects on grounds that this interrogatory is
23  vague and ambiguous in that it is not clear whether Plaintiff seeks information about
24  all marketing, promotion and advertising efforts relating to goods which bear a label
25  that includes the phrase "Bottled At Source," or whether the interrogatory is limited
26  to marketing, promotion and advertising that includes the phrase "Bottled At
27  Source" on the marketing, promotion and advertising. The interrogatory is also

28

1  vague and ambiguous as to the meaning of the term "circumstances." Subject to the
2  foregoing, Defendant responds as follows:

3  After its purchase of the company in 2004, Defendant promoted Fiji® water's
4  market presence in the United States through advertising and direct marketing,
5  including internet advertising, its website <fijiwater.com>, billboard, and print in
6  both trade and consumer publications. Defendant also directs marketing efforts to
7  grocery, gourmet food, health food, and other specialty stores, delicatessens,
8  restaurants, hotels, museums, movie theatres, nightclubs, and health clubs.
9  Exemplars of Defendant's marketing and advertising materials bearing the phrase
10  "Bottled At Source" or "bottled at the source" are being provided in response to
11  Request for Production No. 15.

12  In addition to advertising and direct marketing, Defendant sponsors many
13  important charity events and contributes a portion of revenues from the sale of its
14  Fiji® water to educational programs, scholarships, and infrastructure improvements
15  in the Islands of Fiji. In connection with the marketing of Fiji Water in the United
16  States, Defendant also arranges for strategic placement of the unique Fiji Water
17  bottle in television shows and motion pictures as well as other public events.

18  This lawsuit is in its initial stages and discovery is continuing. Therefore,
19  Defendant expressly reserves the right to amend, supplement and revise this
20  response as its discovery continues and as further information become available.

21  **INTERROGATORY NO. 4:**

22  Identify all instances of actual confusion by consumers between Defendant's
23  "Bottled at Source" and Plaintiff's "BOTTLED AT THE SOURCE Mark.

24  **RESPONSE TO INTERROGATORY NO. 4:**

25  Defendant incorporates by reference herein its Preliminary Statement and
26  General Objections stated above. Subject to the foregoing, Defendant responds as
27  follows: After a diligent search and reasonable inquiry, Defendant is unaware of

28

1  any instances of actual confusion by consumers between Defendant's "Bottled at

2  Source" and Plaintiff's "BOTTLED AT THE SOURCE" Mark.

3      This lawsuit is in its initial stages and discovery is continuing. Therefore,

4  Defendant expressly reserves the right to amend, supplement and revise this

5  response as its discovery continues and as further information become available.

6  **INTERROGATORY NO. 5:**

7      Identify any and all comments, inquiries, questions, correspondence, or

8  statements from any person or entity regarding Plaintiff.

9  **RESPONSE TO INTERROGATORY NO. 5:**

10     Defendant incorporates by reference herein its Preliminary Statement and

11 General Objections stated above. Defendant further objects on grounds that this

12 interrogatory is vague, ambiguous and overbroad in that is not directed to the subject

13 matter of this lawsuit. Defendant further objects on grounds that this interrogatory

14 is unduly burdensome. Defendant further objects on the basis that this interrogatory

15 seeks information that is neither relevant to the subject matter of this action nor

16 reasonably calculated to lead to the discovery of admissible evidence.

17 **INTERROGATORY NO. 6:**

18     State all facts which evidence, refer or relate to Defendant's allegation that

19 "BOTTLED AT THE SOURCE is a generic term describing the origin of Plaintiff's

20 bottled water" as alleged in Paragraph 10 of its Counterclaims.

21 **RESPONSE TO INTERROGATORY NO. 6:**

22     Defendant incorporates by reference herein its Preliminary Statement and

23 General Objections stated above. Defendant further objects on grounds that this

24 interrogatory seeks a legal conclusion. Subject to the foregoing, Defendant

25 responds as follows:

26     The provisions of the Lanham Act concerning registration and incontestability

27 distinguish a mark that is "the common descriptive name of an article or substance"

28 from a mark that is "merely descriptive." Marks that constitute a common

LA1704080.1                11          RESPONSE TO INTERROGATORIES, SET
207103 10007                                                        ONE

1  descriptive name are referred to as "generic." The phrase "bottled at the source" is
2  a generic term that simply identifies a category of goods; *i.e.* consumers do not
3  understand the phrase to refer only to Plaintiff's goods, but instead understand the
4  phrase to refer to the goods themselves. Specifically, "bottled at the source" has
5  always been or has become a common descriptive name of a genus of bottled water
6  that comes from a single source and/or is bottled at its source (such as an aquifer in
7  Fiji or an alpine spring), as opposed to bottled water that comes from the tap or from
8  multiple sources or is bottled somewhere other than the natural source. The phrase
9  does nothing to uniquely identify Plaintiff's goods or distinguish them from those of
10 others. This is made clear by the fact that several other bottled water products on
11 the market in the United States and worldwide also use this phrase alongside their
12 house mark to describe the place where their products are bottled. For example,
13 Defendant is currently aware that at least the following bottled water products
14 currently on the market in the United States use the phrase "bottled at the source" or
15 "bottled at source" on their trade dress and/or advertising materials: "Eden Springs",
16 "S. Pellegrino", "Hawaiian Springs", "Island Chill," "Jana Water," and "Montaqua
17 Water." Additionally, the phrase is routinely used in other contexts to describe the
18 place of origin of various goods. As such, the mark is a generic mark for which no
19 trademark protection is warranted.

20      This lawsuit is in its initial stages and discovery is continuing. Therefore,
21 Defendant expressly reserves the right to amend, supplement and revise this
22 response as its discovery continues and as further information become available.

23 **INTERROGATORY NO. 7:**

24      State all facts which evidence, refer or relate to Defendant's allegation that
25 "BOTTLED AT THE SOURCE is descriptive of the goods offered for sale by
26 Roxane and thus cannot serve to identify Roxane as the source of those goods" as
27 alleged in Paragraph 11 of its Counterclaims.

28

1 **RESPONSE TO INTERROGATORY NO. 7:**

2       Defendant incorporates by reference herein its Preliminary Statement and
3 General Objections stated above. Defendant further objects on grounds that this
4 interrogatory seeks a legal conclusion. Subject to the foregoing, Defendant
5 responds as follows:

6       The phrase "bottled at the source" is a merely descriptive phrase that simply
7 describes the qualities or characteristics of Plaintiff's product – water that is bottled
8 at its source. There is no evidence to show that consumers uniquely associate the
9 phrase "bottled at the source" with Plaintiff. The phrase is widely used by
10 Plaintiff's competitors in the bottled water market along with their house mark to
11 describe the source of origin of a given product. The phrase is also commonly used
12 in the industry to describe a type of bottled water that comes from a single source
13 and/or is bottled at its source. For example, Defendant is currently aware that at
14 least the following bottled water products currently on the market in the United
15 States use the phrase "bottled at the source" or "bottled at source" on their trade
16 dress and/or advertising materials: "Eden Springs", "S. Pellegrino", "Hawaiian
17 Springs", "Island Chill," "Jana Water," and "Montaqua Water." Additionally, the
18 phrase is routinely used in other contexts to describe the place where various goods
19 are bottled. Nothing suggests the consumers see this mark as anything other than a
20 common description of origin or that the term is in any way linked in consumers'
21 minds with Plaintiff. As such, the phrase is descriptive.

22       This lawsuit is in its initial stages and discovery is continuing. Therefore,
23 Defendant expressly reserves the right to amend, supplement and revise this
24 response as its discovery continues and as further information become available.

25 **INTERROGATORY NO. 8:**

26       State all facts which evidence, refer or relate to Defendant's allegation that
27 "[t]he BOTTLED AT THE SOURCE mark has not acquired secondary meaning in

28

1  the marketplace and thus has not become distinctive" as alleged in Paragraph 12 of
2  its Counterclaims.

3  **RESPONSE TO INTERROGATORY NO. 8:**

4  Defendant incorporates by reference herein its Preliminary Statement and
5  General Objections stated above. Defendant further objects on grounds that this
6  interrogatory seeks a legal conclusion. Subject to the foregoing, Defendant
7  responds as follows:

8  The phrase "bottled at the source" is a merely descriptive phrase that simply
9  describes the qualities or characteristics of Plaintiff's product and has not acquired
10  any secondary meaning to create an association between the phrase and any specific
11  product. This is made clear by the fact that several other bottled water products on
12  the market in the United States also use this phrase alongside their house mark to
13  describe the place where their products come from. For example, Defendant is
14  currently aware that at least the following bottled water products currently on the
15  market in the United States use the phrase "bottled at the source" or "bottled at
16  source" on their trade dress and/or advertising materials: "Eden Springs", "S.
17  Pellegrino", "Hawaiian Springs", "Island Chill," "Jana Water," and "Montaqua
18  Water." Additionally, the phrase is routinely used in other contexts to describe the
19  place of origin of various goods. All of this shows that the phrase has not acquired
20  any secondary meaning in the marketplace and thus has not become distinctive.

21  This lawsuit is in its initial stages and discovery is continuing. Therefore,
22  Defendant expressly reserves the right to amend, supplement and revise this
23  response as its discovery continues and as further information become available.

24  **INTERROGATORY NO. 9:**

25  State all facts which evidence, refer or relate to Defendant's allegation that
26  "Defendants have been damaged and are likely to continue to be damaged by
27  registration of the BOTTLED AT THE SOURCE" as alleged in Paragraph 14 of its
28  Counterclaims.

14

1    **RESPONSE TO INTERROGATORY NO. 9:**

2    Defendant incorporates by reference herein its Preliminary Statement and
3    General Objections stated above. Subject to the foregoing, Defendant responds as
4    follows:

5    Defendant has been damaged by Plaintiff's registration of the generic and/or
6    descriptive phrase "bottled at the source" in that Plaintiff impermissibly seeks to
7    obtain a monopoly on the generic and/or descriptive phrase and prevent Defendant
8    from accurately describing the place where its products are bottled. Defendant has
9    and is also likely to suffer actual damages as a result of Plaintiff's registration of the
10   "Bottled at the Source" mark in that, should Plaintiff be successful in obtaining
11   trademark protection for its generic and/or descriptive mark, Defendant could be
12   required to change the text of its packaging, website and marketing materials at
13   great expense and effort to Defendant.

14   This lawsuit is in its initial stages and discovery is continuing. Therefore,
15   Defendant expressly reserves the right to amend, supplement and revise this
16   response as its discovery continues and as further information become available.

17   **INTERROGATORY NO. 10:**

18   State all facts which evidence, refer or relate to Defendant's allegation that
19   "Roxane's trademark registration for the term 'bottled at the source,' Registration
20   No. 2,779,047, must be canceled pursuant to Section 14 of the Lanham Act, 15
21   U.S.C. § 1064" as alleged in Paragraph 15 of its Counterclaims.

22   **RESPONSE TO INTERROGATORY NO. 10:**

23   Defendant incorporates by reference herein its Preliminary Statement and
24   General Objections stated above. Defendant further objects on grounds that this
25   interrogatory seeks a legal conclusion. Subject to the foregoing, Defendant
26   responds as follows:

27   The provisions of the Lanham Act concerning registration and incontestability
28   distinguish a mark that is "the common descriptive name of an article or substance"

LA1704080.1
207102-10007

15

RESPONSE TO INTERROGATORIES, SET
ONE

1  from a mark that is "merely descriptive." Marks that constitute a common

2  descriptive name are referred to as "generic." Generic terms are not registrable, and

3  a registered mark may be canceled at any time on the grounds that it has become

4  generic. *See* 15 U.S.C. §§ 1052, 1064(c). Plaintiff's registration of the term

5  "bottled at the source" must be cancelled because it is a generic term describing the

6  origin of Plaintiff's product and neither identifies Plaintiff's goods or services or

7  distinguishes Plaintiff's goods or services from those of others.

8      Alternatively, a "merely descriptive" mark describes the qualities or

9  characteristics of a good or service, and this type of mark may be registered only if

10  the registrant shows that it has acquired secondary meaning, *i.e.,* it "has become

11  distinctive of the applicant's goods in commerce." *See* 15 U.S.C. §§ 1052(e), (f).

12  Plaintiff's registration must be cancelled because the term is descriptive of the goods

13  offered for sale by Plaintiff and has not acquired secondary meaning in the

14  marketplace or otherwise become distinctive.

15      This lawsuit is in its initial stages and discovery is continuing. Therefore,

16  Defendant expressly reserves the right to amend, supplement and revise this

17  response as its discovery continues and as further information become available.

18  **INTERROGATORY NO. 11:**

19      State all projections and forecasts of sales for any good or service marketed or

20  sold bearing "Bottled at Source."

21  **RESPONSE TO INTERROGATORY NO. 11:**

22      Defendant incorporates by reference herein its Preliminary Statement and

23  General Objections stated above. Defendant further objects on grounds that this

24  interrogatory is overbroad in that Defendant does not market or sell any "services"

25  bearing "Bottled at Source" and is overly broad and unduly burdensome in that it is

26  unlimited as to time and scope. Defendant further objects on grounds that this

27  interrogatory is vague and ambiguous as to the meaning of the term "projections and

28

1 | forecasts of sales." Defendant further objects on grounds that this interrogatory

2 | seeks proprietary, confidential, trade secret, or commercially sensitive information.

3 | **INTERROGATORY NO. 12:**

4 | Describe in detail Defendant's plans for future expansion of goods bearing

5 | "Bottled at Source."

6 | **RESPONSE TO INTERROGATORY NO. 12:**

7 | Defendant incorporates by reference herein its Preliminary Statement and

8 | General Objections stated above. Defendant further objects on grounds that this

9 | interrogatory seeks proprietary, confidential, trade secret, or commercially sensitive

10 | information. Defendant further objects on grounds that this interrogatory is vague

11 | and ambiguous as to the meaning of "plans for future expansion of goods." Subject

12 | to the foregoing, Defendant responds as follows:

13 | Defendant currently has no plans to sell goods other than those presently on

14 | the market, though it may begin selling those goods in additional markets at some

15 | point in the future.

16 | This lawsuit is in its initial stages and discovery is continuing. Therefore,

17 | Defendant expressly reserves the right to amend, supplement and revise this

18 | response as its discovery continues and as further information become available.

19 | **INTERROGATORY NO. 13:**

20 | Describe in detail the actual channel of distribution in the United States for

21 | goods bearing "Bottled at Source."

22 | **RESPONSE TO INTERROGATORY NO. 13:**

23 | Defendant incorporates by reference herein its Preliminary Statement and

24 | General Objections stated above. Defendant further objects on grounds that this

25 | interrogatory is vague and ambiguous as to the meaning of "actual channel of

26 | distribution." Subject to the foregoing, Defendant responds as follows:

27 |

28 |

1    Defendant's products are sold in at least the following channels: retail

2 (grocery, convenience and natural products stores); on premises (hotels, restaurants,

3 spas and similar establishments); and home delivery.

4    This lawsuit is in its initial stages and discovery is continuing.  Therefore,

5 Defendant expressly reserves the right to amend, supplement and revise this

6 response as its discovery continues and as further information become available.

7 **INTERROGATORY NO. 14:**

8    State the number of customers annually to whom Defendant has provided

9 goods bearing "Bottled at Source."

10 **RESPONSE TO INTERROGATORY NO. 14:**

11    Defendant incorporates by reference herein its Preliminary Statement and

12 General Objections stated above.  Defendant further objects on grounds that this

13 interrogatory seeks proprietary, confidential, trade secret, or commercially sensitive

14 information.  Defendant further objects on grounds that this interrogatory is overly

15 broad and unduly burdensome, in that it is impossible for Defendant to determine

16 with any reasonable precision the number of customers who have received goods

17 bearing the phrase "bottled at the source."

18

19

20 Dated: November 30, 2007            LOEB & LOEB LLP
                                      MARK D. CAMPBELL

21

22                                    By: _____

23                                        Mark D. Campbell
                                          Attorneys for Defendants
24                                        FIJI WATER COMPANY LLC

25

26

27

28

## **VERIFICATION**

1    I, John Cochran, declare as follows:

2    I have read the foregoing document entitled Defendant's Responses to Plaintiff's

3    First Set of Interrogatories and know its contents.

4    I am an Officer of Fiji Water Company LLC, a party to this action, and am

5    authorized to make this verification for and on its behalf, and I make this verification for

6    that reason.

7    The matters stated in the foregoing document are true of my own knowledge.

8    Executed on November 30, 2007, at Los Angeles, California.

9    I declare under penalty of perjury under the laws of the United States of America

10    that the foregoing is true and correct.

11

12

13                          JOHN COCHRAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

DEFENDANT'S RESPONSE TO FIRST SET OF
INTERROGATORIES

# PROOF OF SERVICE

I, Dolores A. Gameros, the undersigned, declare that:

I am employed in the County of Los Angeles, State of California, over the age of 18, and not a party to this cause. My business address is 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, California 90067-4120.

On November 30, 2007, I served a true copy of the **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** on the parties in this cause as follows:

[X]    (VIA U.S. MAIL) by placing the above named document in a sealed envelope addressed as set forth below, or on the attached service list and by then placing such sealed envelope for collection and mailing with the United States Postal Service in accordance with Loeb & Loeb LLP's ordinary business practices.

[X]    (VIA EMAIL) I caused the transmission of the above-named documents(s) to the email address set forth below, or on the attached service list.

| | |
|---|---|
| Yano L. Rubinstein, Esq. | Derek A. Eletich, Esq. |
| Trevor A. Caudle, Esq. | LAW OFFICE OF DEREK A. ELETICH |
| RUBINSTEIN LAW GROUP | 155 Forest Avenue |
| 116 New Montgomery Street | Palo Alto, California 94301 |
| Suite 742 | email: derekeletich@earthlink.net |
| San Francisco, California 94105 | |
| email: yrubinstein@rublaw.com | |

I am readily familiar with Loeb & Loeb LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service and Overnight Delivery Service. That practice includes the deposit of all correspondence with the United States Postal Service and/or Overnight Delivery Service the same day it is collected and processed.

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

1       I declare under penalty of perjury under the laws of the State of California

2  that the foregoing is true and correct.

3       Executed on November 30, 2007, at Los Angeles, California.

5  Dolores A. Garrieros