# EXHIBIT E

1  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
2  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
3  Los Angeles, California 90067-4120
   Telephone:  310-282-2000
4  Facsimile:  310-282-2200

5  ANDREW E. ASCH (SBN 198857)
   aasch@roll.com
6  SARAH C. ABBOTT (SBN 231863)
   sabbott@roll.com
7  ROLL INTERNATIONAL CORPORATION-LEGAL DEPT.
   11444 West Olympic Boulevard, 10th Floor
8  Los Angeles, California 90064-1557
   Telephone:  310-966-5700
9  Facsimile:  310-966-5758

10 Attorneys for Defendants
   FIJI WATER COMPANY LLC
11

12                  UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                       SAN JOSE DIVISION

15

16
   CG ROXANE LLC, a California limited )   Case No.  C-07-2258-RMW
17 liability company,                   )
                                        )   **DEFENDANT'S RESPONSE TO**
18              Plaintiff,              )   **PLAINTIFF'S REQUEST FOR**
                                        )   **PRODUCTION OF DOCUMENT**
19         v.                           )   **AND THINGS**
                                        )
20 FIJI WATER COMPANY LLC, a            )
   Delaware limited liability company; FIJI )
21 WATER COMPANY HOLDINGS              )
   LLC, a Delaware limited liability    )
22 company; PARAMOUNT                   )
   INTERNATIONAL EXPORT, LTD., a        )
23 Cayman Islands Company Limited by    )
   Shares; and DOES 1 through 20,       )
24 inclusive,                           )
                                        )
25              Defendants.             )
                                        )
26
   ————————————————————
27

28
                                         1              RESPONSE TO REQUEST FOR
   LA1692517.2                                           PRODUCTION OF DOCUMENTS
   207102-10007

1  PROPOUNDING PARTY:          Plaintiff CG ROXANE, LLC
2  RESPONDING PARTY:           Defendant FIJI WATER COMPANY LLC
3  SET NUMBER:                 ONE

4       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,
5  Defendant and Counterclaimant Fiji Water Company ("FWC") hereby responds and
6  objects to Plaintiff and Counterclaim Defendant CG Roxane, LLC's First Set of
7  Requests for Production of Documents and Things (the "Requests").

8                      **PRELIMINARY STATEMENT**

9       The assertion of any objection to any request is not intended to mean, and
10 shall not be construed as acknowledging or suggesting that any responsive
11 documents were in fact created or exist or that FWC has such documents in its
12 possession, custody, or control.

13      FWC's investigation and discovery with regard to the subject matter of this
14 litigation are not yet completed and are continuing. The following responses are
15 given without prejudice to FWC's right to produce or utilize subsequently
16 discovered information or documents and FWC's right to modify, supplement,
17 revise, or clarify any of its responses as appropriate.

18                      **GENERAL OBJECTIONS**

19      1.    FWC objects to the Requests to the extent that they seek documents
20 protected from disclosure by any privilege including, without limitation, the
21 attorney-client privilege, the work product doctrine, and/or any other applicable
22 privilege.

23      2.    FWC objects to the Requests, including the instructions, definitions and
24 individual requests, to the extent they seek to impose a burden on FWC greater than
25 that required by the Federal Rules of Civil Procedure or the Local Rules of the
26 Central District of California.

27      3.    FWC objects to the Requests to the extent that they are not reasonably
28 calculated to lead to the discovery of relevant and admissible evidence.

1    4.    FWC objects to the Requests to the extent that they impose an

2  obligation on FWC to provide information or produce documents for or on behalf of

3  any person or entity other than FWC and/or seeks documents or information that are

4  not in FWC's possession, custody or control.

5    5.    FWC objects to the Requests as both unduly burdensome and overly

6  broad to the extent they seek information or documents more or equally available to

7  Defendants.

8    6.    FWC objects to the requests to the extent they seek confidential, non-

9  public, proprietary, trade secret and/or commercially sensitive information. FWC

10  will only produce such documents subject to a protective order.

11    Subject to and without waiving these or any other objections or claims to

12  privileges, FWC responds as follows:

13

14          **RESPONSES TO REQUESTS FOR PRODUCTION**

15  **REQUEST FOR PRODUCTION NO. 1**:

16    Any documents identified, discussed or mentioned in Defendant's responses

17  to Plaintiff's Interrogatories to Defendant, which are being served by Plaintiff on

18  Defendant herewith.

19  **RESPONSE TO REQUEST NO. 1**:

20    FWC objects to this request to the extent that it seeks proprietary,

21  confidential, trade secret, or commercially sensitive information. FWC further

22  objects to this request to the extent that it seeks documents that are protected from

23  disclosure by the attorney-client privilege, work product doctrine, and/or other

24  applicable privilege.

25    Subject to and without waiving these or any other objections or privileges,

26  including but not limited to the foregoing General Objections, and upon the entry of

27  a suitable protective order, FWC will produce non-privileged documents responsive

28  to this Request.

1 **REQUEST FOR PRODUCTION NO. 2**:

2    Documents sufficient to establish Defendant's date and state of organization.

3 **RESPONSE TO REQUEST NO. 2**:

4    FWC objects to this request on the grounds that it is overly broad and unduly
5 burdensome. FWC further objects to this request to the extent that it is not
6 reasonably calculated to lead to the discovery of relevant and admissible evidence.
7 Finally, FWC objects to this request to the extent that it seeks documents equally
8 available to Plaintiff.

9    Subject to and without waiving these or any other objections or privileges,
10 including but not limited to the foregoing General Objections, FWC will produce
11 documents sufficient to establish FWC's date and state of organization.

12 **REQUEST FOR PRODUCTION NO. 3**:

13    Documents sufficient to establish the nature of the relationship between
14 Defendant and Defendant FIJI WATER COMPANY HOLDINGS LLC.

15 **RESPONSE TO REQUEST NO. 3**:

16    FWC objects to this request on the grounds that it is overly broad and unduly
17 burdensome. FWC further objects to this request to the extent that it is not
18 reasonably calculated to lead to the discovery of relevant and admissible evidence.
19 FWC further objects to this request to the extent that it seeks proprietary,
20 confidential, trade secret, or commercially sensitive information. Finally, FWC
21 objects to this request to the extent that it seeks documents that are protected from
22 disclosure by the attorney-client privilege, work product doctrine, and/or other
23 applicable privilege.

24 **REQUEST FOR PRODUCTION NO. 4**:

25    Documents sufficient to establish the nature of the relationship between
26 Defendant and Defendant PARAMOUNT INTERNATIONAL EXPORT, LTD.

27

28

1 **RESPONSE TO REQUEST NO. 4**:

2      FWC objects to this request on the grounds that it is overly broad and unduly

3 burdensome. FWC further objects to this request to the extent that it is not

4 reasonably calculated to lead to the discovery of relevant and admissible evidence.

5 FWC further objects to this request to the extent that it seeks proprietary,

6 confidential, trade secret, or commercially sensitive information. Finally, FWC

7 objects to this request to the extent that it seeks documents that are protected from

8 disclosure by the attorney-client privilege, work product doctrine, and/or other

9 applicable privilege.

10 **REQUEST FOR PRODUCTION NO. 5**:

11      All documents that mention, discuss, evidence, refer to or relate to

12 Defendant's first use anywhere of "Bottled at Source" in any way.

13 **RESPONSE TO REQUEST NO. 5**:

14      FWC objects to this request on the grounds that it is overly broad and unduly

15 burdensome. FWC further objects to this request to the extent that it seeks

16 proprietary, confidential, trade secret, or commercially sensitive information.

17 Finally, FWC objects to this request to the extent that it seeks documents that are

18 protected from disclosure by the attorney-client privilege, work product doctrine,

19 and/or other applicable privilege.

20      Subject to and without waiving these or any other objections or privileges,

21 including but not limited to the foregoing General Objections, and upon the entry of

22 a suitable protective order, FWC will produce non-privileged documents responsive

23 to this Request to the extent any such documents exist.

24 **REQUEST FOR PRODUCTION NO. 6**:

25      All documents that mention, discuss, evidence, refer to or relate to

26 Defendant's first use anywhere of "Bottled at the Source" in any way.

27

28

1 **RESPONSE TO REQUEST NO. 6**:

2    FWC objects to this request on the grounds that it is overly broad and unduly

3 burdensome. FWC further objects to this request to the extent that it seeks

4 proprietary, confidential, trade secret, or commercially sensitive information.

5 Finally, FWC objects to this request to the extent that it seeks documents that are

6 protected from disclosure by the attorney-client privilege, work product doctrine,

7 and/or other applicable privilege.

8    Subject to and without waiving these or any other objections or privileges,

9 including but not limited to the foregoing General Objections, and upon the entry of

10 a suitable protective order, FWC will produce non-privileged documents responsive

11 to this Request to the extent any such documents exist.

12 **REQUEST FOR PRODUCTION NO. 7**:

13    All documents that mention, discuss, evidence, refer to or relate to

14 Defendant's use of "Bottled at Source" in any way.

15 **RESPONSE TO REQUEST NO. 7**:

16    FWC objects to this request on the grounds that it is overly broad and unduly

17 burdensome. FWC further objects to this request to the extent that it seeks

18 proprietary, confidential, trade secret, or commercially sensitive information.

19 Finally, FWC objects to this request to the extent that it seeks documents that are

20 protected from disclosure by the attorney-client privilege, work product doctrine,

21 and/or other applicable privilege.

22 **REQUEST FOR PRODUCTION NO. 8**:

23    All documents that mention, discuss, evidence, refer to or relate to

24 Defendant's use of "Bottled at the Source" in any way.

25 **RESPONSE TO REQUEST NO. 8**:

26    FWC objects to this request on the grounds that it is overly broad and unduly

27 burdensome. FWC further objects to this request to the extent that it seeks

28 proprietary, confidential, trade secret, or commercially sensitive information.

1  Finally, FWC objects to this request to the extent that it seeks documents that are
2  protected from disclosure by the attorney-client privilege, work product doctrine,
3  and/or other applicable privilege.

4  **REQUEST FOR PRODUCTION NO. 9**:

5  All documents that mention, discuss evidence, refer to or relate to
6  Defendant's intended use of "Bottled at Source" in any way.

7  **RESPONSE TO REQUEST NO. 9**:

8  FWC objects to this request on the grounds that it is overly broad and unduly
9  burdensome. FWC further objects to this request to the extent that it seeks
10  proprietary, confidential, trade secret, or commercially sensitive information.
11  Finally, FWC objects to this request to the extent that it seeks documents that are
12  protected from disclosure by the attorney-client privilege, work product doctrine,
13  and/or other applicable privilege.

14  **REQUEST FOR PRODUCTION NO. 10**:

15  All documents that mention, discuss evidence, refer to or relate to
16  Defendant's intended use of "Bottled at the Source" in any way.

17  **RESPONSE TO REQUEST NO. 10**:

18  FWC objects to this request on the grounds that it is overly broad and unduly
19  burdensome. FWC further objects to this request to the extent that it seeks
20  proprietary, confidential, trade secret, or commercially sensitive information.
21  Finally, FWC objects to this request to the extent that it seeks documents that are
22  protected from disclosure by the attorney-client privilege, work product doctrine,
23  and/or other applicable privilege.

24  **REQUEST FOR PRODUCTION NO. 11**:

25  All documents that mention, discuss, describe, refer to or relate to
26  Defendant's decision to use "Bottled at Source."

27

28

RESPONSE TO REQUEST FOR
PRODUCTION OF DOCUMENTS

1 **RESPONSE TO REQUEST NO. 11**:

2      FWC objects to this request on the grounds that it is overly broad and unduly
3 burdensome. FWC further objects to this request to the extent that it seeks
4 proprietary, confidential, trade secret, or commercially sensitive information. FWC
5 further objects to this request to the extent that it seeks documents that are protected
6 from disclosure by the attorney-client privilege, work product doctrine, and/or other
7 applicable privilege. Finally, FWC objects to this request to the extent it suggests
8 that a "decision" to use "Bottled at Source" was made by FWC.

9      Subject to and without waiving these or any other objections or privileges,
10 including but not limited to the foregoing General Objections, and upon the entry of
11 a suitable protective order, FWC will produce non-privileged documents responsive
12 to this Request to the extent any such documents exist.

13 **REQUEST FOR PRODUCTION NO. 12**:

14      All documents that mention, discuss, describe, refer to or relate to
15 Defendant's decision to use "Bottled at the Source."

16 **RESPONSE TO REQUEST NO. 12**:

17      FWC objects to this request on the grounds that it is overly broad and unduly
18 burdensome. FWC further objects to this request to the extent that it seeks
19 proprietary, confidential, trade secret, or commercially sensitive information.
20 Finally, FWC objects to this request to the extent that it seeks documents that are
21 protected from disclosure by the attorney-client privilege, work product doctrine,
22 and/or other applicable privilege. Finally, FWC objects to this request to the extent
23 it suggests that a "decision" to use "Bottled at the Source" was made by FWC.

24      Subject to and without waiving these or any other objections or privileges,
25 including but not limited to the foregoing General Objections, and upon the entry of
26 a suitable protective order, FWC will produce non-privileged documents responsive
27 to this Request to the extent any such documents exist.

28

1  **REQUEST FOR PRODUCTION NO. 13**:

2     All documents that mention, discuss or constitute advertisements in any
3  medium in which Defendant has used "Bottled at Source."

4  **RESPONSE TO REQUEST NO. 13**:

5     FWC objects to this request on the grounds that it is overly broad and unduly
6  burdensome. FWC further objects to this request to the extent that it seeks
7  proprietary, confidential, trade secret, or commercially sensitive information.
8  Finally, FWC objects to this request to the extent that it seeks documents that are
9  protected from disclosure by the attorney-client privilege, work product doctrine,
10  and/or other applicable privilege.

11     Subject to and without waiving these or any other objections or privileges,
12  including but not limited to the foregoing General Objections, and upon the entry of
13  a suitable protective order, FWC will produce non-privileged documents responsive
14  to this Request.

15  **REQUEST FOR PRODUCTION NO. 14**:

16     All documents that mention, discuss or constitute advertisements in any
17  medium in which Defendant has used "Bottled at the Source."

18  **RESPONSE TO REQUEST NO. 14**:

19     FWC objects to this request on the grounds that it is overly broad and unduly
20  burdensome. FWC further objects to this request to the extent that it seeks
21  proprietary, confidential, trade secret, or commercially sensitive information.
22  Finally, FWC objects to this request to the extent that it seeks documents that are
23  protected from disclosure by the attorney-client privilege, work product doctrine,
24  and/or other applicable privilege.

25     Subject to and without waiving these or any other objections or privileges,
26  including but not limited to the foregoing General Objections, and upon the entry of
27  a suitable protective order, FWC will produce non-privileged documents responsive
28  to this Request.

**REQUEST FOR PRODUCTION NO. 15**:

One exemplar of every item including, but not limited to, stationery, envelopes, labels, tags, stickers, containers, packages or products ever used or sold by Defendant bearing "Bottled at Source."

**RESPONSE TO REQUEST NO. 15**:

FWC objects to this request on the grounds that it is overly broad and unduly burdensome. FWC further objects to this request to the extent that it seeks proprietary, confidential, trade secret, or commercially sensitive information. Finally, FWC objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, work product doctrine, and/or other applicable privilege.

Subject to and without waiving these or any other objections or privileges, including but not limited to the foregoing General Objections, and upon the entry of a suitable protective order, FWC will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16**:

One exemplar of every item including, but not limited to, stationery, envelopes, labels, tags, stickers, containers, packages or products ever used or sold by Defendant bearing "Bottled at the Source."

**RESPONSE TO REQUEST NO. 16**:

FWC objects to this request on the grounds that it is overly broad and unduly burdensome. FWC further objects to this request to the extent that it seeks proprietary, confidential, trade secret, or commercially sensitive information. Finally, FWC objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, work product doctrine, and/or other applicable privilege.

Subject to and without waiving these or any other objections or privileges, including but not limited to the foregoing General Objections, and upon the entry of

1 a suitable protective order, FWC will produce non-privileged documents responsive
2 to this Request.

3 **REQUEST FOR PRODUCTION NO. 17**:

4 All documents that mention, discuss, refer to or relate to Defendant's
5 marketing of goods bearing "Bottled at Source" including, but not limited to,
6 marketing plans, advertising plans, strategic business plans, and market research.

7 **RESPONSE TO REQUEST NO. 17**:

8 FWC objects to this request on the grounds that it is overly broad and unduly
9 burdensome. FWC further objects to this request to the extent that it seeks
10 proprietary, confidential, trade secret, or commercially sensitive information. FWC
11 further objects to this request to the extent that it is not reasonably calculated to lead
12 to the discovery of relevant and admissible evidence. Finally, FWC objects to this
13 request to the extent that it seeks documents that are protected from disclosure by
14 the attorney-client privilege, work product doctrine, and/or other applicable
15 privilege.

16 Subject to and without waiving these or any other objections or privileges,
17 including but not limited to the foregoing General Objections, and upon the entry of
18 a suitable protective order, FWC will produce non-privileged, relevant, documents
19 responsive to this Request.

20 **REQUEST FOR PRODUCTION NO. 18**:

21 All documents that mention, discuss, refer to or relate to Defendant's
22 marketing of goods bearing "Bottled at the Source" including, but not limited to,
23 marketing plans, advertising plans, strategic business plans, and market research.

24 **RESPONSE TO REQUEST NO. 18**:

25 FWC objects to this request on the grounds that it is overly broad and unduly
26 burdensome. FWC further objects to this request to the extent that it seeks
27 proprietary, confidential, trade secret, or commercially sensitive information. FWC
28 further objects to this request to the extent that it is not reasonably calculated to lead

RESPONSE TO REQUEST FOR
PRODUCTION OF DOCUMENTS

1   to the discovery of relevant and admissible evidence. Finally, FWC objects to this
2   request to the extent that it seeks documents that are protected from disclosure by
3   the attorney-client privilege, work product doctrine, and/or other applicable
4   privilege.

5        Subject to and without waiving these or any other objections or privileges,
6   including but not limited to the foregoing General Objections, and upon the entry of
7   a suitable protective order, FWC will produce non-privileged, relevant, documents
8   responsive to this Request.

9   **REQUEST FOR PRODUCTION NO. 19**:

10       All documents that mention, discuss, constitute, refer to or relate to any
11   trademark searches or investigations concerning "Bottled at Source" conducted by
12   or on behalf of Defendant at any time.

13   **RESPONSE TO REQUEST NO. 19**:

14       FWC objects to this request on the grounds that it is overly broad and unduly
15   burdensome. FWC further objects to this request to the extent that it seeks
16   proprietary, confidential, trade secret, or commercially sensitive information.
17   Finally, FWC objects to this request to the extent that it seeks documents that are
18   protected from disclosure by the attorney-client privilege, work product doctrine,
19   and/or other applicable privilege.

20   **REQUEST FOR PRODUCTION NO. 20**:

21       All documents that mention, discuss, constitute, refer to or relate to any
22   trademark searches or investigations concerning "Bottled at the Source" conducted
23   by or on behalf of Defendant at any time.

24   **RESPONSE TO REQUEST NO. 20**:

25       FWC objects to this request on the grounds that it is overly broad and unduly
26   burdensome. FWC further objects to this request to the extent that it seeks
27   proprietary, confidential, trade secret, or commercially sensitive information.
28   Finally, FWC objects to this request to the extent that it seeks documents that are

RESPONSE TO REQUEST FOR
PRODUCTION OF DOCUMENTS

1 protected from disclosure by the attorney-client privilege, work product doctrine,
2 and/or other applicable privilege.

3 **REQUEST FOR PRODUCTION NO. 21**:

4     All documents that mention, discuss, constitute, refer to or relate to any
5 research, reports, surveys or studies conducted by or on behalf of Defendant relating
6 to consumer or customer perception of any mark or name that includes the term
7 "Bottled at Source."

8 **RESPONSE TO REQUEST NO. 21**:

9     FWC objects to this request on the grounds that it is overly broad and unduly
10 burdensome. FWC further objects to this request to the extent that it seeks
11 proprietary, confidential, trade secret, or commercially sensitive information.
12 Finally, FWC objects to this request to the extent that it seeks documents that are
13 protected from disclosure by the attorney-client privilege, work product doctrine,
14 and/or other applicable privilege.

15     Subject to and without waiving these or any other objections or privileges,
16 including but not limited to the foregoing General Objections, there are no
17 documents in FWC's possession, custody, or control responsive to this request.

18 **REQUEST FOR PRODUCTION NO. 22**:

19     All documents that mention, discuss, constitute, refer to or relate to any
20 research, reports, surveys or studies conducted by or on behalf of Defendant relating
21 to consumer or customer perception of any mark or name that includes the term
22 "Bottled at the Source."

23 **RESPONSE TO REQUEST NO. 22**:

24     FWC objects to this request on the grounds that it is overly broad and unduly
25 burdensome. FWC further objects to this request to the extent that it seeks
26 proprietary, confidential, trade secret, or commercially sensitive information.
27 Finally, FWC objects to this request to the extent that it seeks documents that are
28

13

RESPONSE TO REQUEST FOR

1 | protected from disclosure by the attorney-client privilege, work product doctrine,
2 | and/or other applicable privilege.

3 |     Subject to and without waiving these or any other objections or privileges,
4 | including but not limited to the foregoing General Objections, there are no
5 | documents in FWC's possession, custody, or control responsive to this request.

6 | **REQUEST FOR PRODUCTION NO. 23**:

7 |     All documents that mention, discuss, refer to or relate to actual consumer
8 | confusion or the likelihood of confusion stemming from Defendant's use of "Bottled
9 | at Source."

10 | **RESPONSE TO REQUEST NO. 23**:

11 |     FWC objects to this request on the grounds that it is overly broad and unduly
12 | burdensome. FWC further objects to this request to the extent that it seeks
13 | proprietary, confidential, trade secret, or commercially sensitive information.
14 | Finally, FWC objects to this request to the extent that it seeks documents that are
15 | protected from disclosure by the attorney-client privilege, work product doctrine,
16 | and/or other applicable privilege.

17 |     Subject to and without waiving these or any other objections or privileges,
18 | including but not limited to the foregoing General Objections, there are no
19 | documents in FWC's possession, custody, or control responsive to this request.

20 | **REQUEST FOR PRODUCTION NO. 24**:

21 |     All documents that mention, discuss, refer to or relate to actual consumer
22 | confusion or the likelihood of confusion stemming from Defendant's use of "Bottled
23 | at the Source."

24 | **RESPONSE TO REQUEST NO. 24**:

25 |     FWC objects to this request on the grounds that it is overly broad and unduly
26 | burdensome. FWC further objects to this request to the extent that it seeks
27 | proprietary, confidential, trade secret, or commercially sensitive information.
28 | Finally, FWC objects to this request to the extent that it seeks documents that are

1  protected from disclosure by the attorney-client privilege, work product doctrine,
2  and/or other applicable privilege.

3      Subject to and without waiving these or any other objections or privileges,
4  including but not limited to the foregoing General Objections, there are no
5  documents in FWC's possession, custody, or control responsive to this request.

6  **REQUEST FOR PRODUCTION NO. 25**:

7      All documents that mention, discuss, constitute, refer to or relate to any
8  agreement(s) between Defendant and third parties concerning use of "Bottled at
9  Source" including, but not limited to, license agreements, consent agreements,
10  coexistence agreements, and settlement agreements.

11  **RESPONSE TO REQUEST NO. 25**:

12      FWC objects to this request on the grounds that it is overly broad and unduly
13  burdensome. FWC further objects to this request to the extent that it seeks
14  proprietary, confidential, trade secret, or commercially sensitive information.
15  Finally, FWC objects to this request to the extent that it seeks documents that are
16  protected from disclosure by the attorney-client privilege, work product doctrine,
17  and/or other applicable privilege.

18      Subject to and without waiving these or any other objections or privileges,
19  including but not limited to the foregoing General Objections, there are no
20  documents in FWC's possession, custody, or control responsive to this request.

21  **REQUEST FOR PRODUCTION NO. 26**:

22      All documents that mention, discuss, constitute, refer to or relate to any
23  agreement(s) between Defendant and third parties concerning use of "Bottled at the
24  Source" including, but not limited to, license agreements, consent agreements,
25  coexistence agreements, and settlement agreements.

26  **RESPONSE TO REQUEST NO. 26**:

27      FWC objects to this request on the grounds that it is overly broad and unduly
28  burdensome. FWC further objects to this request to the extent that it seeks

1 | proprietary, confidential, trade secret, or commercially sensitive information.

2 | Finally, FWC objects to this request to the extent that it seeks documents that are

3 | protected from disclosure by the attorney-client privilege, work product doctrine,

4 | and/or other applicable privilege.

5 |       Subject to and without waiving these or any other objections or privileges,

6 | including but not limited to the foregoing General Objections, there are no

7 | documents in FWC's possession, custody, or control responsive to this request.

8 | **REQUEST FOR PRODUCTION NO. 27**:

9 |       All documents that mention, discuss, refer to or relate to Plaintiff.

10 | **RESPONSE TO REQUEST NO. 27**:

11 |       FWC objects to this request on the grounds that it is overly broad and unduly

12 | burdensome. FWC further objects to this request to the extent that it seeks

13 | proprietary, confidential, trade secret, or commercially sensitive information.

14 | Finally, FWC objects to this request to the extent that it seeks documents that are

15 | protected from disclosure by the attorney-client privilege, work product doctrine,

16 | and/or other applicable privilege.

17 | **REQUEST FOR PRODUCTION NO. 28**:

18 |       All documents that mention, discuss, refer to or relate to the BOTTLED AT

19 | THE SOURCE Mark.

20 | **RESPONSE TO REQUEST NO. 28**:

21 |       FWC objects to this request on the grounds that it is overly broad and unduly

22 | burdensome. FWC further objects to this request to the extent that it seeks

23 | proprietary, confidential, trade secret, or commercially sensitive information.

24 | Finally, FWC objects to this request to the extent that it seeks documents that are

25 | protected from disclosure by the attorney-client privilege, work product doctrine,

26 | and/or other applicable privilege.

27 |

28 |

RESPONSE TO REQUEST FOR
PRODUCTION OF DOCUMENTS

1 **REQUEST FOR PRODUCTION NO. 29**:

2      All documents that mention, discuss, describe, refer to or relate to the

3 circumstances under which Defendant first learned of the existence of the

4 BOTTLED AT THE SOURCE Mark.

5 **RESPONSE TO REQUEST NO. 29**:

6      FWC objects to this request on the grounds that it is overly broad and unduly

7 burdensome. FWC further objects to this request to the extent that it seeks

8 proprietary, confidential, trade secret, or commercially sensitive information.

9 Finally, FWC objects to this request to the extent that it seeks documents that are

10 protected from disclosure by the attorney-client privilege, work product doctrine,

11 and/or other applicable privilege.

12      Subject to and without waiving these or any other objections or privileges,

13 including but not limited to the foregoing General Objections, and upon the entry of

14 a suitable protective order, FWC will produce non-privileged documents responsive

15 to this Request to the extent any such document exist.

16 **REQUEST FOR PRODUCTION NO. 30**:

17      All documents that mention, discuss, refer to or relate to any comments,

18 inquiries, questions, correspondence, or statements from any person or entity

19 regarding Plaintiff.

20 **RESPONSE TO REQUEST NO. 30**:

21      FWC objects to this request on the grounds that it is overly broad and unduly

22 burdensome. FWC further objects to this request to the extent that it seeks

23 proprietary, confidential, trade secret, or commercially sensitive information.

24 Finally, FWC objects to this request to the extent that it seeks documents that are

25 protected from disclosure by the attorney-client privilege, work product doctrine,

26 and/or other applicable privilege.

27

28

1 **REQUEST FOR PRODUCTION NO. 31**:

2     All documents that mention, discuss, refer to or relate to any comments,
3 inquiries, questions, correspondence, or statements from any person or entity
4 regarding Defendant's use of "Bottled at Source."

5 **RESPONSE TO REQUEST NO. 31**:

6     FWC objects to this request on the grounds that it is overly broad and unduly
7 burdensome. FWC further objects to this request to the extent that it seeks
8 proprietary, confidential, trade secret, or commercially sensitive information.
9 Finally, FWC objects to this request to the extent that it seeks documents that are
10 protected from disclosure by the attorney-client privilege, work product doctrine,
11 and/or other applicable privilege.

12     Subject to and without waiving these or any other objections or privileges,
13 including but not limited to the foregoing General Objections, and upon the entry of
14 a suitable protective order, FWC will produce non-privileged documents responsive
15 to this Request to the extent any such documents exist.

16 **REQUEST FOR PRODUCTION NO. 32**:

17     All documents that mention, discuss, refer to or relate to any comments,
18 inquiries, questions, correspondence, or statements from any person or entity
19 regarding Plaintiff's goods or services.

20 **RESPONSE TO REQUEST NO. 32**:

21     FWC objects to this request on the grounds that it is overly broad and unduly
22 burdensome. FWC further objects to this request to the extent that it is not
23 reasonably calculated to lead to the discovery of relevant and admissible evidence.
24 FWC further objects to this request to the extent that it seeks proprietary,
25 confidential, trade secret, or commercially sensitive information. Finally, FWC
26 objects to this request to the extent that it seeks documents that are protected from
27 disclosure by the attorney-client privilege, work product doctrine, and/or other
28 applicable privilege.

RESPONSE TO REQUEST FOR
PRODUCTION OF DOCUMENTS

1 | **REQUEST FOR PRODUCTION NO. 33**:

2       All documents that mention, discuss, evidence, refer to or relate to
3 | Defendant's First Affirmative Defense contained in its Answer.

4 | **RESPONSE TO REQUEST NO. 33**:

5       FWC objects to this request on the grounds that it is overly broad and unduly
6 | burdensome. FWC further objects to this request to the extent that it seeks
7 | proprietary, confidential, trade secret, or commercially sensitive information.
8 | Finally, FWC objects to this request to the extent that it seeks documents that are
9 | protected from disclosure by the attorney-client privilege, work product doctrine,
10 | and/or other applicable privilege.

11       Subject to and without waiving these or any other objections or privileges,
12 | including but not limited to the foregoing General Objections, and upon the entry of
13 | a suitable protective order, FWC will produce non-privileged documents responsive
14 | to this Request.

15 | **REQUEST FOR PRODUCTION NO. 34**:

16       All documents that mention, discuss, evidence, refer to or relate to
17 | Defendant's Second Affirmative Defense contained in its Answer.

18 | **RESPONSE TO REQUEST NO. 34**:

19       FWC objects to this request on the grounds that it is overly broad and unduly
20 | burdensome. FWC further objects to this request to the extent that it seeks
21 | proprietary, confidential, trade secret, or commercially sensitive information.
22 | Finally, FWC objects to this request to the extent that it seeks documents that are
23 | protected from disclosure by the attorney-client privilege, work product doctrine,
24 | and/or other applicable privilege.

25       Subject to and without waiving these or any other objections or privileges,
26 | including but not limited to the foregoing General Objections, and upon the entry of
27 | a suitable protective order, FWC will produce non-privileged documents responsive
28 | to this Request.

1 **REQUEST FOR PRODUCTION NO. 35**:

2      All documents that mention, discuss, evidence, refer to or relate to

3 Defendant's Third Affirmative Defense contained in its Answer.

4 **RESPONSE TO REQUEST NO. 35**:

5      FWC objects to this request on the grounds that it is overly broad and unduly

6 burdensome. FWC further objects to this request to the extent that it seeks

7 proprietary, confidential, trade secret, or commercially sensitive information.

8 Finally, FWC objects to this request to the extent that it seeks documents that are

9 protected from disclosure by the attorney-client privilege, work product doctrine,

10 and/or other applicable privilege.

11      Subject to and without waiving these or any other objections or privileges,

12 including but not limited to the foregoing General Objections, and upon the entry of

13 a suitable protective order, FWC will produce non-privileged documents responsive

14 to this Request.

15 **REQUEST FOR PRODUCTION NO. 36**:

16      All documents that mention, discuss, evidence, refer to or relate to

17 Defendant's Fourth Affirmative Defense contained in its Answer.

18 **RESPONSE TO REQUEST NO. 36**:

19      FWC objects to this request on the grounds that it is overly broad and unduly

20 burdensome. FWC further objects to this request to the extent that it seeks

21 proprietary, confidential, trade secret, or commercially sensitive information.

22 Finally, FWC objects to this request to the extent that it seeks documents that are

23 protected from disclosure by the attorney-client privilege, work product doctrine,

24 and/or other applicable privilege.

25      Subject to and without waiving these or any other objections or privileges,

26 including but not limited to the foregoing General Objections, and upon the entry of

27 a suitable protective order, FWC will produce non-privileged documents responsive

28 to this Request.

1 **REQUEST FOR PRODUCTION NO. 37**:

2      All documents that mention, discuss, evidence, refer to or relate to

3 Defendant's Fifth Affirmative Defense contained in its Answer.

4 **RESPONSE TO REQUEST NO. 37**:

5      FWC objects to this request on the grounds that it is overly broad and unduly

6 burdensome. FWC further objects to this request to the extent that it seeks

7 proprietary, confidential, trade secret, or commercially sensitive information.

8 Finally, FWC objects to this request to the extent that it seeks documents that are

9 protected from disclosure by the attorney-client privilege, work product doctrine,

10 and/or other applicable privilege.

11      Subject to and without waiving these or any other objections or privileges,

12 including but not limited to the foregoing General Objections, and upon the entry of

13 a suitable protective order, FWC will produce non-privileged documents responsive

14 to this Request.

15 **REQUEST FOR PRODUCTION NO. 38**:

16      All documents that mention, discuss, evidence, refer to or relate to

17 Defendant's Sixth Affirmative Defense contained in its Answer.

18 **RESPONSE TO REQUEST NO. 38**:

19      FWC objects to this request on the grounds that it is overly broad and unduly

20 burdensome. FWC further objects to this request to the extent that it seeks

21 proprietary, confidential, trade secret, or commercially sensitive information.

22 Finally, FWC objects to this request to the extent that it seeks documents that are

23 protected from disclosure by the attorney-client privilege, work product doctrine,

24 and/or other applicable privilege.

25      Subject to and without waiving these or any other objections or privileges,

26 including but not limited to the foregoing General Objections, and upon the entry of

27 a suitable protective order, FWC will produce non-privileged documents responsive

28 to this Request.

1 **REQUEST FOR PRODUCTION NO. 39**:

2    All documents that mention, discuss, evidence, refer to or relate to
3 Defendant's Seventh Affirmative Defense contained in its Answer.

4 **RESPONSE TO REQUEST NO. 39**:

5    FWC objects to this request on the grounds that it is overly broad and unduly
6 burdensome. FWC further objects to this request to the extent that it seeks
7 proprietary, confidential, trade secret, or commercially sensitive information.
8 Finally, FWC objects to this request to the extent that it seeks documents that are
9 protected from disclosure by the attorney-client privilege, work product doctrine,
10 and/or other applicable privilege.

11    Subject to and without waiving these or any other objections or privileges,
12 including but not limited to the foregoing General Objections, and upon the entry of
13 a suitable protective order, FWC will produce non-privileged documents responsive
14 to this Request.

15 **REQUEST FOR PRODUCTION NO. 40**:

16    All documents that mention, discuss, evidence, refer to or relate to
17 Defendant's Eighth Affirmative Defense contained in its Answer.

18 **RESPONSE TO REQUEST NO. 40**:

19    FWC objects to this request on the grounds that it is overly broad and unduly
20 burdensome. FWC further objects to this request to the extent that it seeks
21 proprietary, confidential, trade secret, or commercially sensitive information.
22 Finally, FWC objects to this request to the extent that it seeks documents that are
23 protected from disclosure by the attorney-client privilege, work product doctrine,
24 and/or other applicable privilege.

25    Subject to and without waiving these or any other objections or privileges,
26 including but not limited to the foregoing General Objections, and upon the entry of
27 a suitable protective order, FWC will produce non-privileged documents responsive
28 to this Request.

1 **REQUEST FOR PRODUCTION NO. 41**:

2    All documents that mention, discuss, evidence, refer to or relate to

3 Defendant's Ninth Affirmative Defense contained in its Answer.

4 **RESPONSE TO REQUEST NO. 41**:

5    FWC objects to this request on the grounds that it is overly broad and unduly

6 burdensome. FWC further objects to this request to the extent that it seeks

7 proprietary, confidential, trade secret, or commercially sensitive information.

8 Finally, FWC objects to this request to the extent that it seeks documents that are

9 protected from disclosure by the attorney-client privilege, work product doctrine,

10 and/or other applicable privilege.

11    Subject to and without waiving these or any other objections or privileges,

12 including but not limited to the foregoing General Objections, and upon the entry of

13 a suitable protective order, FWC will produce non-privileged documents responsive

14 to this Request.

15 **REQUEST FOR PRODUCTION NO. 42**:

16    All documents that mention, discuss, evidence, refer to or relate to

17 Defendants Tenth Affirmative Defense contained in its Answer.

18 **RESPONSE TO REQUEST NO. 42**:

19    FWC objects to this request on the grounds that it is overly broad and unduly

20 burdensome. FWC further objects to this request to the extent that it seeks

21 proprietary, confidential, trade secret, or commercially sensitive information.

22 Finally, FWC objects to this request to the extent that it seeks documents that are

23 protected from disclosure by the attorney-client privilege, work product doctrine,

24 and/or other applicable privilege.

25    Subject to and without waiving these or any other objections or privileges,

26 including but not limited to the foregoing General Objections, and upon the entry of

27 a suitable protective order, FWC will produce non-privileged documents responsive

28 to this Request.

1 **REQUEST FOR PRODUCTION NO. 43**:

2       All documents that mention, discuss, evidence, refer to or relate to

3 Defendant's Eleventh Affirmative Defense contained in its Answer.

4 **RESPONSE TO REQUEST NO. 43**:

5       FWC objects to this request on the grounds that it is overly broad and unduly

6 burdensome. FWC further objects to this request to the extent that it seeks

7 proprietary, confidential, trade secret, or commercially sensitive information.

8 Finally, FWC objects to this request to the extent that it seeks documents that are

9 protected from disclosure by the attorney-client privilege, work product doctrine,

10 and/or other applicable privilege.

11       Subject to and without waiving these or any other objections or privileges,

12 including but not limited to the foregoing General Objections, and upon the entry of

13 a suitable protective order, FWC will produce non-privileged documents responsive

14 to this Request.

15 **REQUEST FOR PRODUCTION NO. 44**:

16       All documents that mention, discuss, evidence, refer to or relate to

17 Defendant's allegation that "BOTTLED AT THE SOURCE is a generic term

18 describing the origin of Plaintiff's bottled water" as alleged in Paragraph 10 of its

19 Counterclaims.

20 **RESPONSE TO REQUEST NO. 44**:

21       FWC objects to this request on the grounds that it is overly broad and unduly

22 burdensome. FWC further objects to this request to the extent that it seeks

23 proprietary, confidential, trade secret, or commercially sensitive information.

24 Finally, FWC objects to this request to the extent that it seeks documents that are

25 protected from disclosure by the attorney-client privilege, work product doctrine,

26 and/or other applicable privilege.

27       Subject to and without waiving these or any other objections or privileges,

28 including but not limited to the foregoing General Objections, and upon the entry of

1  a suitable protective order, FWC will produce non-privileged documents responsive
2  to this Request.

3  **REQUEST FOR PRODUCTION NO. 45**:

4      All documents that mention, discuss, evidence, refer to or relate to
5  Defendant's allegation that "BOTTLED AT THE SOURCE is a generic term
6  describing the origin of Plaintiffs bottled water" as alleged in Paragraph 10 of its
7  Counterclaims.

8  **RESPONSE TO REQUEST NO. 45**:

9      FWC objects to this request on the grounds that it is overly broad and unduly
10  burdensome. FWC further objects to this request to the extent that it seeks
11  proprietary, confidential, trade secret, or commercially sensitive information.
12  Finally, FWC objects to this request to the extent that it seeks documents that are
13  protected from disclosure by the attorney-client privilege, work product doctrine,
14  and/or other applicable privilege.

15      Subject to and without waiving these or any other objections or privileges,
16  including but not limited to the foregoing General Objections, and upon the entry of
17  a suitable protective order, FWC will produce non-privileged documents responsive
18  to this Request.

19  **REQUEST FOR PRODUCTION NO. 46**:

20      All documents that mention, discuss, evidence, refer to or relate to
21  Defendant's allegation that "BOTTLED AT THE SOURCE is descriptive of the
22  goods offered for sale by Roxane and thus cannot serve to identify Roxane as the
23  source of those goods" as alleged in Paragraph 11 of its Counterclaims.

24  **RESPONSE TO REQUEST NO. 46**:

25      FWC objects to this request on the grounds that it is overly broad and unduly
26  burdensome. FWC further objects to this request to the extent that it seeks
27  proprietary, confidential, trade secret, or commercially sensitive information.
28  Finally, FWC objects to this request to the extent that it seeks documents that are

1    protected from disclosure by the attorney-client privilege, work product doctrine,
2    and/or other applicable privilege.

3        Subject to and without waiving these or any other objections or privileges,
4    including but not limited to the foregoing General Objections, and upon the entry of
5    a suitable protective order, FWC will produce non-privileged documents responsive
6    to this Request.

7    **REQUEST FOR PRODUCTION NO. 47**:

8        All documents that mention, discuss, evidence, refer to or relate to
9    Defendant's allegation that "[t]he BOTTLED AT THE SOURCE mark has not
10   acquired secondary meaning in the marketplace and thus has not become
11   distinctive" as alleged in Paragraph 12 of its Counterclaims.

12   **RESPONSE TO REQUEST NO. 47**:

13       FWC objects to this request on the grounds that it is overly broad and unduly
14   burdensome.  FWC further objects to this request to the extent that it seeks
15   proprietary, confidential, trade secret, or commercially sensitive information.
16   Finally, FWC objects to this request to the extent that it seeks documents that are
17   protected from disclosure by the attorney-client privilege, work product doctrine,
18   and/or other applicable privilege.

19       Subject to and without waiving these or any other objections or privileges,
20   including but not limited to the foregoing General Objections, and upon the entry of
21   a suitable protective order, FWC will produce non-privileged documents responsive
22   to this Request.

23   **REQUEST FOR PRODUCTION NO. 48**:

24       All documents that mention, discuss, evidence, refer to or relate to
25   Defendant's allegation that "Defendants have been damaged and are likely to
26   continue to be damaged by registration of the BOTTLED AT THE SOURCE" as
27   alleged in Paragraph 14 of its Counterclaims.

28

1 **RESPONSE TO REQUEST NO. 48**:

2     FWC objects to this request on the grounds that it is overly broad and unduly
3 burdensome. FWC further objects to this request to the extent that it seeks
4 proprietary, confidential, trade secret, or commercially sensitive information.
5 Finally, FWC objects to this request to the extent that it seeks documents that are
6 protected from disclosure by the attorney-client privilege, work product doctrine,
7 and/or other applicable privilege.

8     Subject to and without waiving these or any other objections or privileges,
9 including but not limited to the foregoing General Objections, and upon the entry of
10 a suitable protective order, FWC will produce non-privileged documents responsive
11 to this Request.

12 **REQUEST FOR PRODUCTION NO. 49**:

13     All documents that mention, discuss, evidence, refer to or relate to
14 Defendant's allegation that "Roxane's trademark registration for the term bottled at
15 the source,' Registration No. 2,779,047, must be canceled pursuant to Section 14 of
16 the Lanham Act, 15 U.S.C. § 1064" as alleged in Paragraph 15 of its Counterclaims.

17 **RESPONSE TO REQUEST NO. 49**:

18     FWC objects to this request on the grounds that it is overly broad and unduly
19 burdensome. FWC further objects to this request to the extent that it seeks
20 proprietary, confidential, trade secret, or commercially sensitive information.
21 Finally, FWC objects to this request to the extent that it seeks documents that are
22 protected from disclosure by the attorney-client privilege, work product doctrine,
23 and/or other applicable privilege.

24     Subject to and without waiving these or any other objections or privileges,
25 including but not limited to the foregoing General Objections, and upon the entry of
26 a suitable protective order, FWC will produce non-privileged documents responsive
27 to this Request.

28

1  **REQUEST FOR PRODUCTION NO. 50**:

2      All documents that mention, discuss, evidence, refer to or relate to the
3  established, likely-to-continue trade channels for Defendant's goods bearing
4  "Bottled at Source" including but not limited to, the methods and channels by which
5  Defendant has marketed, sold or offered for sale any good bearing "Bottled at
6  Source."

7  **RESPONSE TO REQUEST NO. 50**:

8      FWC objects to this request on the grounds that it is overly broad and unduly
9  burdensome. FWC further objects to this request to the extent that it is not
10 reasonably calculated to lead to the discovery of relevant and admissible evidence.
11 FWC further objects to this request to the extent that it seeks proprietary,
12 confidential, trade secret, or commercially sensitive information. Finally, FWC
13 objects to this request to the extent that it seeks documents that are protected from
14 disclosure by the attorney-client privilege, work product doctrine, and/or other
15 applicable privilege.

16 **REQUEST FOR PRODUCTION NO. 51**:

17     All documents that mention, discuss, evidence, refer to or relate to the
18 established, likely-to-continue trade channels for Defendant's goods bearing
19 "Bottled at the Source" including but not limited to, the methods and channels by
20 which Defendant has marketed, sold or offered for sale any good bearing "Bottled at
21 the Source."

22 **RESPONSE TO REQUEST NO. 51**:

23     FWC objects to this request on the grounds that it is overly broad and unduly
24 burdensome. FWC further objects to this request to the extent that it is not
25 reasonably calculated to lead to the discovery of relevant and admissible evidence.
26 FWC further objects to this request to the extent that it seeks proprietary,
27 confidential, trade secret, or commercially sensitive information. Finally, FWC
28 objects to this request to the extent that it seeks documents that are protected from

1  disclosure by the attorney-client privilege, work product doctrine, and/or other

2  applicable privilege.

3  **REQUEST FOR PRODUCTION NO. 52**:

4      All documents that mention, discuss evidence, refer to or relate to the amount

5  in dollars of sales done on a monthly basis of goods bearing "Bottled at Source"

6  from the inception of Defendant's use of "Bottled at Source" through the end of

7  September 2007.

8  **RESPONSE TO REQUEST NO. 52**:

9      FWC objects to this request on the grounds that it is overly broad and unduly

10 burdensome. FWC further objects to this request to the extent that it is not

11 reasonably calculated to lead to the discovery of relevant and admissible evidence.

12 FWC further objects to this request to the extent that it seeks proprietary,

13 confidential, trade secret, or commercially sensitive information. Finally, FWC

14 objects to this request to the extent that it seeks documents that are protected from

15 disclosure by the attorney-client privilege, work product doctrine, and/or other

16 applicable privilege.

17 **REQUEST FOR PRODUCTION NO. 53**:

18     All documents that mention, discuss evidence, refer to or relate to the amount

19 in dollars of sales done on a monthly basis of goods bearing "Bottled at the Source"

20 from the inception of Defendant's use of "Bottled at the Source" through the end of

21 September 2007.

22 **RESPONSE TO REQUEST NO. 53**:

23     FWC objects to this request on the grounds that it is overly broad and unduly

24 burdensome. FWC further objects to this request to the extent that it is not

25 reasonably calculated to lead to the discovery of relevant and admissible evidence.

26 FWC further objects to this request to the extent that it seeks proprietary,

27 confidential, trade secret, or commercially sensitive information. Finally, FWC

28 objects to this request to the extent that it seeks documents that are protected from

1 | disclosure by the attorney-client privilege, work product doctrine, and/or other
2 | applicable privilege.

3 | **REQUEST FOR PRODUCTION NO. 54**:

4 | All documents that mention, discuss evidence, refer to or relate to the amount
5 | in units of sales done on a monthly basis of goods bearing "Bottled at Source" from
6 | the inception of Defendant's use of "Bottled at Source" through the end of
7 | September 2007.

8 | **RESPONSE TO REQUEST NO. 54**:

9 | FWC objects to this request on the grounds that it is overly broad and unduly
10 | burdensome. FWC further objects to this request to the extent that it is not
11 | reasonably calculated to lead to the discovery of relevant and admissible evidence.
12 | FWC further objects to this request to the extent that it seeks proprietary,
13 | confidential, trade secret, or commercially sensitive information. Finally, FWC
14 | objects to this request to the extent that it seeks documents that are protected from
15 | disclosure by the attorney-client privilege, work product doctrine, and/or other
16 | applicable privilege.

17 | **REQUEST FOR PRODUCTION NO. 55**:

18 | All documents that mention, discuss evidence, refer to or relate to the amount
19 | in units of sales done on a monthly basis of goods bearing "Bottled at the Source"
20 | from the inception of Defendant's use of "Bottled at the Source" through the end of
21 | September 2007.

22 | **RESPONSE TO REQUEST NO. 55**:

23 | FWC objects to this request on the grounds that it is overly broad and unduly
24 | burdensome. FWC further objects to this request to the extent that it is not
25 | reasonably calculated to lead to the discovery of relevant and admissible evidence.
26 | FWC further objects to this request to the extent that it seeks proprietary,
27 | confidential, trade secret, or commercially sensitive information. Finally, FWC
28 | objects to this request to the extent that it seeks documents that are protected from

RESPONSE TO REQUEST FOR
PRODUCTION OF DOCUMENTS

1 disclosure by the attorney-client privilege, work product doctrine, and/or other
2 applicable privilege.

3 **REQUEST FOR PRODUCTION NO. 56**:

4 All documents that mention, discuss evidence, refer to or relate to the amount
5 in dollars spent on a monthly basis on advertising and marketing goods bearing
6 "Bottled at Source" from the inception of Defendant's use of "Bottled at Source"
7 through the end of September 2007.

8 **RESPONSE TO REQUEST NO. 56**:

9 FWC objects to this request on the grounds that it is overly broad and unduly
10 burdensome. FWC further objects to this request to the extent that it is not
11 reasonably calculated to lead to the discovery of relevant and admissible evidence.
12 FWC further objects to this request to the extent that it seeks proprietary,
13 confidential, trade secret, or commercially sensitive information. Finally, FWC
14 objects to this request to the extent that it seeks documents that are protected from
15 disclosure by the attorney-client privilege, work product doctrine, and/or other
16 applicable privilege.

17 **REQUEST FOR PRODUCTION NO. 57**:

18 All documents that mention, discuss evidence, refer to or relate to the amount
19 in dollars spent on a monthly basis on advertising and marketing goods bearing
20 "Bottled at the Source" from the inception of Defendant's use of "Bottled at the
21 Source" through the end of September 2007.

22 **RESPONSE TO REQUEST NO. 57**:

23 FWC objects to this request on the grounds that it is overly broad and unduly
24 burdensome. FWC further objects to this request to the extent that it is not
25 reasonably calculated to lead to the discovery of relevant and admissible evidence.
26 FWC further objects to this request to the extent that it seeks proprietary,
27 confidential, trade secret, or commercially sensitive information. Finally, FWC
28 objects to this request to the extent that it seeks documents that are protected from

1   disclosure by the attorney-client privilege, work product doctrine, and/or other
2   applicable privilege.

3   **REQUEST FOR PRODUCTION NO. 58**:

4        All documents that mention, discuss evidence, refer to or relate to the costs on
5   a monthly basis associated with the manufacturing, marketing and selling of goods
6   bearing "Bottled at Source" from the inception of Defendant's use of "Bottled at
7   Source" through the end of September 2007.

8   **RESPONSE TO REQUEST NO. 58**:

9        FWC objects to this request on the grounds that it is overly broad and unduly
10  burdensome. FWC further objects to this request to the extent that it is not
11  reasonably calculated to lead to the discovery of relevant and admissible evidence.
12  FWC further objects to this request to the extent that it seeks proprietary,
13  confidential, trade secret, or commercially sensitive information. Finally, FWC
14  objects to this request to the extent that it seeks documents that are protected from
15  disclosure by the attorney-client privilege, work product doctrine, and/or other
16  applicable privilege.

17  **REQUEST FOR PRODUCTION NO. 59**:

18       All documents that mention, discuss evidence, refer to or relate to the costs on
19  a monthly basis associated with the manufacturing, marketing and selling of goods
20  bearing "Bottled at the Source" from the inception of Defendant's use of "Bottled at
21  the Source" through the end of September 2007.

22  **RESPONSE TO REQUEST NO. 59**:

23       FWC objects to this request on the grounds that it is overly broad and unduly
24  burdensome. FWC further objects to this request to the extent that it is not
25  reasonably calculated to lead to the discovery of relevant and admissible evidence.
26  FWC further objects to this request to the extent that it seeks proprietary,
27  confidential, trade secret, or commercially sensitive information. Finally, FWC
28  objects to this request to the extent that it seeks documents that are protected from

LA1692517.2                          32                   RESPONSE TO REQUEST FOR
                                                          PRODUCTION OF DOCUMENTS

1  disclosure by the attorney-client privilege, work product doctrine, and/or other
2  applicable privilege.

3  **REQUEST FOR PRODUCTION NO. 60**:

4        Income statements that mention, discuss evidence, refer to or relate to the
5  marketing and selling of goods bearing "Bottled at Source" from the inception of
6  Defendant's use of "Bottled at the Source" through the end of September 2007.

7  **RESPONSE TO REQUEST NO. 60**:

8        FWC objects to this request on the grounds that it is overly broad and unduly
9  burdensome. FWC further objects to this request to the extent that it is not
10 reasonably calculated to lead to the discovery of relevant and admissible evidence.
11 FWC further objects to this request to the extent that it seeks proprietary,
12 confidential, trade secret, or commercially sensitive information. Finally, FWC
13 objects to this request to the extent that it seeks documents that are protected from
14 disclosure by the attorney-client privilege, work product doctrine, and/or other
15 applicable privilege.

16 **REQUEST FOR PRODUCTION NO. 61**:

17       Income statements that mention, discuss evidence, refer to or relate to the
18 marketing and selling of goods bearing "Bottled at the Source" from the inception of
19 Defendant's use of "Bottled at the Source" through the end of September 2007.

20 **RESPONSE TO REQUEST NO. 61**:

21       FWC objects to this request on the grounds that it is overly broad and unduly
22 burdensome. FWC further objects to this request to the extent that it is not
23 reasonably calculated to lead to the discovery of relevant and admissible evidence.
24 FWC further objects to this request to the extent that it seeks proprietary,
25 confidential, trade secret, or commercially sensitive information. Finally, FWC
26 objects to this request to the extent that it seeks documents that are protected from
27 disclosure by the attorney-client privilege, work product doctrine, and/or other
28 applicable privilege.

1 | **REQUEST FOR PRODUCTION NO. 62**:

2 |     Defendant's balance sheets from the inception of Defendant's use of "Bottled

3 | at Source" through the end of September 2007.

4 | **RESPONSE TO REQUEST NO. 62**:

5 |     FWC objects to this request on the grounds that it is overly broad and unduly

6 | burdensome. FWC further objects to this request to the extent that it is not

7 | reasonably calculated to lead to the discovery of relevant and admissible evidence.

8 | FWC further objects to this request to the extent that it seeks proprietary,

9 | confidential, trade secret, or commercially sensitive information. Finally, FWC

10 | objects to this request to the extent that it seeks documents that are protected from

11 | disclosure by the attorney-client privilege, work product doctrine, and/or other

12 | applicable privilege.

13 | **REQUEST FOR PRODUCTION NO. 63**:

14 |     Defendant's balance sheets from the inception of Defendant's use of "Bottled

15 | at the Source" through the end of September 2007.

16 | **RESPONSE TO REQUEST NO. 63**:

17 |     FWC objects to this request on the grounds that it is overly broad and unduly

18 | burdensome. FWC further objects to this request to the extent that it is not

19 | reasonably calculated to lead to the discovery of relevant and admissible evidence.

20 | FWC further objects to this request to the extent that it seeks proprietary,

21 | confidential, trade secret, or commercially sensitive information. Finally, FWC

22 | objects to this request to the extent that it seeks documents that are protected from

23 | disclosure by the attorney-client privilege, work product doctrine, and/or other

24 | applicable privilege.

25 | **REQUEST FOR PRODUCTION NO. 64**:

26 |     All documents that mention, discuss evidence, refer to or relate to the to any

27 | transfer pricing calculations or compliance for sales of goods bearing "Bottled at

28 |

1 | Source" from the inception of Defendant's use of "Bottled at Source" through the

2 | end of September 2007.

3 | **RESPONSE TO REQUEST NO. 64**:

4 | FWC objects to this request on the grounds that it is overly broad and unduly

5 | burdensome. FWC further objects to this request to the extent that it is not

6 | reasonably calculated to lead to the discovery of relevant and admissible evidence.

7 | FWC further objects to this request to the extent that it seeks proprietary,

8 | confidential, trade secret, or commercially sensitive information. Finally, FWC

9 | objects to this request to the extent that it seeks documents that are protected from

10 | disclosure by the attorney-client privilege, work product doctrine, and/or other

11 | applicable privilege.

12 | **REQUEST FOR PRODUCTION NO. 65**:

13 | All documents that mention, discuss evidence, refer to or relate to the to any

14 | transfer pricing calculations or compliance for sales of goods bearing "Bottled at the

15 | Source" from the inception of Defendant's use of "Bottled at the Source" through

16 | the end of September 2007.

17 | **RESPONSE TO REQUEST NO. 65**:

18 | FWC objects to this request on the grounds that it is overly broad and unduly

19 | burdensome. FWC further objects to this request to the extent that it is not

20 | reasonably calculated to lead to the discovery of relevant and admissible evidence.

21 | FWC further objects to this request to the extent that it seeks proprietary,

22 | confidential, trade secret, or commercially sensitive information. Finally, FWC

23 | objects to this request to the extent that it seeks documents that are protected from

24 | disclosure by the attorney-client privilege, work product doctrine, and/or other

25 | applicable privilege.

26

27

28

1 **REQUEST FOR PRODUCTION NO. 66**:

2    All documents that mention, discuss evidence, refer to or relate to the
3 valuation of the FIJI water brand from the inception of Defendant's use of "Bottled
4 at Source" through the end of September 2007.

5 **RESPONSE TO REQUEST NO. 66**:

6    FWC objects to this request on the grounds that it is overly broad and unduly
7 burdensome. FWC further objects to this request to the extent that it is not
8 reasonably calculated to lead to the discovery of relevant and admissible evidence.
9 FWC further objects to this request to the extent that it seeks proprietary,
10 confidential, trade secret, or commercially sensitive information. Finally, FWC
11 objects to this request to the extent that it seeks documents that are protected from
12 disclosure by the attorney-client privilege, work product doctrine, and/or other
13 applicable privilege.

14 **REQUEST FOR PRODUCTION NO. 67**:

15    All documents that mention, discuss evidence, refer to or relate to the
16 valuation of the FIJI water brand from the inception of Defendant's use of "Bottled
17 at the Source" through the end of September 2007.

18 **RESPONSE TO REQUEST NO. 67**:

19    FWC objects to this request on the grounds that it is overly broad and unduly
20 burdensome. FWC further objects to this request to the extent that it is not
21 reasonably calculated to lead to the discovery of relevant and admissible evidence.
22 FWC further objects to this request to the extent that it seeks proprietary,
23 confidential, trade secret, or commercially sensitive information. Finally, FWC
24 objects to this request to the extent that it seeks documents that are protected from
25 disclosure by the attorney-client privilege, work product doctrine, and/or other
26 applicable privilege.

27

28

1 **REQUEST FOR PRODUCTION NO. 68**:

2    All documents that mention, discuss, evidence, refer to or relate to
3 communications with the United States Patent and Trademark Office that mention,
4 discuss, constitute refer to or relate to the BOTTLED AT THE SOURCE Mark.

5 **RESPONSE TO REQUEST NO. 68**:

6    FWC objects to this request on the grounds that it is overly broad and unduly
7 burdensome. FWC further objects to this request to the extent that it seeks
8 proprietary, confidential, trade secret, or commercially sensitive information.
9 Finally, FWC objects to this request to the extent that it seeks documents that are
10 protected from disclosure by the attorney-client privilege, work product doctrine,
11 and/or other applicable privilege.

12    Subject to and without waiving these or any other objections or privileges,
13 including but not limited to the foregoing General Objections, and upon the entry of
14 a suitable protective order, FWC will produce non-privileged documents responsive
15 to this Request.

16 **REQUEST FOR PRODUCTION NO. 69**:

17    Documents sufficient to identify each of Defendant's past and current
18 corporate entities, affiliates, divisions, groups or other functional units.

19 **RESPONSE TO REQUEST NO. 69**:

20    FWC objects to this request on the grounds that it is overly broad and unduly
21 burdensome. FWC further objects to this request to the extent that it is not
22 reasonably calculated to lead to the discovery of relevant and admissible evidence.
23 FWC further objects to this request to the extent that it seeks proprietary,
24 confidential, trade secret, or commercially sensitive information. Finally, FWC
25 objects to this request to the extent that it seeks documents that are protected from
26 disclosure by the attorney-client privilege, work product doctrine, and/or other
27 applicable privilege.

28

RESPONSE TO REQUEST FOR
PRODUCTION OF DOCUMENTS

1 | **REQUEST FOR PRODUCTION NO. 70**:

2 |     Documents sufficient to identify each of Defendant's past and current
3 | managers.

4 | **RESPONSE TO REQUEST NO. 70**:

5 |     FWC objects to this request on the grounds that it is overly broad and unduly
6 | burdensome. FWC further objects to this request to the extent that it is not
7 | reasonably calculated to lead to the discovery of relevant and admissible evidence.
8 | FWC further objects to this request to the extent that it seeks proprietary,
9 | confidential, trade secret, or commercially sensitive information. Finally, FWC
10 | objects to this request to the extent that it seeks documents that are protected from
11 | disclosure by the attorney-client privilege, work product doctrine, and/or other
12 | applicable privilege.

13 | **REQUEST FOR PRODUCTION NO. 71**:

14 |     Documents sufficient to identify each of Defendant's past and current
15 | members.

16 | **RESPONSE TO REQUEST NO. 71**:

17 |     FWC objects to this request on the grounds that it is overly broad and unduly
18 | burdensome. FWC further objects to this request to the extent that it is not
19 | reasonably calculated to lead to the discovery of relevant and admissible evidence.
20 | FWC further objects to this request to the extent that it seeks proprietary,
21 | confidential, trade secret, or commercially sensitive information. FWC further
22 | objects to this request in that it is vague and ambiguous as to the meaning of the
23 | term "members." Finally, FWC objects to this request to the extent that it seeks
24 | documents that are protected from disclosure by the attorney-client privilege, work
25 | product doctrine, and/or other applicable privilege.

26 | **REQUEST FOR PRODUCTION NO. 72**:

27 |     Documents sufficient to identify each of Defendant's past and current
28 | employees, representatives or agents that have had or intend to have responsibility

1 for the sale, marketing, advertising, development or provision of any good or service

2 provided or to be provided bearing "Bottled at Source."

3 **RESPONSE TO REQUEST NO. 72**:

4      FWC objects to this request on the grounds that it is overly broad and unduly

5 burdensome. FWC further objects to this request to the extent that it seeks

6 proprietary, confidential, trade secret, or commercially sensitive information.

7 Finally, FWC objects to this request to the extent that it seeks documents that are

8 protected from disclosure by the attorney-client privilege, work product doctrine,

9 and/or other applicable privilege.

10 **REQUEST FOR PRODUCTION NO. 73**:

11      Documents sufficient to identify each of Defendant's past and current

12 employees, representatives or agents that have had or intend to have responsibility

13 for the sale, marketing, advertising, development or provision of any good or service

14 provided or to be provided bearing "Bottled at the Source."

15 **RESPONSE TO REQUEST NO. 73**:

16      FWC objects to this request on the grounds that it is overly broad and unduly

17 burdensome. FWC further objects to this request to the extent that it seeks

18 proprietary, confidential, trade secret, or commercially sensitive information.

19 Finally, FWC objects to this request to the extent that it seeks documents that are

20 protected from disclosure by the attorney-client privilege, work product doctrine,

21 and/or other applicable privilege.

22 **REQUEST FOR PRODUCTION NO. 74**:

23      All documents that mention, discuss, refer to or relate to the any evidence

24 Defendant plans to introduce into evidence in this action including, but not limited

25 to, expert witness reports.

26 **RESPONSE TO REQUEST NO. 74**:

27      FWC objects to this request on the grounds that it is overly broad and unduly

28 burdensome. FWC further objects to this request to the extent that it seeks

1  documents that are protected from disclosure by the attorney-client privilege, work
2  product doctrine, and/or other applicable privilege. Finally, FWC objects to this
3  request as premature under Fed. R. Civ. P. 26. FWC will produce expert discovery
4  consistent with the Federal Rules of Civil Procedure and the Court's scheduling
5  order.

6
7  Dated: November 30, 2007          LOEB & LOEB LLP
                                     MARK D. CAMPBELL
8
9  By: _____
                                     Mark D. Campbell
10                                   Attorneys for Defendants
                                     FIJI WATER COMPANY LLC
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    **PROOF OF SERVICE**

2

3    I, Dolores A. Gameros, the undersigned, declare that:

4    I am employed in the County of Los Angeles, State of California, over the age

5    of 18, and not a party to this cause. My business address is 10100 Santa Monica

6    Boulevard, Suite 2200, Los Angeles, California 90067-4120.

7    On November 30, 2007, I served a true copy of the **DEFENDANT'S**

8    **RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

9    **AND THINGS** on the parties in this cause as follows:

10   [X]   (VIA U.S. MAIL) by placing the above named document in a sealed envelope

11   addressed as set forth below, or on the attached service list and by then placing such sealed

12   envelope for collection and mailing with the United States Postal Service in accordance

13   with Loeb & Loeb LLP's ordinary business practices.

14   [X]   (VIA EMAIL) I caused the transmission of the above-named documents(s) to the

15   email address set forth below, or on the attached service list.

16   Yano L. Rubinstein, Esq.                Derek A. Eletich, Esq.
17   Trevor A. Caudle, Esq.                  LAW OFFICE OF DEREK A. ELETICH
     RUBINSTEIN LAW GROUP                    155 Forest Avenue
18   116 New Montgomery Street               Palo Alto, California 94301
19   Suite 742                               email: derekeletich@earthlink.net
     San Francisco, California 94105
20   email: yrubinstein@rublaw.com

21

22   I am readily familiar with Loeb & Loeb LLP's practice for collecting and

23   processing correspondence for mailing with the United States Postal Service and

24   Overnight Delivery Service. That practice includes the deposit of all correspondence

25   with the United States Postal Service and/or Overnight Delivery Service the same

26   day it is collected and processed.

27   I certify that I am employed in the office of a member of the bar of this court at

28   whose direction the service was made.

LA1704009.1
207102-10007                    41

1    I declare under penalty of perjury under the laws of the State of California

2  that the foregoing is true and correct.

3    Executed on November 30, 2007, at Los Angeles, California.

4

5    _____
       Dolores A. Gameros

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28