EXHIBIT F

1 | MARK D. CAMPBELL (SBN 180528)
  | MCAMPBELL@LOEB.COM
2 | LOEB & LOEB LLP
  | 10100 Santa Monica Boulevard, Suite 2200
3 | Los Angeles, California 90067-4120
  | Telephone:   310-282-2000
4 | Facsimile:   310-282-2200

5 | ANDREW E. ASCH (SBN 198857)
  | AASCH@ROLL.COM
6 | SARAH C. ABBOTT (SBN 231863)
  | SABBOTT@ROLL.COM
7 | ROLL INTERNATIONAL CORPORATION-LEGAL DEPT.
  | 11444 West Olympic Boulevard, 10th Floor
8 | Los Angeles, California 90064-1557
  | Telephone:   310-966-5700
9 | Facsimile:   310-966-5758

10 | Attorneys for Defendants
   | FIJI WATER COMPANY LLC, FIJI
11 | WATER COMPANY HOLDINGS
   | LLC, and PARAMOUNT
12 | INTERNATIONAL EXPERT LTD.

13

14 |                UNITED STATES DISTRICT COURT

15 |              NORTHERN DISTRICT OF CALIFORNIA

16 |                     SAN JOSE DIVISION

17 | CG ROXANE LLC, a California limited )   Case No.  C-07-2258-RMW
   | liability company,                  )
18 |                                      )   Date: December 12, 2007
   |                 Plaintiff,           )   Time: 10:00 a.m.
19 |                                      )   Loc:  888 S. Figueroa Street
   |        v.                            )          Suite 840
20 |                                      )          Los Angeles, California
   | FIJI WATER COMPANY LLC, a            )
21 | Delaware limited liability company; FIJI )  **OBJECTIONS TO NOTICE OF**
   | WATER COMPANY HOLDINGS               )   **DEPOSITION OF DEFENDANT**
22 | LLC, a Delaware limited liability    )   **FIJI WATER COMPANY LLC**
   | company; PARAMOUNT                   )
23 | INTERNATIONAL EXPORT, LTD., a        )
   | Cayman Islands Company Limited by    )
24 | Shares; and DOES 1 through 20,       )
   | inclusive.                           )
25 |                                      )
   |                 Defendants.          )
26 |                                      )
   |                                      )
27 | AND RELATED COUNTERCLAIMS            )
   |                                      )
28 |

   | LA1705193 1                          OBJECTIONS TO NOTICE OF DEPOSITION
   | 207102-10007

1     Defendant Fiji Water Company LLC ("FWC") hereby objects to Plaintiff CG
2 Roxane LLC's ("Plaintiff") Notice of Deposition of Defendant Fiji Water Company
3 LLC (the "Notice of Deposition") as follows:

4 **MATTER ON WHICH EXAMINATION SOUGHT 1**:

5     The nature of the relationship between Defendant and Defendant FIJI
6 WATER COMPANY HOLDINGS LLC.

7 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 1**:

8     FWC objects to this request on the grounds that it is vague, ambiguous, and
9 overbroad. FWC further objects to this request on the grounds that it does not
10 comply with Rule 30 of the Federal Rules of Civil Procedure because it fails to
11 describe with reasonable particularity the matter upon which the examination of
12 FWC is requested.

13     Subject to, and without waiving the foregoing objections, FWC will produce a
14 witness to testify on the matter described above.

15 **MATTER ON WHICH EXAMINATION SOUGHT 2**:

16     The nature of the relationship between Defendant and Defendant
17 PARAMOUNT INTERNATIONAL EXPORT, LTD.

18 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 2**:

19     FWC objects to this request on the grounds that it is vague, ambiguous, and
20 overbroad. FWC further objects to this request on the grounds that it does not
21 comply with Rule 30 of the Federal Rules of Civil Procedure because it fails to
22 describe with reasonable particularity the matter upon which the examination of
23 FWC is requested.

24     Subject to, and without waiving the foregoing objections, FWC will produce a
25 witness to testify on the matter described above.

26 **MATTER ON WHICH EXAMINATION SOUGHT 3**:

27     Defendant's first use anywhere of "Bottled at Source" in any way.

28

1 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 3**:

2    FWC objects to this request on the grounds that it is overly broad and unduly
3 burdensome. FWC further objects to this request on the grounds that it does not
4 comply with Rule 30 of the Federal Rules of Civil Procedure because it fails to
5 describe with reasonable particularity the matter upon which the examination of
6 FWC is requested.

7    Subject to, and without waiving the foregoing objections, FWC will produce a
8 witness to testify on the matter described above.

9 **MATTER ON WHICH EXAMINATION SOUGHT 4**:

10    Defendant's use of "Bottled at Source" in any way.

11 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 4**:

12    FWC objects to this request on the grounds that it is overly broad and unduly
13 burdensome. FWC further objects to this request to the extent that it seeks
14 proprietary, confidential, trade secret, or commercially sensitive information.
15 Finally, FWC objects to this request on the grounds that it does not comply with
16 Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with
17 reasonable particularity the matter upon which the examination of FWC is
18 requested.

19    Subject to, and without waiving the foregoing objections, FWC will produce a
20 witness to testify on the matter described above upon the entry of a suitable
21 protective order.

22 **MATTER ON WHICH EXAMINATION SOUGHT 5**:

23    Defendant's intended use of "Bottled at Source" in any way.

24 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 5**:

25    FWC objects to this request on the grounds that it is overly broad and unduly
26 burdensome. FWC further objects to this request to the extent that it seeks
27 proprietary, confidential, trade secret, or commercially sensitive information.
28 Finally, FWC objects to this request on the grounds that it does not comply with

1   Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with

2   reasonable particularity the matter upon which the examination of FWC is

3   requested.

4       Subject to, and without waiving the foregoing objections, FWC will produce a

5   witness to testify on the matter described above upon the entry of a suitable

6   protective order.

7   **MATTER ON WHICH EXAMINATION SOUGHT 6**:

8       The facts and circumstances relating to Defendant's adoption and selection of

9   "Bottled at Source" including, but not limited to, the reasons Defendant adopted and

10  selected "Bottled at Source," when Defendant adopted and selected "Bottled at

11  Source," and all persons involved in the adoption, selection and clearance of

12  "Bottled at Source."

13  **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 6**:

14      FWC objects to this request on the grounds that it is overly broad and unduly

15  burdensome. FWC further objects to this request to the extent that it seeks

16  proprietary, confidential, trade secret, or commercially sensitive information.

17  Finally, FWC objects to this request on the grounds that it does not comply with

18  Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with

19  reasonable particularity the matter upon which the examination of FWC is

20  requested.

21      Subject to, and without waiving the foregoing objections, FWC will produce a

22  witness to testify on the matter described above upon the entry of a suitable

23  protective order.

24  **MATTER ON WHICH EXAMINATION SOUGHT 7**:.

25      Advertisements in any medium in which Defendant has used "Bottled at

26  Source."

27

28

**RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 7**:

FWC objects to this request on the grounds that it is overly broad and unduly burdensome. FWC further objects to this request on the grounds that it does not comply with Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with reasonable particularity the matter upon which the examination of FWC is requested.

Subject to, and without waiving the foregoing objections, FWC will produce a witness to testify on the matter described above.

**MATTER ON WHICH EXAMINATION SOUGHT 8**:

Defendant's advertising and marketing of goods bearing "Bottled at Source."

**RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 8**:

FWC objects to this request on the grounds that it is overly broad and unduly burdensome. FWC further objects to this request to the extent that it seeks proprietary, confidential, trade secret, or commercially sensitive information. Finally, FWC objects to this request on the grounds that it does not comply with Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with reasonable particularity the matter upon which the examination of FWC is requested.

Subject to, and without waiving the foregoing objections, FWC will produce a witness to testify on the matter described above upon the entry of a suitable protective order.

**MATTER ON WHICH EXAMINATION SOUGHT 9**:

Any trademark searches or investigations concerning "Bottled at Source" conducted by or on behalf of Defendant at any time.

**RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 9**:

FWC objects to this request on the grounds that it seeks testimony protected from disclosure by the attorney-client privilege, work product doctrine, and/or other applicable privileges.

1  **MATTER ON WHICH EXAMINATION SOUGHT 10**:

2       Any research, reports, surveys, or studies conducted by or on behalf of

3  Defendant relating to consumer or customer perception of any mark or name that

4  includes the term "Bottled at Source."

5  **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 10**:

6       FWC objects to this request on the grounds that it is overly broad and unduly

7  burdensome. FWC further objects to this request to the extent that it seeks

8  proprietary, confidential, trade secret, or commercially sensitive information.

9  Finally, FWC objects to this request on the grounds that it does not comply with

10 Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with

11 reasonable particularity the matter upon which the examination of FWC is

12 requested.

13      Subject to, and without waiving the foregoing objections, FWC will produce a

14 witness to testify on the matter described above.

15 **MATTER ON WHICH EXAMINATION SOUGHT 11**:

16      Any actual consumer confusion or the likelihood of confusion stemming from

17 Defendant's use of "Bottled at Source."

18 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 11**:

19      FWC objects to this request on the grounds that it is overly broad and unduly

20 burdensome. FWC further objects to this request on the grounds that it does not

21 comply with Rule 30 of the Federal Rules of Civil Procedure because it fails to

22 describe with reasonable particularity the matter upon which the examination of

23 FWC is requested.

24      Subject to, and without waiving the foregoing objections, FWC will produce a

25 witness to testify on the matter described above.

26

27

28

**MATTER ON WHICH EXAMINATION SOUGHT 12**:

Any agreement(s) between Defendant and third parties concerning use of "Bottled at Source" including, but not limited to, license agreements, consent agreements, coexistence agreements, and settlement agreements.

**RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 12**:

FWC objects to this request on the grounds that it is overly broad and unduly burdensome. FWC further objects to this request to the extent that it seeks proprietary, confidential, trade secret, or commercially sensitive information. Finally, FWC objects to this request on the grounds that it does not comply with Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with reasonable particularity the matter upon which the examination of FWC is requested.

Subject to, and without waiving the foregoing objections, FWC will produce a witness to testify on the matter described above.

**MATTER ON WHICH EXAMINATION SOUGHT 13**:

The circumstances under which Defendant first learned of the existence of BOTTLED AT THE SOURCE Mark.

**RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 13**:

FWC objects to this request on the grounds that it is overly broad and unduly burdensome. FWC further objects to this request on the grounds that it seeks testimony protected from disclosure by the attorney-client privilege, work product doctrine, and/or other applicable privileges. Finally, FWC objects to this request on the grounds that it does not comply with Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with reasonable particularity the matter upon which the examination of FWC is requested.

1  Subject to, and without waiving the foregoing objections, FWC will produce a
2  witness to testify on the matter described above.

3  **MATTER ON WHICH EXAMINATION SOUGHT 14**:

4  Any comments, inquiries, questions, correspondence, or statements from any
5  person or entity regarding Plaintiff.

6  **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 14**:

7  FWC objects to this request on the grounds that it is overly broad and unduly
8  burdensome. FWC further objects to this request to the extent that it is not
9  reasonably calculated to lead to the discovery of relevant and admissible evidence.
10  Finally, FWC objects to this request on the grounds that it does not comply with
11  Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with
12  reasonable particularity the matter upon which the examination of FWC is
13  requested.

14  **MATTER ON WHICH EXAMINATION SOUGHT 15**:

15  Any comments, inquiries, questions, correspondence, or statements from any
16  person or entity regarding Defendant's use of "Bottled at Source."

17  **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 15**:

18  FWC objects to this request on the grounds that it is overly broad and unduly
19  burdensome. FWC further objects to this request to the extent that it is not
20  reasonably calculated to lead to the discovery of relevant and admissible evidence.
21  Finally, FWC objects to this request on the grounds that it does not comply with
22  Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with
23  reasonable particularity the matter upon which the examination of FWC is
24  requested.

25  **MATTER ON WHICH EXAMINATION SOUGHT 16**:

26  Any comments, inquiries, questions, correspondence, or statements from any
27  person or entity regarding Plaintiff's goods or services.

28

LA1705193.1                           8          OBJECTIONS TO NOTICE OF DEPOSITION

1 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 16**:

2       FWC objects to this request on the grounds that it is overly broad and unduly
3 burdensome. FWC further objects to this request to the extent that it is not
4 reasonably calculated to lead to the discovery of relevant and admissible evidence.
5 Finally, FWC objects to this request on the grounds that it does not comply with
6 Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with
7 reasonable particularity the matter upon which the examination of FWC is
8 requested.

9 **MATTER ON WHICH EXAMINATION SOUGHT 17**:

10       Defendant's First Affirmative Defense Contained in its Answer.

11 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 17**:

12       FWC objects to this request on the grounds that it seeks testimony protected
13 from disclosure by the attorney-client privilege, work product doctrine, and/or other
14 applicable privileges. FWC further objects to this request on the grounds that it
15 does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
16 fails to describe with reasonable particularity the matter upon which the examination
17 of FWC is requested.

18 **MATTER ON WHICH EXAMINATION SOUGHT 18**:

19       Defendant's Second Affirmative Defense Contained in its Answer.

20 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 18**:

21       FWC objects to this request on the grounds that it seeks testimony protected
22 from disclosure by the attorney-client privilege, work product doctrine, and/or other
23 applicable privileges. FWC further objects to this request on the grounds that it
24 does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
25 fails to describe with reasonable particularity the matter upon which the examination
26 of FWC is requested.

27 **MATTER ON WHICH EXAMINATION SOUGHT 19**:

28       Defendant's Third Affirmative Defense Contained in its Answer.

1 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 19**:

2    FWC objects to this request on the grounds that it seeks testimony protected
3 from disclosure by the attorney-client privilege, work product doctrine, and/or other
4 applicable privileges. FWC further objects to this request on the grounds that it
5 does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
6 fails to describe with reasonable particularity the matter upon which the examination
7 of FWC is requested.

8 **MATTER ON WHICH EXAMINATION SOUGHT 20**:

9    Defendant's Fourth Affirmative Defense Contained in its Answer.

10 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 20**:

11    FWC objects to this request on the grounds that it seeks testimony protected
12 from disclosure by the attorney-client privilege, work product doctrine, and/or other
13 applicable privileges. FWC further objects to this request on the grounds that it
14 does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
15 fails to describe with reasonable particularity the matter upon which the examination
16 of FWC is requested.

17 **MATTER ON WHICH EXAMINATION SOUGHT 21**:

18    Defendant's Fifth Affirmative Defense Contained in its Answer.

19 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 21**:

20    FWC objects to this request on the grounds that it seeks testimony protected
21 from disclosure by the attorney-client privilege, work product doctrine, and/or other
22 applicable privileges. FWC further objects to this request on the grounds that it
23 does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
24 fails to describe with reasonable particularity the matter upon which the examination
25 of FWC is requested.

26 **MATTER ON WHICH EXAMINATION SOUGHT 22**:

27    Defendant's Sixth Affirmative Defense Contained in its Answer.

28

1  **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 22**:

2      FWC objects to this request on the grounds that it seeks testimony protected
3  from disclosure by the attorney-client privilege, work product doctrine, and/or other
4  applicable privileges. FWC further objects to this request on the grounds that it
5  does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
6  fails to describe with reasonable particularity the matter upon which the examination
7  of FWC is requested.

8  **MATTER ON WHICH EXAMINATION SOUGHT 23**:

9      Defendant's Seventh Affirmative Defense Contained in its Answer.

10  **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 23**:

11     FWC objects to this request on the grounds that it seeks testimony protected
12  from disclosure by the attorney-client privilege, work product doctrine, and/or other
13  applicable privileges. FWC further objects to this request on the grounds that it
14  does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
15  fails to describe with reasonable particularity the matter upon which the examination
16  of FWC is requested.

17  **MATTER ON WHICH EXAMINATION SOUGHT 24**:

18     Defendant's Eighth Affirmative Defense Contained in its Answer.

19  **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 24**:

20     FWC objects to this request on the grounds that it seeks testimony protected
21  from disclosure by the attorney-client privilege, work product doctrine, and/or other
22  applicable privileges. FWC further objects to this request on the grounds that it
23  does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
24  fails to describe with reasonable particularity the matter upon which the examination
25  of FWC is requested.

26  **MATTER ON WHICH EXAMINATION SOUGHT 25**:

27     Defendant's Ninth Affirmative Defense Contained in its Answer.

28

1 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 25**:

2       FWC objects to this request on the grounds that it seeks testimony protected
3 from disclosure by the attorney-client privilege, work product doctrine, and/or other
4 applicable privileges. FWC further objects to this request on the grounds that it
5 does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
6 fails to describe with reasonable particularity the matter upon which the examination
7 of FWC is requested.

8 **MATTER ON WHICH EXAMINATION SOUGHT 26**:

9       Defendant's Tenth Affirmative Defense Contained in its Answer.

10 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 26**:

11      FWC objects to this request on the grounds that it seeks testimony protected
12 from disclosure by the attorney-client privilege, work product doctrine, and/or other
13 applicable privileges. FWC further objects to this request on the grounds that it
14 does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
15 fails to describe with reasonable particularity the matter upon which the examination
16 of FWC is requested.

17 **MATTER ON WHICH EXAMINATION SOUGHT 27**:

18      Defendant's Eleventh Affirmative Defense Contained in its Answer.

19 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 27**:

20      FWC objects to this request on the grounds that it seeks testimony protected
21 from disclosure by the attorney-client privilege, work product doctrine, and/or other
22 applicable privileges. FWC further objects to this request on the grounds that it
23 does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
24 fails to describe with reasonable particularity the matter upon which the examination
25 of FWC is requested.

26

27

28

1 | **MATTER ON WHICH EXAMINATION SOUGHT 28**:

2    Defendant's allegation that "BOTTLED AT THE SOURCE is a generic term

3 describing the origin of Plaintiff's bottled water" as alleged in Paragraph 10 of its

4 Counterclaims.

5 | **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 28**:

6    FWC objects to this request on the grounds that it seeks testimony protected

7 from disclosure by the attorney-client privilege, work product doctrine, and/or other

8 applicable privileges. FWC further objects to this request on the grounds that it

9 does not comply with Rule 30 of the Federal Rules of Civil Procedure because it

10 fails to describe with reasonable particularity the matter upon which the examination

11 of FWC is requested.

12 | **MATTER ON WHICH EXAMINATION SOUGHT 29**:

13    Defendant's allegation that "BOTTLED AT THE SOURCE is a generic term

14 describing the origin of Plaintiff's bottled water" as alleged in Paragraph 10 of its

15 Counterclaims.

16 | **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 29**:

17    FWC objects to this request on the grounds that it seeks testimony protected

18 from disclosure by the attorney-client privilege, work product doctrine, and/or other

19 applicable privileges. FWC further objects to this request on the grounds that it

20 does not comply with Rule 30 of the Federal Rules of Civil Procedure because it

21 fails to describe with reasonable particularity the matter upon which the examination

22 of FWC is requested.

23 | **MATTER ON WHICH EXAMINATION SOUGHT 30**:

24    Defendant's allegation that "BOTTLED AT THE SOURCE is descriptive of

25 the goods offered for sale by Roxane and thus cannot serve to identify Roxane as the

26 source of those goods" as alleged in Paragraph 11 of its Counterclaims.

27

28

1   **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 30**:

2      FWC objects to this request on the grounds that it seeks testimony protected
3   from disclosure by the attorney-client privilege, work product doctrine, and/or other
4   applicable privileges. FWC further objects to this request on the grounds that it
5   does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
6   fails to describe with reasonable particularity the matter upon which the examination
7   of FWC is requested.

8   **MATTER ON WHICH EXAMINATION SOUGHT 31**:

9      Defendant's allegation that "BOTTLED AT THE SOURCE mark has not
10  acquired secondary meaning in the marketplace and thus has not become
11  distinctive" as alleged in Paragraph 12 of its Counterclaims.

12  **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 31**:

13     FWC objects to this request on the grounds that it seeks testimony protected
14  from disclosure by the attorney-client privilege, work product doctrine, and/or other
15  applicable privileges. FWC further objects to this request on the grounds that it
16  does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
17  fails to describe with reasonable particularity the matter upon which the examination
18  of FWC is requested.

19  **MATTER ON WHICH EXAMINATION SOUGHT 32**:

20     Defendant's allegation that "Defendants have been damaged and are likely to
21  continue to be damaged by registration of the BOTTLED AT THE SOURCE" as
22  alleged in Paragraph 14 of its Counterclaims.

23  **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 32**:

24     FWC objects to this request on the grounds that it seeks testimony protected
25  from disclosure by the attorney-client privilege, work product doctrine, and/or other
26  applicable privileges. FWC further objects to this request on the grounds that it
27  does not comply with Rule 30 of the Federal Rules of Civil Procedure because it

28

1  fails to describe with reasonable particularity the matter upon which the examination
2  of FWC is requested.

3  **MATTER ON WHICH EXAMINATION SOUGHT 33**:

4      Defendant's allegation that "Roxane's trademark registration for the term
5  'bottled at the source,' Registration No. 2,779,047, must be canceled pursuant to
6  Section 14 of the Lanham Act, 15 U.S.C. §1064" as alleged in Paragraph 15 of its
7  Counterclaims.

8  **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 33**:

9      FWC objects to this request on the grounds that it seeks testimony protected
10 from disclosure by the attorney-client privilege, work product doctrine, and/or other
11 applicable privileges. FWC further objects to this request on the grounds that it
12 does not comply with Rule 30 of the Federal Rules of Civil Procedure because it
13 fails to describe with reasonable particularity the matter upon which the examination
14 of FWC is requested.

15 **MATTER ON WHICH EXAMINATION SOUGHT 34**:

16     The established, likely-to-continue trade channels for Defendant's goods
17 bearing "Bottled at Source" including but not limited to, the methods and channels
18 by which Defendant has marketed, sold or offered for sale any good bearing
19 "Bottled at Source."

20 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 34**:

21     FWC objects to this request on the grounds that it is overly broad and unduly
22 burdensome. FWC further objects to this request to the extent that it seeks
23 proprietary, confidential, trade secret, or commercially sensitive information.
24 Finally, FWC objects to this request on the grounds that it does not comply with
25 Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with
26 reasonable particularity the matter upon which the examination of FWC is
27 requested.

28

1    Subject to, and without waiving the foregoing objections, FWC will produce a
2 witness to testify on the matter described above upon the entry of a suitable
3 protective order.

4 **MATTER ON WHICH EXAMINATION SOUGHT 35**:

5    The amount in dollars of sales done on a monthly basis of goods bearing
6 "Bottled at Source" from the inception of Defendant's use of "Bottled at Source"
7 through the end of September 2007.

8 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 35**:

9    FWC objects to this request on the grounds that it is overly broad and unduly
10 burdensome. FWC further objects to this request to the extent that it seeks
11 proprietary, confidential, trade secret, or commercially sensitive information.
12 Finally, FWC objects to this request on the grounds that it does not comply with
13 Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with
14 reasonable particularity the matter upon which the examination of FWC is
15 requested.

16    Subject to, and without waiving the foregoing objections, FWC will produce a
17 witness to testify on the matter described above upon the entry of a suitable
18 protective order.

19 **MATTER ON WHICH EXAMINATION SOUGHT 36**:

20    The amount of units of sale done on a monthly basis of goods bearing
21 "Bottled at Source" from the inception of Defendant's use of "Bottled at Source"
22 through the end of September 2007.

23 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 36**:

24    FWC objects to this request on the grounds that it is overly broad and unduly
25 burdensome. FWC further objects to this request to the extent that it seeks
26 proprietary, confidential, trade secret, or commercially sensitive information.
27 Finally, FWC objects to this request on the grounds that it does not comply with
28 Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with

1 reasonable particularity the matter upon which the examination of FWC is
2 requested.

3     Subject to, and without waiving the foregoing objections, FWC will produce a
4 witness to testify on the matter described above upon the entry of a suitable
5 protective order.

6 **MATTER ON WHICH EXAMINATION SOUGHT 37**:

7     The amount in dollars spent on a monthly basis on advertising and marketing
8 goods bearing "Bottled at Source" from the inception of Defendant's use of "Bottled
9 at Source" through the end of September 2007.

10 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 37**:

11     FWC objects to this request on the grounds that it is overly broad and unduly
12 burdensome. FWC further objects to this request to the extent that it seeks
13 proprietary, confidential, trade secret, or commercially sensitive information.
14 Finally, FWC objects to this request on the grounds that it does not comply with
15 Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with
16 reasonable particularity the matter upon which the examination of FWC is
17 requested.

18     Subject to, and without waiving the foregoing objections, FWC will produce a
19 witness to testify on the matter described above upon the entry of a suitable
20 protective order.

21 **MATTER ON WHICH EXAMINATION SOUGHT 38**:

22     The costs on a monthly basis associated with the manufacturing marketing
23 and selling of goods bearing "Bottled as Source" from the inception of Defendant's
24 use of "Bottled at Source" through the end of September 2007.

25 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 38**:

26     FWC objects to this request on the grounds that it is overly broad and unduly
27 burdensome. FWC further objects to this request to the extent that it is not
28 reasonably calculated to lead to the discovery of relevant and admissible evidence.

1  FWC further objects to this request to the extent that it seeks proprietary,

2  confidential, trade secret, or commercially sensitive information. Finally, FWC

3  objects to this request on the grounds that it does not comply with Rule 30 of the

4  Federal Rules of Civil Procedure because it fails to describe with reasonable

5  particularity the matter upon which the examination of FWC is requested.

6  **MATTER ON WHICH EXAMINATION SOUGHT 39**:

7      Valuation of the FIJI water brand from the inception of Defendant's use of

8  "Bottled at Source" through the end of September 2007.

9  **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 39**:

10     FWC objects to this request on the grounds that it is overly broad and unduly

11 burdensome. FWC further objects to this request to the extent that it is not

12 reasonably calculated to lead to the discovery of relevant and admissible evidence.

13 FWC further objects to this request to the extent that it seeks proprietary,

14 confidential, trade secret, or commercially sensitive information. Finally, FWC

15 objects to this request on the grounds that it does not comply with Rule 30 of the

16 Federal Rules of Civil Procedure because it fails to describe with reasonable

17 particularity the matter upon which the examination of FWC is requested.

18 **MATTER ON WHICH EXAMINATION SOUGHT 40**:

19     Projections and forecasts of sales for any good or service marketed or sold

20 bearing "Bottled at Source" through the end of September 2007.

21 **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 40**:

22     FWC objects to this request on the grounds that it is overly broad and unduly

23 burdensome. FWC further objects to this request to the extent that it seeks

24 proprietary, confidential, trade secret, or commercially sensitive information.

25 Finally, FWC objects to this request on the grounds that it does not comply with

26 Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with

27 reasonable particularity the matter upon which the examination of FWC is

28 requested.

1    Subject to, and without waiving the foregoing objections, FWC will produce a
2  witness to testify on the matter described above upon the entry of a suitable
3  protective order.

4  **MATTER ON WHICH EXAMINATION SOUGHT 41**:

5    Defendant's plans for future expansion of goods bearing "Bottled at Source."

6  **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 41**:

7    FWC objects to this request on the grounds that it is overly broad and unduly
8  burdensome. FWC further objects to this request to the extent that it seeks
9  proprietary, confidential, trade secret, or commercially sensitive information.
10  Finally, FWC objects to this request on the grounds that it does not comply with
11  Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with
12  reasonable particularity the matter upon which the examination of FWC is
13  requested.

14    Subject to, and without waiving the foregoing objections, FWC will produce a
15  witness to testify on the matter described above upon the entry of a suitable
16  protective order.

17  **MATTER ON WHICH EXAMINATION SOUGHT 42**:

18    The actual channel of distribution in the United States for goods bearing
19  "Bottled at Source."

20  **RESPONSE TO MATTER ON WHICH EXAMINATION SOUGHT 42**:

21    FWC objects to this request on the grounds that it is overly broad and unduly
22  burdensome. FWC further objects to this request to the extent that it seeks
23  proprietary, confidential, trade secret, or commercially sensitive information.
24  Finally, FWC objects to this request on the grounds that it does not comply with
25  Rule 30 of the Federal Rules of Civil Procedure because it fails to describe with
26  reasonable particularity the matter upon which the examination of FWC is
27  requested.

28

1    Subject to, and without waiving the foregoing objections, FWC will produce a
2  witness to testify on the matter described above upon the entry of a suitable
3  protective order.

4
   Dated: December 5, 2007                    LOEB & LOEB LLP
5                                             MARK D. CAMPBELL
6
                                             By: _____
7                                                 Mark D. Campbell
                                                  Attorneys for Defendants
8                                                 FIJI WATER COMPANY LLC, FIJI
                                                  WATER COMPANY HOLDINGS LLC,
9                                                 and PARAMOUNT INTERNATIONAL
                                                  EXPERT LTD.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I, Dolores A. Gameros, the undersigned, declare that:

I am employed in the County of Los Angeles, State of California, over the age of 18, and not a party to this cause. My business address is 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, California 90067-4120.

On December 5, 2007, I served a true copy of the **OBJECTIONS TO NOTICE OF DEPOSITION OF DEFENDANT FIJI WATER COMPANY LLC** on the parties in this cause as follows:

[X]    (VIA U.S. MAIL) by placing the above named document in a sealed envelope addressed as set forth below, or on the attached service list and by then placing such sealed envelope for collection and mailing with the United States Postal Service in accordance with Loeb & Loeb LLP's ordinary business practices.

[X]    (VIA EMAIL) I caused the transmission of the above-named documents(s) to the email address set forth below, or on the attached service list.

Yano L. Rubinstein, Esq.                    Derek A. Eletich, Esq.
Trevor A. Caudle, Esq.                      LAW OFFICE OF DEREK A. ELETICH
RUBINSTEIN LAW GROUP                        155 Forest Avenue
116 New Montgomery Street                   Palo Alto, California 94301
Suite 742                                   email: derekeletich@earthlink.net
San Francisco, California 94105
email: yrubinstein@rublaw.com

I am readily familiar with Loeb & Loeb LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service and Overnight Delivery Service. That practice includes the deposit of all correspondence with the United States Postal Service and/or Overnight Delivery Service the same day it is collected and processed.

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

LA1705199.1
207102-10007                                21

1       I declare under penalty of perjury under the laws of the State of California

2   that the foregoing is true and correct.

3       Executed on December 5, 2007, at Los Angeles, California.

4

5       Dolores A. Gameros

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28