**United States District Court**
For the Northern District of California

1

2                                                             **\*E-FILED 5/30/2008\***

3

4

5

6

7                                             NOT FOR CITATION

8             IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                           SAN JOSE DIVISION

11   CG ROXANE LLC,                        No. C07-02258 RMW (HRL)

12             Plaintiff,              **ORDER GRANTING IN PART AND**
     v.                                 **DENYING IN PART PLAINTIFF'S**

13                                     **MOTION TO COMPEL DISCOVERY**
  FIJI WATER COMPANY LLC; FIJI WATER

14   COMPANY HOLDINGS LLC; and          **[Re: Docket No. 26]**
  PARAMOUNT INTERNATIONAL EXPORT,

15   LTD.,

16            Defendants.

17   _____/

18        Plaintiff CG Roxane LLC, the maker of the Crystal Geyser brand of bottled water,

19 claims that it owns the registered trademark "Bottled at the Source."  It alleges that defendants

20 have manufactured and sold bottled water that infringes that mark.  The gravamen of the

21 complaint concerns defendants' use of the phrases "Bottled at Source" and "Bottled at the

22 source."  Defendants deny any wrongdoing and maintain that the mark is generic and merely

23 descriptive.

24        Plaintiff moves to compel defendant Fiji Water Company LLC ("Fiji") to (1) answer

25 interrogatories; (2) produce documents; (3) produce a designee for Fiji's Fed.R.Civ.P. 30(b)(6)

26 deposition; and (4) serve supplemental initial disclosures.  Fiji opposes the motion.  Upon

27 consideration of the papers filed by the parties, as well as the arguments presented at the April

28 29, 2008 hearing, this court grants plaintiff's motion in part and denies it in part.

1    Preliminarily, the court notes that, while it appears plaintiff made some attempt to confer

2    with Fiji about the issues, those negotiations were not as fruitful as they might have been.

3    Indeed, the record presented suggests that plaintiff may have led Fiji to believe that certain

4    matters were resolved and then filed the instant motion without advising Fiji as to what it found

5    to be lacking.  Additionally, plaintiff's counsel made representations to this court that appeared

6    to be exaggerations or which seemed to backtrack on prior statements.  In short, the instant

7    motion presented somewhat of a moving target over the course of the briefing and hearing on

8    this matter.  Better meet-and-confer efforts by plaintiff might have obviated the need for

9    motions practice – or at least refined the issues for the court's consideration.  It is hoped that

10   meet-and-confer efforts on any future discovery dispute will be much improved so as to avoid

11   the needless expenditure of time and resources by the parties and the court.

12   **A.     Plaintiff's Motion to Compel Interrogatory Answers**

13        **1.     Interrogatory No. 11**

14        Interrogatory No. 11 asks Fiji to "[s]tate all projections and forecasts of sales for any

15   goods or service marketed or sold bearing 'Bottled at Source.'"  (Eletich Decl., Ex. D).  Plaintiff

16   initially argued that the information was relevant to the calculation of "disgorgement of profits"

17   as a potential measure of damages. (Mot. at 4:15-16).  Fiji contends that only its actual sales

18   (and not its sales projections or forecasts) are relevant to the issue of damages.  It says that it

19   has already produced its actual sales information (in units and dollars).  Plaintiff does not

20   appear to dispute that, under the Lanham Act, actual sales are the measure of "disgorgement"

21   damages.  *See* 15 U.S.C. § 1117(a).

22        Nonetheless, in its reply brief, plaintiff then asserted that it seeks forecast and projection

23   information to help it decide whether it will pursue "disgorgement" or some other measure of

24   damages (e.g., reasonable royalty).  It further contends that the requested information is also

25   relevant to establish trademark infringement – that is, to show whether there is a likelihood of

26   expansion of Fiji's product lines. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th

27   Cir. 1979).  On the record presented, however, plaintiff has not satisfactorily explained or

28

United States District Court
For the Northern District of California

2

1  shown the relevance of the requested information.  Its motion as to Interrogatory No. 11 is

2  DENIED.

3            **2.**        **Interrogatory No. 14**

4          Interrogatory No. 14 asks Fiji to "[s]tate the number of customers annually to whom

5  Defendant has provided goods bearing 'Bottled at Source.'"  Fiji objected to this interrogatory

6  as overbroad and unduly burdensome.  It claims that (a) the Fiji Water brand has been sold

7  worldwide since 1996 and in the United States since 1997; and (b) since 1996, more than 500

8  million bottles of water have been sold.  (Campbell Decl., ¶ 2).  Fiji says that it is impossible to

9  calculate the number of customers that make up those sales.

10          In its motion papers, plaintiff clarified its discovery request as follows:  "Presumably

11  FIJI sells its products to distributors whom [sic] in turn sell said products to consumers.  Thus,

12  FIJI's distributors are its customers.  Plaintiff simply wants to know how many distributors FIJI

13  has sold goods to."  (Mot. at 5:13-15).  In its opposition brief, Fiji argued that the interrogatory

14  does not seek distributor information.  Nevertheless, it agreed to identify the number of

15  distributors it has used annually since it acquired the company in 2004.  Then, in its reply brief,

16  plaintiff did an apparent about-face, insisting that Fiji provide information about anyone to

17  whom Fiji has sold goods bearing "Bottled at Source," adding that the interrogatory

18  contemplates information about "wholesale and retail customers, including distributors."

19  (Reply at p. 3).  At oral argument, plaintiff's counsel stated that the reference to "distributors"

20  in plaintiff's opening brief was intended to be merely illustrative of all "customer" information

21  it seeks.  Fiji argues that the instant motion should be denied because plaintiff is now attempting

22  to obtain information it never properly requested in the first place.

23          Plaintiff's motion plainly stated that it sought information about distributors – and only

24  distributors; and, this court now finds it necessary to take plaintiff's counsel's representations as

25  to what plaintiff reportedly really meant with a substantial grain of salt.  To the extent the

26  interrogatory can be read to include all consumers, it is overbroad and unduly burdensome.

27  However, Fiji has indicated that (a) it sells products primarily to distributors, (b) a small

28  percentage of its business also consists of so-called "direct sales" to companies; and (c) a small

United States District Court

For the Northern District of California

3

1    percentage of its business consists of home deliveries directly to consumers.  (*See* Eletich Decl.,

2    Ex. H at p. 9 (Fiji's Supplemental Response to Interrogatory No. 13)).  Fiji has not shown any

3    undue burden in connection with identifying the number of distributors, direct sales and home

4    deliveries for products bearing "Bottled at Source," and the interrogatory reasonably may be

5    read to include this information.  Accordingly, plaintiff's motion as to Interrogatory No. 14 is

6    GRANTED; however, the interrogatory shall be limited to the annual number of (a) distributors

7    used, (b) "direct sales" customers and (c) home delivery customers.  Fiji shall serve its response

8    no later than **June 13, 2008**.

9

10   **B.      Plaintiff's Motion to Compel Production of Documents**

11

            **1.      Request Nos. 3 and 4**

12

13          With respect to Request Nos. 3 and 4, plaintiff seeks documents sufficient to establish

     the nature of the relationship between Fiji and the other named defendants:  Fiji Water

14   Company Holdings LLC and Paramount International Export, Ltd.  (*See* Eletich Decl., Ex. B).

15   According to defense counsel, Fiji initially offered to provide verified interrogatory responses

16   on the issue, but plaintiff's counsel ultimately agreed that a letter summarizing the nature of the

17   relationship between the defendants would suffice. (Campbell Decl., ¶ 6 and Ex. B).  Defense

18   counsel further attests that the instant motion was the first communication from plaintiff

19   suggesting that defense counsel's emailed summary was inadequate.  (*Id*., ¶ 7).  Fiji contends

20   that plaintiff cannot now complain because it previously agreed that counsel's summary was

21   sufficient.

22          Plaintiff claims that it agreed only to evaluate defendant's summary.  However, the

23   record presented indicates that plaintiff may have acted in a way to signal that what it got was

24   good enough.  There is no indication that plaintiff complained about defendant's emailed

25   summary before the instant motion was filed.  Plaintiff's apparent silence on this point could

26   well have been taken as assent.  Nevertheless, there is no dispute that the requested documents

27   are relevant, and Fiji has not shown any undue burden.  Nor is the court persuaded that plaintiff

28   should be precluded from obtaining the requested documents merely because Fiji reportedly has

United States District Court
For the Northern District of California

4

1 provided deposition testimony on the subject.  Accordingly, plaintiff's motion as to these

2 requests is GRANTED.  Fiji shall produce non-privileged responsive documents no later than

3 **June 13, 2008**.

4         **2.**        **Request Nos. 9 and 10**

5         Plaintiff's motion as to Request Nos. 9 and 10 is moot.  These requests seek all

6 documents that mention, discuss, evidence, refer to, or relate to defendant's intended use of

7 "Bottled at Source" and "Bottled at the Source."  (*See* Eletich Decl, Ex. B).  Defendant agrees

8 to produce any additional documents responsive to these requests, to the extent such documents

9 exist.  If it has not already done so, defendant shall produce non-privileged, responsive

10 documents no later than **June 13, 2008**.

11         **3.**        **Request Nos. 50 and 51**

12         Request Nos. 50 and 51 seek all documents that mention, discuss, evidence, refer to or

13 relate to the established, likely-to-continue trade channels for Defendant's goods bearing

14 "Bottled at Source" and "Bottled at the Source," including the methods and channels by which

15 defendant has marketed, sold or offered for sale any such goods.  (*See* Eletich Decl., Ex. B).

16 Defendant says that it has already provided deposition testimony on this matter as well as a

17 supplemental response to Interrogatory No. 13 explaining where and how defendant's products

18 are sold. (Eletich Decl., Ex. D, pp. 17-18; Ex. H, p. 9).  Defense counsel attests that plaintiff

19 agreed to revisit the necessity of these document requests in light of the discovery that had

20 already been produced.  (Campbell Decl., ¶ 9).  Defendant asserts that plaintiff then filed the

21 instant motion "out of nowhere" on a matter that Fiji believed had been resolved.  Plaintiff says

22 that it seeks documents pertaining to Fiji's efforts to market and sell products bearing the two

23 phrases in question.  It argues that the requested information is relevant to show the scope of

24 defendants' use of the two phrases in commerce.

25         There is no dispute that the requested documents are relevant.  While it is not entirely

26 clear what additional information plaintiff hopes to obtain, this court is not persuaded that

27 plaintiff is precluded from seeking document discovery because defendant reportedly has

28 provided deposition testimony and interrogatory answers on the same subject.  The requested

**United States District Court**
For the Northern District of California

5

1   documents may contain relevant information beyond that which has already been provided by

2   Fiji in discovery.  As drafted, however, the requests are overbroad.  Accordingly, plaintiff's

3   motion as to Request Nos. 50 and 51 is GRANTED; however, the requests shall be limited to

4   documents sufficient to identify the established, likely-to-continue trade channels for

5   defendant's goods bearing "Bottled at Source" and "Bottled at the Source" and the methods and

6   channels by which defendant has marketed, sold or offered for sale any such goods.  Defendant

7   shall produce non-privileged responsive documents no later than **June 13, 2008**.

8          **4.       Requests Nos. 52-67**

9          Request Nos. 52-63 seek Fiji's financial records for goods bearing "Bottled at Source"

10   and "Bottled at the Source" – that is, monthly sales (in units and dollars); advertising,

11   marketing, sales and manufacturing costs; and income statements and balance sheets through

12   the end of September 2007.  (*See* Eletich Decl., Ex. B).  Fiji represents to the court that it does

13   not maintain the requested information on a monthly basis.  However, Fiji agreed to produce its

14   annual financial statements, which it says include its income and balance sheets, for the years

15   2004 (when it acquired the company) through 2007.  At the motion hearing, plaintiff

16   complained that Fiji had produced only annual sales and cost information.  And, while its

17   counsel seemed to assert this is not a dispute over monthly information, plaintiff insisted that

18   defendant be compelled to produce monthly financial information.  Fiji maintains that it has

19   already produced documents providing detailed financial information and that it should not be

20   compelled to produce monthly data.

21          On the record presented, and given the ever-changing nature of the instant discovery

22   dispute, this court was hard-pressed to ascertain precisely what plaintiff claims is lacking, save

23   for financial information broken down by month.  Inasmuch as Fiji represents to the court that it

24   does not maintain such information, plaintiff's motion as to Request Nos. 52-63 is DENIED.

25   Fiji is not required to create information that it does not have.

26          Request Nos. 64 and 65 seek documents that mention, discuss, evidence, refer to or

27   relate to "transfer pricing calculations or compliance for sales of goods" bearing the two phrases

28   at issue from the inception of defendant's use of the two phrases at issue through the end of

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    September 2007.  Plaintiff has not sufficiently explained how or why this information is

2    relevant to damages.  The motion as to these requests is DENIED.

3         Request Nos. 66 and 67 seek all documents that mention, discuss, evidence, refer to or

4    relate to the valuation of the Fiji water brand from the inception of defendant's use of the two

5    phrases at issue through the end of September 2007.  Plaintiff has not satisfactorily explained

6    how or why this information is relevant to damages.  The motion as to these requests is

7    DENIED.

8         **5.      Request Nos. 69-71**

9         These requests seek documents sufficient to identify each of Fiji's "past and current

10   corporate entities, affiliates, divisions, groups or other functional units" (Request No. 69); "past

11   and current managers" (Request No. 70) and "past and current members" (Request No. 71).

12   Plaintiff asserts that  Fiji and other entities named in this action have overlapping duties and

13   purposes and argues that the requested information is relevant to plaintiff's attempt to locate

14   potential witnesses in this action.  Fiji argues that these requests are overbroad, seek irrelevant

15   information and are harassing.  Fiji says that it has already verified in written discovery

16   responses and deposition testimony that it is solely responsible for marketing and selling Fiji

17   Water in the US, and has been since 2004 when it acquired the Fiji Water brand.  (Campbell

18   Decl., ¶ 11, Ex. A; Eletich Decl., Exs. D and H).

19        As drafted, these requests are overbroad.  However, the court will GRANT the motion

20   as to these requests, but they shall be limited to documents sufficient to identify Fiji's past and

21   present managers, members, affiliates, divisions, groups or other functional units that are or

22   were responsible for the development, sale, marketing, advertising, or provision of any product

23   bearing the phrases "Bottled at Source" and "Bottled at the Source."  Fiji shall produce non-

24   privileged responsive documents no later than **June 13, 2008**.

25   **C.      Plaintiff's Motion to Compel Fiji's Fed.R.Civ.P. 30(b)(6) Deposition**

26        Pursuant to Fed. R. Civ. P. 30(b)(6), plaintiff served a notice for defendant's deposition.

27   (Eletich Decl., Ex. C).  That notice required Fiji to produce person(s) to testify about 42 matters

28   for examination.  Plaintiff says that Fiji produced two deponents to testify about only 19 of

                                              7

United States District Court

For the Northern District of California

1   those subjects.  Confusingly, plaintiff's motion also suggests that Fiji failed to provide a

2   designee prepared to testify about 19 topics.  It now moves for an order compelling Fiji to

3   produce designee(s) to testify about the "remaining" topics.  However, plaintiff failed to

4   identify which topics are at issue.  Defendant identifies them as topics 14-16, 17-27, 28-33, 38

5   and 39.  Plaintiff has not made any showing to the contrary.

6          **1.      Topics 14-16**

7          Topics 14-16 seek testimony about "[a]ny comments, inquiries, questions,

8   correspondence, or statements from any person or entity" about "plaintiff," "Defendant's use of

9   'Bottled at Source'" and "plaintiff's goods or services."  (*See* Eletich Decl., Ex. C).  These

10  topics are rather broadly worded; and, at oral argument, plaintiff agreed to limit them to

11  comments, inquiries, questions, correspondence or statements from any person about any

12  instances of actual confusion.  Fiji contends that it has already answered questions about actual

13  confusion.  Plaintiff disagrees and says that Fiji's designee was not able to answer those

14  questions.  There is nothing in the record presented by which this court properly may determine

15  whether actual confusion was sufficiently addressed during Fiji's earlier Fed.R.Civ.P. 30(b)(6)

16  deposition.  But inasmuch as it finds that these topics (as limited) seek relevant information,

17  plaintiff's motion as to these topics is GRANTED.  The topics shall be limited to comments,

18  inquiries, questions, correspondence, or statements received from any person about any

19  instances of actual confusion with plaintiff's goods or services.

20         **2.      Topics 17-33**

21         These topics seek testimony about defendant's affirmative defenses and its legal

22  contentions.  (*See* Eletich Decl., Ex. C).  Fiji contends that this information is more

23  appropriately sought through written interrogatories and asserts that it has already responded to

24  several contention interrogatories on these matters.

25         The determination whether Fed.R.Civ.P. 33 contention interrogatories are more

26  appropriate than a Fed.R.Civ.P. 30(b)(6) deposition is to be made on a case by case basis.  *See*

27  *United States v. Taylor*, 166 F.R.D. 356, 363 n.7 (M.D.N.C. 1996).  In making this

28  determination, courts should consider "which of the available devices is more appropriate, i.e.,

United States District Court

For the Northern District of California

1   which device would yield most reliably and in the most cost-effective, least burdensome

2   manner information that is sufficiently complete to meet the needs of the parties and the court in

3   a case like this?" *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286 (N.D.

4   Cal. 1991), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991).

5          Plaintiff failed to address (or identify) any particular topic in its motion papers and made

6   very little effort to argue its position, except in the most conclusory fashion.  Nor did it explain

7   why it needs corporate testimony on these topics over and above the information that has

8   already been provided by Fiji.  In any event, this court is unpersuaded that another Fed.R.Civ.P.

9   30(b)(6) deposition is the most appropriate or efficient means of obtaining information about

10   Fiji's affirmative defenses and legal contentions.  Moreover, the record presented indicates that

11   Fiji has answered, in some detail, several contention interrogatories as to its position that the

12   mark is generic and merely descriptive, that the mark has not acquired secondary meaning, that

13   the mark must be canceled and how defendants have been (or will be) damaged.  (*See* Eletich

14   Decl., Exs. D and H).  Plaintiff's motion as to these topics is DENIED.

15          **3.       Topic 38**

16          This topic seeks testimony about the monthly costs for manufacturing, marketing and

17   selling goods bearing "Bottled at Source" from the inception of defendant's use of that phrase

18   through September 2007.  (*See* Eletich Decl., Ex. C).  Defendant says it does not maintain such

19   information on a monthly basis.  To the extent plaintiff seeks to compel testimony about

20   monthly information, its motion is DENIED.  The motion is otherwise deemed moot because

21   Fiji agrees to produce a designee to testify about annual costs.

22          **4.       Topic 39**

23          This topic seeks testimony about "[v]aluation of the FIJI water brand from the inception

24   of Defendant's use of 'Bottled at Source' through the end of September 2007."  (Electich Decl.,

25   Ex. C).  Plaintiff has not satisfactorily explained how or why this information is relevant.  The

26   motion as to this topic is DENIED.

27

28

9

**D.      Plaintiff's Motion to Compel Supplemental Initial Disclosures**

Plaintiff contends that Fiji's initial disclosures, which were served in September 2007, are deficient in several respects.  Fiji disagrees, but in its opposition brief, it nonetheless agreed to supplement them.  Accordingly, this court finds plaintiff's motion to be moot.  To the extent it has not already done so, defendant shall serve its supplemental disclosures no later than **June 13, 2008**.

IT IS SO ORDERED.

Dated:     May 30, 2008



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

10

**United States District Court**
For the Northern District of California

1    **5:07-cv-2258 Notice has been electronically mailed to:**

2    Sarah Catherine Abbott sabbott@roll.com

3    Mark D. Campbell mcampbell@loeb.com

4    Derek A. Eletich derek@eletichlaw.com

5    Yano Lee Rubinstein , Esq yrubinstein@rublaw.com, tcaudle@rublaw.com

6    **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28