**E-FILED on** 10/10/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CG ROXANE LLC, <br><br> Plaintiff, <br><br> v. <br><br> FIJI WATER COMPANY LLC; FIJI WATER COMPANY HOLDINGS LLC; PARAMOUNT INTERNATIONAL EXPORT, LTD; and DOES 1-20, <br><br> Defendants. | No. C-07-02258 RMW <br><br><br> ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES <br><br><br> **[Re Docket No.70]** |

Defendants Fiji Water LLC, Fiji Water Company Holdings LLC, and Paramount International Export Ltd. (collectively "defendant") move for attorneys' fees. Plaintiff CG Roxane LLC ("plaintiff") opposes the motion. For the reasons set forth below, the court denies the defendant's motion for attorneys' fees.

## I. BACKGROUND

Plaintiff CG Roxane manufactures, markets, and sells Crystal Geyer bottled water. In 1990, the plaintiff began using the phrase "Bottled at the Source" on its bottles. In 2002, the plaintiff applied to register the phrase as a trademark with the United States Patent and Trademark Office ("USPTO"). The USPTO initially refused registration on the grounds the phrase "merely described

the goods." Decl. Page Beykpour in Opp. Mot. Summ. J. ("Beykpour Summ. J. Decl."), Ex. G (official USPTO Office Action). The plaintiff responded to the office action by arguing the mark had acquired a secondary meaning through "substantially exclusive and continuous use," as evidenced by marketing efforts and sales success. Decl. Mark Campbell, Ex. D (Response to Office Action). The USPTO eventually granted the plaintiff the mark "Bottled at the Source" on November 4, 2003. Beykpour Summ. J. Decl., Ex. J.

Defendant Fiji Water Company is a competitor in the bottled water industry. In 1997, the defendant began using "Bottled at Source" on the front label of its water bottles. Since 2005, it has instead used the phrase on the back label of its bottles. The defendant's bottle has a tropical theme and is square in shape. In contrast, the plaintiff's bottle has an alpine theme and is cylindrical.

In 2006, the plaintiff sent a cease and desist letter to the defendant requesting the defendant to stop using its current packaging and advertising that used the phrase "Bottled at Source." The defendant did not comply and in response, the plaintiff filed a lawsuit alleging claims for federal trademark infringement as well as state and federal unfair competition, trademark dilution, injury to business reputation, conversion, interference, false advertising, and misrepresentation. The defendant counterclaimed for cancellation of the trademark based on lack of distinctiveness. The defendant then filed a motion for summary judgment on all of the plaintiff's claims and its counterclaims. This court granted the defendant's motion for summary judgment finding the plaintiff's mark invalid on the basis that the phrase "Bottled at the Source" is generic or at most descriptive without proof of secondary meaning, and cannot be trademarked. Further, the court found there was no likelihood of confusion. The defendant subsequently filed the instant motion for attorneys' fees.

## II.  ANALYSIS

Under Section 35(a) of the Lanham Act, a court may award reasonable attorneys' fees to the prevailing party in "exceptional" cases. 15 U.S.C. § 1117(a). The statute does not provide a definition for what constitutes an exceptional case, and circuits have interpreted the term differently. In the Ninth Circuit, an award for attorneys' fees is warranted when the plaintiff's case is "groundless, unreasonable, vexatious, or pursued in bad faith. *Stephen W. Boney, Inc. v. Boney*

*Services, Inc.*, 127 F.3d 821, 827 (9th Cir. 1997); *Applied Information Sciences Corp. v. eBay, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007).

When a case raises debatable issues of fact, it is not groundless or unreasonable. In *Stephen W. Boney*, the Ninth Circuit affirmed the district court's denial of attorney's fees. There, the plaintiff used a trade name for its stores and alleged violations of the Lanham Act and state unfair competition claims against competitors using the same trade name. 127 F.3d at 823-24. Although the defendants alleged the plaintiff filed the lawsuit to "harass[,]" the record only showed a legitimate purpose. *Id.* at 827 ("[The plaintiff] stated in his deposition that he brought suit to 'preserve the right to use the name if and when I want to use it' and that he did not intend to create hardship for or otherwise damage [the defendants'] or their stores."). The Ninth Circuit found the case was "not frivolous and raised debatable issues of law and fact." *Id.*

In addition, prevailing on the merits alone does not create a presumption that the suit was vexatious or in bad faith. In *Applied Information Sciences Corp. v. eBay, Inc.*, the Ninth Circuit affirmed a lower court's denial of attorney's fees after granting summary judgment in favor of the defendant. 511 F.3d 966, 968 (9th Cir. 2007). The USPTO granted Applied Information Sciences ("AIS") a registered trademark for certain computer related search functions. *Id.* at 969. AIS then alleged trademark infringement by eBay for using the mark for eBay's Internet auction website. *Id.* at 968. The lower court granted summary judgment in favor of eBay but denied eBay an award for attorney's fees. *Id.* at 973. The district court found no compelling proof that the plaintiff acted capriciously, pursued litigation to harass the defendant, or intended to bring a meritless or unreasonable case against the defendant. *Id.* at 973. The Ninth Circuit affirmed both the lower court's grant of summary judgment in favor of eBay and denial of eBay's motion for attorney's fees. *Id.*

The defendant alleges the plaintiff filed this case "as leverage for a quick settlement that could be used to hammer other competitors into pseudo-legal submission" and requests the court grant attorneys' fees in the amount of $325,951.98. Defs.' Mot. at 1. Defendant further alleges that the suit was groundless, the trademark registration was based on false information, and that the plaintiff's conduct in this litigation was in bad faith. Defs.' Mot at 14-20.

The defendant presents no compelling proof that this suit was groundless. Prior to the initiating the suit, the plaintiff registered and was granted a registered trademark by the USPTO. Registration of a mark with the USPTO is prima facie evidence of the mark's validity and of the plaintiff's exclusive right to use the mark as defined by its registration. *Applied Information Sciences*, 511 F.3d at 970 (9th Cir. 2007) (citing *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999)); *General Motors v. X-treme Toys Corp.*, 2008 WL 1995219, at *4 (C.D. Cal. May 5, 2008) (Snyder, J.) ("Because General Motors has set forth evidence showing that the Hummer marks are registered with the Patent and Trademark Office, it has made a prima facie showing that it has a protected interest in the Hummer mark.").

The defendant additionally contends the plaintiff provided "no factual support" for its claims, and the lack of a consumer survey "only underscores this action's general lack of merit." Defs.' Mot. at 18. The plaintiff's failure to conduct consumer surveys or provide sufficient evidence for its claims does not mean the claims were unreasonable or groundless. *William R. Kowalski v. Ocean Duke Corp.,* 2008 WL 903103, at *2 (D. Haw. Apr. 2, 2008). In *Kowalski*, the court denied the defendant's motion for attorney's fees despite the facts that: (1) the plaintiff failed to conduct consumer surveys; (2) the plaintiff did not provide sufficient evidence at trial for the claims to go to jury; and (3) the plaintiff did not own and was never assigned the rights to the trademark. 2008 WL 903103, at *1-2.

The court next examines whether the trademark was registered based on false information. The defendant alleges the plaintiff made material false statements to the USPTO regarding the exclusive use of the mark. Defs.' Mot. at 14. In registering the trademark, the plaintiff argued successfully to the USPTO that the mark had become distinctive through exclusive use. Opp. at 2. As the then Regulatory Affairs Manager of the Crystal Geyer Water Company, Nancy Davis submitted a declaration on behalf of the plaintiff attesting "the mark BOTTLED AT THE SOURCE in connection with bottled water had been in exclusive and continuous use by Plaintiff since January 1990." Davis Decl., ¶ 2 & Ex. A. The defendant asserts there is a "strong inference and significant circumstantial evidence" that the plaintiff was aware of third-party uses of the mark. Defs.' Mot. at 14. While Davis's lack of knowledge about competitors' use of the mark may be careless, additional

ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES; No. C-07-02258 RMW
LL                                                                  4

evidence is needed to show the plaintiff was aware of third party uses. Without more, the facts alone do not make this case "exceptional."

Lastly, the court considers the defendant's allegations that the litigation was brought in bad faith. The plaintiff alleges it first became aware of the defendant's use of the phrase in 2006. Decl. Page Beykpour Decl. Opp. Mot. Att'ys Fees, ¶ 3. At the time the plaintiff filed this suit, its Vice President and General Counsel believed the mark was distinctive and protectible. *Id.*, ¶ 1, 6. Contrary to the defendant's allegations of bad faith, the plaintiff's General Counsel further declared that plaintiff CG Roxane did not file the suit to gain "leverage for a quick settlement that could then be used to hammer other competitors into 'pseudo-legal submission.'" *Id.* ¶ 10. The court finds that this declaration is entitled to some weight and tends to suggest that the plaintiff did not bring its action in bad faith.

Plaintiff's dilution claims are particularly difficult to justify. However, allocating fees between those claims and plaintiff's other claims would be difficult since the evidence overlapped and the necessary work defending against the dilution claims does not appear distinct enough to separate the defense of them for an award of fees. *See Creative Computing v. Getloaded.com LLC*, 386 F.3d 930, 937 (9th Cir. 2004).

Based upon the totality of the circumstances, the court concludes that this case is not exceptional. Ownership of a registered trademark suggests, at a minimum, the plaintiff had a colorable claim for trademark violation. The other evidence is not sufficient to conclude that the defendant should be awarded its attorneys' fees.

### III. ORDER

For the foregoing reasons, the defendant's motion for attorneys' fees is denied.

DATED:     10/04/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Mark A. Steiner | masteiner@townsend.com |
| Marc M. Gorelnik | mmgorelnik@townsend.com |
| Holly Gaudreau | mgaudreau@townsend.com |

**Counsel for Defendants:**

| | |
|---|---|
| Mark D. Campbell | mcampbell@loeb.com |
| William M. Brody | wbrody@loeb.com |
| Andrew E. Asch | aasch@roll.com |
| Sarah C. Abbott | sabbott@roll.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   10/10/08                                             /s/ JAS
                                                      **Chambers of Judge Whyte**